UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIBI DE MALMANCHE,

                                 Plaintiff,

    -against-

GLENROCK ASSET MANAGEMENT
ASSOCIATES, L.P., GLENROCK, INC. and
REYNARD ASSET MANAGEMENT, INC.,

                                 Defendants.

07-CV-10940 (CM) (KNF)

**DEFENDANTS' ANSWER**

Defendants Glenrock Asset Management Associates, L.P., Glenrock, Inc. and Reynard Asset Management, Inc. (collectively, "Defendants") for their answer to the complaint:

1. Deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1.

2. Admit the averments of paragraph 2.

3. Admit the averments of paragraph 3.

4. Admit the averments of paragraph 4.

5. Deny the averments of paragraph 5, except state that Plaintiff defines the parties as set forth therein.

6. Deny the averments of paragraph 6, except state that Plaintiff purports to state a claim in excess of $75,000 exclusive of interest and costs.

7. Deny the averments of paragraph 7, except state that Defendants have offices located at 623 Fifth Avenue, 31st Floor, New York, New York 10022, Defendants Glenrock, Inc. and Reynard Asset Management, Inc. are registered to do business in the state of New York, and none of the Defendants contest personal jurisdiction.

8. Deny the averments of paragraph 8, except state that Plaintiff purports to base venue as set forth therein.

9. Deny the averments of paragraph 9, except state that Plaintiff and Glenrock Global Partners signed an Introducer Agreement, dated November 24, 2003 (the "Agreement"), and further refer the Court to the Agreement for the contents thereof.

10. Deny the averments of paragraph 10, except refer the Court to the Agreement for the contents thereof, and further state that, pursuant to Clause 1.1, Plaintiff was to be paid only on potential investors she "exclusively" introduced "who purchase shares or interests in the Glenrock Funds or enter into managed account or advisory agreements with Glenrock prior to this Agreement being terminated, and who have been agreed by Glenrock prior to the introduction to be introduced," and, pursuant to Clause 4.1, her fees were to be reduced to 20% "if the aggregate net assets of either of the two Glenrock funds or the two Reynard funds, as the case may be, exceed $100 million."

11. Deny the averments of paragraph 11, except refer the Court to the Agreement for the contents thereof.

12. Deny the averments of paragraph 12, except refer the Court to the Agreement for the contents thereof.

13. Deny the averments of paragraph 13, except refer the Court to the Agreement for the contents thereof.

14. Deny the averments of paragraph 14, except refer the Court to the Agreement for the contents thereof.

15. Deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15.

16. Deny the averments of paragraph 16, except state that by letter dated April 5, 2006, counsel for Plaintiff requested access to investment records concerning the investment activity of more than 50 different alleged investors in Defendants' funds, and further refer the Court to such letter for the contents thereof, a copy of which is annexed as Exhibit 1.

17. Admit the averments of paragraph 17 and further refer the Court to a letter dated April 19, 2006 from Michael Katz ("Katz"), President and Senior Portfolio Manager of Glenrock, Inc. for the contents thereof, a copy of which is annexed as Exhibit 2.

18. Deny the averments of paragraph 18 and further state that by letter dated June 12, 2006, counsel for Plaintiff advised Katz that "Ms. Malmanche and I would like to inspect all relevant documents, including the documents identified in our April 5th letter to you, on August 10th and/or August 11th *at the premises of the funds' Administrator*." (emphasis added). A copy of the letter dated June 12, 2006 is annexed as Exhibit 3.

19. Deny the averments of paragraph 19.

20. Deny the averments of paragraph 20, except refer the Court to Plaintiff's counsel's letter dated October 4, 2006, a copy of which is annexed as Exhibit 4.

21. Deny the averments of paragraph 21 and further state that by email dated April 25, 2007 from Katz to Plaintiff, Katz stated "[w]e invited you to come in and inspect whatever it is that we can practically gather for you in New York, given that the records are on the Cayman Islands, and legally provide you. However, you did not show up." A copy of the email dated April 25, 2007 is annexed as Exhibit 5.

22. Deny the averments of paragraph 22.

23. Deny the averments of paragraph 23.

24. Deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24, and deny that Defendants owe Plaintiff anything.

25. Deny the averments of paragraph 25.

26. Deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26, and deny that Defendants owe Plaintiff anything.

27. Deny the averments of paragraph 27, and state that Plaintiff has received access to the relevant records as set forth in the Agreement.

28. With respect to paragraph 28, Defendants incorporate their responses to paragraphs 1-27 hereof.

29. Deny the averments of paragraph 29, except refer the Court to the Agreement for the contents thereof.

30. Deny the averments of paragraph 30, except refer the Court to the Agreement for the contents thereof.

31. Deny the averments of paragraph 31, except state that Plaintiff has been paid with respect to investors she purportedly introduced, refer the Court to the Agreement for the contents thereof, and deny Plaintiff is owed anything.

32. Deny the averments of paragraph 32, except state that Plaintiff has been paid with respect to investors she purportedly introduced, refer the Court to the Agreement for the contents thereof, and deny Plaintiff is owed anything.

33. Deny the averments of paragraph 33.

34. Deny the averments of paragraph 34.

35. With respect to paragraph 35, Defendants incorporate their responses to paragraphs 1-34 hereof.

36. Deny the averments of paragraph 36.

37. Deny the averments of paragraph 37.

38. Deny the averments of paragraph 38.

39. Deny the averments of paragraph 39.

40. With respect to paragraph 40, Defendants incorporate their responses to paragraphs 1-39 hereof.

41. Deny the averments of paragraph 41 and refer the Court to the Agreement for the contents thereof, and further state that records were monitored and provided to Plaintiff.

42. Deny the averments of paragraph 42.

43. Deny the averments of paragraph 43.

## FIRST DEFENSE

44. None of the named Defendants in this action are signatories to the Agreement.

45. By reason of the foregoing, the complaint has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

46. Defendants repeat and restate paragraphs 41 and 42 herein.

47. Plaintiff has received payment on a quarterly basis in accordance with the Agreement.

48. Prior to receiving each payment, Plaintiff received a complete statement for her review and approval.

49. On May 15, 2007, Plaintiff and Defendants entered into a Confidentiality Agreement, after the execution of which Defendants sent Plaintiff subscription agreements and

capital statements for all investors in Defendants' funds that Plaintiff had requested in her letter dated April 5, 2006, not just those introduced to the funds by Plaintiff.

50.     Plaintiff currently has in her possession all records to which she is entitled under the Agreement in addition to records to which she is not entitled to under the Agreement.

51.     Because Plaintiff has a record of all investors in Defendants' funds, when they invested, and when they may have redeemed their investment, she is able to identify specific investments on which she is entitled to fees and in what amount.

52.     Plaintiff has failed to identify a single investment on which she claims she is entitled to, but has not received, payment.

53.     By reason of the foregoing, Plaintiff's first cause of action for breach of contract has failed to state a claim on which relief can be granted.

### THIRD DEFENSE

54.     Defendants repeat and restate paragraphs 41 through 50 herein.

55.     The Agreement sets forth the rights of the parties.

56.     By reason of the foregoing, Plaintiff's second cause of action for unjust enrichment is duplicative and thus fails to state a claim on which relief can be granted.

### FOURTH DEFENSE

57.     Defendants repeat and restate paragraphs 41 through 53 herein.

58.     The Agreement did not create a fiduciary relationship.

59.     A fiduciary relationship is required under New York law to support an action for an accounting.

60.     By reason of the foregoing, Plaintiff's third cause of action for an accounting fails to state a claim on which relief can be granted.

WHEREFORE, Defendants respectfully request that the Court dismiss the complaint and award them their costs and expenses in connection with this action, including their reasonable attorneys' fees.

New York, New York
January 14, 2007

                                            SEWARD & KISSEL LLP

                                            By:    /s/ Mark J. Hyland
                                                    Mark J. Hyland (MH 5872)
                                                    One Battery Park Plaza
                                                    New York, New York 10004
                                                    Telephone:  (212) 574-1541
                                                    Facsimile:  (212) 480-8421

                                        *Attorneys for Defendants Glenrock Asset*
                                        *Management Associates, L.P., Glenrock, Inc.,*
                                        *and Reynard Asset Management, Inc.*

SK 01828 0009 842748 v4

# EXHIBIT 1



THOMPSON HINE — ATLANTA · BRUSSELS · CINCINNATI · CLEVELAND · COLUMBUS · DAYTON · NEW YORK · WASHINGTON, D.C.

April 5, 2006

*By Facsimile and First-Class Mail*

Mr. Michael Katz
Glenrock Asset Management Associates, L.P.
623 Fifth Avenue
New York, NY 10022

RE: Introducer Agreement between Glenrock Asset Management Associates, L.P., Glenrock Inc., Reynard Asset Management, Inc., and bibi de Malmanche

Dear Mr. Katz:

We write to you on behalf of bibi de Malmanche in connection with the above-reference agreement (the "Agreement"). As you know, Ms. Malmanche has on multiple occasions requested that all documentation related to the Agreement be made available to her. She is entitled to access to such documentation under Section 4.4 of the Agreement. However, to date, Ms. Malmanche's requests have been either denied or ignored.

On behalf of Ms. Malmanche, we hereby formally demand that all documentation relating to the Agreement, including any and all documents relating to any of the entities listed on the annexed List of Introduced Investors (as that term is defined in the Agreement), be made available to Ms. Malmanche immediately.

Ms. Malmanche hereby expressly reserves all of her rights and remedies, at law or in equity, available to her under the Agreement or otherwise.

Please contact the undersigned if you wish to discuss this matter in greater detail.

Very truly yours,

Douglas E. Grover

Enclosure

Douglas.Grover@ThompsonHine.com   Phone 212.908.3920   Fax 212.809.6890        jbk 140151.1

THOMPSON HINE LLP
ATTORNEYS AT LAW

One Chase Manhattan Plaza
58th Floor
New York, New York 10005-1401

www.ThompsonHine.com
Phone 212.344.5680
Fax 212.809.6890

"List of Introduced Investors"
not produced herein
but available to Plaintiff and Court

# EXHIBIT 2

Case 1:07-cv-10940-KNF    Document 7-2    Filed 01/14/2008    Page 4 of 13

**GLENROCK ASSET MANAGEMENT ASSOCIATES, L.P.**

623 FIFTH AVENUE • SUITE 3101 • NEW YORK • NEW YORK 10022
TEL: (212) 808-7373 • FACSIMILE: (212) 808-7372

April 19, 2006

*By Facsimile and First-Class Mail*

Mr. Douglas E. Grover
Thompson Hine LLP
One Chase Manhattan Plaza
58th Floor
New York, New York 10005-1401
Fax: 212.809.6890

Dear Mr. Grover,

Receipt of your letter of April 5 is hereby acknowledged. Your statement that we have denied or ignored any of Ms. DeMalmanche's demands is completely incorrect. Our Administrative Director, Emily Wilt, has provided her with detailed accountings on many occasions, most recently March 6, 2006.

Regarding the "List of Introduced Investors," please see our attached comments. We have to the best of our knowledge reported and compensated Ms. DeMalmanche for all legitimate introductions of clients.

Beyond the above, Ms. DeMalmanche is of course welcome to inspect all client documents pertaining to her introductions on the premises of the funds' Administrator during regular business hours.

Please let me know if you have any questions or require further information.

Regards,

*[signature]*

Michael Katz

cc: J. Rigney, Seward & Kissel LLP

Comments to "List of Introduced Investors"
not produced herein
but available to Plaintiff and Court

# EXHIBIT 3

# THOMPSON HINE

ATLANTA  CINCINNATI  COLUMBUS  NEW YORK
BRUSSELS  CLEVELAND  DAYTON  WASHINGTON, D.C.

June 12, 2006

*By Facsimile and First-Class Mail*

Mr. Michael Katz
Glenrock Asset Management Associates, L.P.
623 Fifth Avenue
Suite 3101
New York, NY 10022

RE: Introducer Agreement between Glenrock Asset Management Associates, L.P., Glenrock Inc., Reynard Asset Management, Inc., and bibi de Malmanche (the "Agreement")

Dear Mr. Katz:

I am writing to you to schedule an inspection of the documents relating to the Agreement.

Ms. Malmanche and I would like to inspect all relevant documents, including the documents identified in our April 5th letter to you, on August 10th and/or August 11th at the premises of the funds' Administrator.

Please advise me, at your earliest convenience, if these dates are acceptable.

If you have any questions concerning the above, please do not hesitate to contact me.

Very truly yours,

*Joseph B. Koczko*

Joseph B. Koczko

cc: Ms. bibi de Malmanche

---

Joseph.Koczko@ThompsonHine.com  Phone 212.908.3923  Fax 212.809.6890          jbk 142320.1

THOMPSON HINE LLP          335 Madison Avenue            www.ThompsonHine.com
ATTORNEYS AT LAW           12th Floor                    Phone 212.344.5680
                           New York, New York 10017-4611 Fax 212.344.6101

# EXHIBIT 4

**THOMPSON HINE**

| ATLANTA | CINCINNATI | COLUMBUS | NEW YORK |
| BRUSSELS | CLEVELAND | DAYTON | WASHINGTON, D.C. |

October 4, 2006

*By Facsimile and First-Class Mail*
Mr. Michael Katz
Glenrock Asset Management Associates, L.P.
623 Fifth Avenue
Suite 3101
New York, NY 10022

RE: Introducer Agreement between Glenrock Asset Management Associates, L.P.,
    Glenrock Inc., Reynard Asset Management, Inc., and bibi de Malmanche (the "Agreement")

Dear Mr. Katz:

I am writing to you to follow up on our letter of June 12, 2006, regarding the inspection of the documents relating to the Agreement.

Based upon our initial communications, it was our understanding that access to the requested records would be provided. However, our most recent discussions with your office indicate that the scope of access to records will be severely restricted and that records will only be provided in the Cayman Islands. This is unacceptable.

Ms. Malmanche will be in New York City from October 6th to October 11th, and will be available to review records during that period. Please advise me immediately whether you will provide access to the requested records for review by Ms. Malmanche. Your failure to provide access will leave us no option other than to enforce Ms. Malmanche's rights through litigation.

Because this is a matter that may be the subject of litigation, we hereby demand that all information, documents, and correspondence, whether original or copies, in printed or electronic form, relating to the matters discussed herein be preserved.

Ms. Malmanche hereby expressly reserves all of her rights and remedies, at law or in equity.

If you would like to discuss this matter further, please contact the undersigned.

Very truly yours,

Douglas E. Grover

cc: Ms. bibi de Malmanche

Douglas.Grover@ThompsonHine.com   Phone 212.908.3920   Fax 212.809.6890                    jbk 146239.1

THOMPSON HINE LLP          335 Madison Avenue          www.ThompsonHine.com
ATTORNEYS AT LAW           12th Floor                  Phone 212.344.5680
                           New York, New York 10017-4611   Fax 212.344.6101

# EXHIBIT 5

## Jamie Kessler

**From:** Michael Katz
**Sent:** Wednesday, April 25, 2007 7:50 AM
**To:** BibiDe@aol.com; Jamie Kessler
**Cc:** glenn gans
**Subject:** RE: 1q07 Management fees

Dear Bibi,

We invited you to come in and inspect whatever it is that we can practically gather for you in New York, given that the records are on the Cayman Islands, and legally provide you. However, you did not show up.

I strongly disagree with your statement that we "refused" anything. Meanwhile, pls. state the nature of your disagreement with our accounting so we can address your concerns.

It saddens me that you seem intent to continue in an adversarial way.

Sincerely,

Michael

*Michael Katz*
*President & Senior Portfolio Manager*
*Glenrock Inc.*
*Glenrock Asset Management*
*Glenrock Global Partners*
*Nippon Renewal Partners*
*Reynard Partners*
*623 Fifth Avenue, 31st Floor, New York, NY 10022, USA*
*Ph: 212-808-7376 Fax: 212-808-7372*
*michael.katz@glenrockfunds.com*
*www.glenrockfunds.com*

**From:** BibiDe@aol.com [mailto:BibiDe@aol.com]
**Sent:** Wednesday, April 25, 2007 12:30 AM
**To:** Jamie Kessler
**Cc:** Michael Katz
**Subject:** Re: 1q07 Management fees

Dear Jamie,

Re: 1Q Management Fees

I am not in agreement, and I would further indicate that because Glenrock have refused to provide me with an opportunity to inspect their records, as required by my original introducer agreement, I am now sceptical of anything Glenrock choose to disclose to me.

Sincerely,

*bibi*

bibi de Malmanche
Managing Director
Alternative Capital Sources Ltd
Email: bibi@alternativecapitalsources.com

4/26/2007

Tel: +44 (0)20 7828 0154
Mobile: + 44 (0)780 878 1818
22 Jermyn Street
St James's
London SW1Y 6HL
United Kingdom

IMPORTANT NOTICE

This communication is from Alternative Capital Sources Limited, 22 Jermyn Street, St James's, London, SW1Y 6HL. Alternative Capital Sources Limited is Registered in England, Company Number 4669013, Registered Office: 25 Harley Street, London, W1G 9BR.

Alternative Capital Sources Limited is authorised and regulated by the Financial Services Authority to provide marketing services to qualified investors. This email is neither an offer to sell nor a solicitation to invest. Past performance is not indicative of future results. The value of investments and any income generated may go down as well as up and is not guaranteed.

This e-mail is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) please note that any form of disclosure, distribution, copying or use of this communication or the information in it or in any attachments is strictly prohibited and may be unlawful.

E-mail communications cannot be guaranteed to be secure or error free. This e-mail will have been scanned by our anti-virus software before transmission. We cannot however, warrant that this e-mail is free from viruses. We do not accept liability for the consequences of any viruses that may be inadvertently be attached to this e-mail. Anyone who communicates with us by e-mail is taken to accept the risks in doing so.

When addressed to our clients, any opinions or advice contained in this e-mail and any attachments are subject to the terms of business in force between Alternative Capital Sources Limited and the client.

4/26/2007