UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BIBI DE MALMANCHE,

         Plaintiff,

-against-

GLENROCK ASSET MANAGEMENT
ASSOCIATES, L.P., GLENROCK, INC. and
REYNARD ASSET MANAGEMENT, INC.,

         Defendants.

07-CV-10940 (CM) (KNF)

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Glenrock Asset Management Associates, L.P., Glenrock, Inc. and Reynard Asset Management, Inc. (collectively, "Defendants") respectfully submit this Memorandum of Law in Support of their Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

This case arises out of a marketing relationship with Plaintiff, pursuant to which Plaintiff – a third-party marketer of hedge funds – agreed to market investment funds managed by Defendant Glenrock, Inc. (the "Funds") on a non-exclusive basis to potential investors. In return, Plaintiff received compensation based on the management and incentive fees paid to Defendants in connection with investments made by investors in the Funds who were "exclusively introduced to the Funds by Plaintiff. The parties memorialized their relationship in an Introducer Agreement dated November 24, 2003 (the "Introducer Agreement").[1]

---

[1] The Introducer Agreement is attached as Exhibit A to the accompanying Affidavit of Mark J. Hyland dated June 23, 2008 ("Hyland Aff.") as well as Exhibit A to the Complaint.

The parties expressly agreed to a dispute resolution procedure in the Introducer Agreement. Specifically, paragraph 9.1 of the Introducer Agreement provides that "[a]ny dispute or difference as to the fees payable hereunder shall be referred to the Administrator." (Introducer Agreement § 9.1.)[2] Here, Plaintiff purports to bring claims for amounts owed to Plaintiff arising out of the parties' contractual relationship and now claims, in part, that Defendants failed to remunerate her in full for the investments she introduced to the Funds pursuant to the Introducer Agreement. Defendants contend that Plaintiff has been paid in full for those amounts properly owed to Plaintiff pursuant to the Introducer Agreement. Notably, Plaintiff does not identify any specific investments for which Plaintiff is entitled to remuneration in the Complaint, despite receiving all pertinent documents prior to filing this action.

This dispute regarding amounts allegedly owed to Plaintiff under the terms of the Introducer Agreement is directly covered by paragraph 9.1. Yet nowhere in Plaintiff's Complaint does Plaintiff allege compliance with the agreed-upon dispute resolution procedure or that she made any effort to refer the instant dispute to the administrator of the Funds. Instead, as Plaintiff acknowledged at her deposition, no such effort was made. *See* Hyland Aff. Ex. B. (DeMalmanche April 11, 2008 Dep. Tr.) at 324-325. Rather than exhaust the procedures set forth in the Introducer Agreement, Plaintiff has attempted to by-pass performance of Plaintiff's

---

[2] The "Administrator" is defined by the Introducer Agreement as "the administrators for the time being of the Glenrock Funds." (*See* Introducer Agreement § 1.1.) The Funds' administrator is an independent entity retained by the Funds to perform administrative services on behalf of the Funds – including maintaining of the Fund's books and records, keeping the accounts of the Funds and calculating the Funds' net asset value and fees owed to the Fund by investors -- and to act as a registrar and transfer agent for the Funds. *See* Hyland Aff. ¶ 2. Fund managers typically are compensated by receiving a management fee and an incentive fee. A management fee is a flat fee derived as a percentage of total assets under management; an incentive fee is a fee based on the investment performance of the funds managed by the investment manager. Under the Introducer Agreement, Plaintiff was entitled to receive 33 1/3% of the management and incentive fees attributable to investors exclusively introduced by Plaintiff, which was reduced to 20% upon the Funds reaching certain thresholds regarding assets under management by Defendants. (*See* Introducer Agreement § 4.1.)

own obligations by bringing the instant action. Accordingly, Given Plaintiff's failure to submit this dispute to the Administrator, Defendants ask the Court to dismiss the Complaint in its entirety, or in the alternative, stay the proceedings until Plaintiff has first performed her obligations under the Introducer Agreement.

In addition, Plaintiff's failure to plead specific investments for which she is seeking damages has raised the specter that Plaintiff seeks damages for investments for which she is not entitled to compensation as a matter of law. The parties' relationship deteriorated after Plaintiff's marketing efforts began to slow. As was their indisputable right, Defendants then engaged another third-party marketer – Fortune Asset Management ("Fortune") – to market the Funds. With the assistance of Fortune, Defendants were able to increase dramatically the capital under management by the Funds. Plaintiff subsequently claimed that Fortune itself was introduced by Plaintiff to the Funds, and Plaintiff's deposition testimony indicates that she seeks compensation in respect of investors introduced to the Funds by Fortune, not by her.

In that regard, Plaintiff has indicated that she is seeking remuneration for investments made by investors with whom she had no contact. *See, e.g.*, Hyland Aff. Ex. B at 340 ("Q. Is it a fact that you're now claiming a share of management and incentive fees for the investments by investors with whom you have had no contact? A. I'm referring that to counsel. Because it is not an answer that is relevant in all cases. Specifically in some cases, yes. And in other cases, no.") Pursuant to the express terms of the Introducer Agreement, however, Plaintiff is entitled to remuneration only for those investors "exclusively introduced" by Plaintiff. (*See* Introducer Agreement § 1.1.) As a matter of law, Plaintiff is not entitled to remuneration in respect of investors who were not introduced to the Funds by Plaintiff, but instead were introduced by person who themselves were introduced to the friends by Plaintiff. That is to say,

Plaintiff is not entitled to a "daisy chain" reading of the Introducer Agreement. Defendants therefore bring the instant motion for partial judgment on the pleadings to the extent Plaintiff seeks recovery for investments introduced by other third-party marketers which were not introduced directly by Plaintiff.

Defendants further bring the instant motion for judgment on the pleadings to dismiss as a matter of law Plaintiff's unjust enrichment and accounting claims. Plaintiff's unjust enrichment claim is barred because it is wholly duplicative of Plaintiff's breach of contract claims. Plaintiff's accounting claim is likewise without merit because Plaintiff has failed to plead that the relationship between the parties was anything more than a purely contractual one. In the absence of any allegations that Defendants owed Plaintiff a fiduciary duty, Plaintiff's accounting claim must be dismissed.

Finally, Defendants seek a stay of discovery. Given Plaintiff's failure to comply with the dispute resolution procedures in the Indroducer Agreement requiring that disputes must be submitted to the Administrator, further discovery should not proceed. Defendants already have produced pertinent information relating to all investment activity of every Glenrock investor since inception, consisting of more then 3,000 pages of documents. Further discovery thus should be stayed.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(c), a party may make a motion for judgment on the pleadings after pleadings are closed based on the plaintiff's failure to state a claim upon which relief may be granted. Fed. R. Civ. Proc. 12(c). The standard of review for a 12(c) motion is the same as that of a motion under Rule 12(b)(6). *S.O. Textiles Co. v. A & E Prods. Group*, 18 F. Supp. 2d 232, 238 (E.D.N.Y. 1998) (citing *Sheppard v. Beerman*, 18 F.3d

147, 150 (2d Cir. 1987)). Under this standard, "'a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [plaintiff's] claim that would entitle [it] to relief.'" *Id.* (quoting *Sheppard*, 18 F.3d at 150). In deciding a motion for judgment on the pleadings, the court may ordinarily consider the complaint and documents such as the Introducer Agreement which have been attached to the complaint by Plaintiff. *See R.H. Damon & Co. v. Softkey Software Products*, 811 F. Supp. 986, 989 (S.D.N.Y. 1996); *Goldman v. Belden*, 754 F.2d 1059, 1065-1066 (2d Cir. 1985).

I. **DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFF HAS FAILED SUBMIT ANY DISPUTE UNDER THE INTRODUCER AGREEMENT TO THE FUNDS' ADMINSTRATOR**

To state a claim for breach of contract under New York law, a plaintiff must allege a valid contract, performance of the contract by the plaintiff, breach of the contract by the defendant, and damages flowing as a result of the breach. *R.H. Damon & Co.*, 811 F. Supp. at 991; *see also S.O. Textiles Co.*, 18 F. Supp. 2d at 238. Although a plaintiff need not "specifically state each element individually," in a claim for breach of an express contract, "the complaint must contain some allegation that the plaintiff[] actually performed [her] obligations under the contract." *R.H. Damon & Co.*, 811 F. Supp. at 991 (citing 2A Moore's Federal Practice ¶ 8.17[7] (2d ed. 1992)); *see also Advanced Mktg. Group, Inc. v. Bus. Payment Sys., LLC*, 481 F. Supp. 2d 319, 323 (S.D.N.Y. 2007).

The parties to this action do not dispute the existence of a valid, binding contract. Plaintiff has failed to allege, however, her own performance of the parties' express agreement before bringing the instant action. Plaintiff has not made, and cannot make, any allegation that

she has fully performed her obligations under the Introducer Agreement, particularly with respect to paragraph 9.1, which provides that "[a]ny dispute or difference as to the fees payable hereunder shall be referred to the Administrator." (Introducer Agreement § 9.1.) The amount of fees payable to Plaintiff under the contract, if any, is precisely the subject matter of this action, and the Administrator is the very entity responsible for calculating those fees. Thus, it is apparent that the dispute before this Court is within the confines of paragraph 9.1. And as Plaintiff herself has acknowledged for the first time at her deposition, Plaintiff has not made any effort to refer any aspect of this dispute to the Administrator. Hyland Aff. Ex. B., at 324-325.

By ignoring her obligations to refer disputes to the Administrator and instead opting to raise the dispute before this Court, Plaintiff attempts to render meaningless paragraph 9.1. *See, e.g., United States* ex rel. *Mathusek Inc. v. J. Kokolakis Contracting, Inc.*, 05 Civ. 9097, 2007 U.S. Dist. LEXIS 44567, at *11 (S.D.N.Y. June 19, 2007) (stating that "[i]n interpreting a contract under New York law, 'words and phrases . . . should be given their plain meaning,' and the contract 'should be construed so as to give full meaning and effect to all of its provisions'") (quoting *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 206 (2d Cir. 2005)) (internal quotation marks and citations omitted). Where, as here, a party who contractually agreed to an alternative dispute resolution clause files a court action within the scope of the clause, the action must be dismissed or stayed pending exhaustion of the agreed-upon contractual remedy. *See, e.g., BAE Automated Systems, Inc. v. Morse Diesel Int'l Inc.*, 2001 U.S. Dist. LEXIS 6682, *16 (S.D.N.Y. May 22, 2001) (staying federal court proceedings pending plaintiff's compliance with the alternative dispute resolution procedure set forth in the parties' contract); *CB Richard Ellis, Inc. v. American Envt'l Waste Mgmt.*, 1998 U.S. Dist. LEXIS 20064, *8-10 (S.D.N.Y. Dec. 4, 1998 (enforcing pre-litigation mediation provision where

6

plaintiff's allegations "touch[ed] matters" covered by the parties' agreement); *Olympia & York OLP Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 214 A.D.2d 509, 511-12 (1st Dep't 1995) ("[a] party to a dispute governed by an arbitration agreement may not unilaterally evade the stipulated forum and litigate the controversy").

Accordingly, unless and until Plaintiff exhausts her contractually agreed upon avenue of relief, she cannot be heard to complain, in a court of law, that she has not been paid in full under the Introducer Agreement; and this Court should dismiss Plaintiff's Complaint or, in the alternative, stay this action pending a resolution of the parties' dispute pursuant to the terms set forth in the Introducer Agreement.

## II. DEFENDANTS ARE ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS TO THE EXTENT PLAINTIFF SEEKS DAMAGES FOR INVESTMENTS INTRODUCED BY OTHER THIRD-PARTY MARKETERS

Defendants further move for partial judgment on the pleadings to the extent Plaintiff seeks damages for Defendants' alleged breach of contract which are excluded as a matter of law by the express terms of the Introducer Agreement. Where a contract contains plain and unambiguous language precluding a plaintiff from recovering damages for claims relating to the contract, judgment on the pleadings dismissing such claims may be appropriate. *See, e.g., Cue Fashions, Inc. v. LJS Distribution, Inc.*, 807 F. Supp. 334, 336 (S.D.N.Y. 1992).

As noted above, the Introducer Agreement provides that "Introduced Investors" for which Plaintiff is entitled to receive remuneration are those investors "**exclusively introduced** by [Plaintiff] as prospective investors in the [Funds]." (*See* Introducer Agreement § 1.1 (emphasis added).) "Exclusive" is unambiguously defined as "[n]ot divided or shared with others," "[n]ot accompanied by others; single or sole," and "[c]omplete; undivided." The American Heritage Dictionary of the English Language, Fourth Edition, Houghton Mifflin

Company, 2004. Thus, applying the plain meaning of the terms set forth in the Introducer Agreement as this Court is entitled to do, Plaintiff's claims for remuneration in respect of investments referred to the Funds by other third-party marketers – even if those third-party marketers were introduced by Plaintiff (they were not) – must be dismissed. *See, e.g., Cue*, 807 F. Supp. at 336. Accordingly, this Court should grant Defendants partial judgment on the pleadings to the extent Plaintiff purports to state a breach of contract claim for damages arising out of investments introduced or referred to the Funds by other third-party marketers.

### III. DEFENDANTS ARE ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS DUPLICATIVE OF PLAINTIFF'S BREACH OF CONTRACT CLAIM

Plaintiff's second cause of action for unjust enrichment should be dismissed because it is duplicative of Plaintiff's breach of contract claim. It is well-settled New York law that an unjust enrichment claim will not lie where the subject matter of the unjust enrichment claim is covered by a written contract. *See, e.g., CBS Broadcasting, Inc. v. Jones*, 460 F. Supp. 2d 500, 506 (S.D.N.Y. 2006) (granting Rule 12(c) motion to dismiss unjust enrichment claim where subject matter of unjust enrichment claim was covered by a contract); *Ohio Players, Inc. v. Polygram Records, Inc.*, 2000 U.S. Dist. LEXIS 15710, *9 (S.D.N.Y. Oct. 27, 2000) (same); *Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.*, 70 N.Y.2d 382, 388 (1987) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.") (citations omitted).

Notably, here Plaintiff expressly alleges that the value allegedly received by Defendants was transferred by Plaintiff "[p]ursuant to the [Introducer] Agreement" and that Plaintiff was deprived of the "benefit of the bargain provided for in the [Introducer] Agreement."

Complaint ¶¶ 36, 38. Plaintiff confirms the duplication of her unjust enrichment and breach of contract claims by seeking the exact same damages – $231,811.16 – for each of the two causes of action. *Compare* Complaint ¶ 34 *with* Complaint ¶ 39. Accordingly, this Court should dismiss Plaintiff's unjust enrichment claim because it is duplicative of her breach of contract claim. *See CBS Broadcasting*, 460 F. Supp. 2d at 506; *Ohio Players*, 2000 U.S. Dist. LEXIS 15710, at *9; *Clark-Fitzpatrick*, 70 N.Y.2d at 388.

### IV. DEFENDANTS ARE ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFF HAS FAILED TO PLEAD A FIDUCIARY RELATIONSHIP GIVING RISE TO A CLAIM FOR AN ACCOUNTING

Plaintiff's third cause of action for an accounting must be dismissed because Plaintiff has failed to plead a fiduciary relationship between the parties giving rise to a cause of action for an accounting. Plaintiff acknowledges in her Complaint that any obligations allegedly owed to Plaintiff on the part of Defendants arose out of the Introducer Agreement and were not fiduciary in nature. Indeed, nowhere in the Complaint does Plaintiff plead that the parties' relationship was fiduciary in nature. Instead, Plaintiff alleges that "**[p]ursuant to the [Introducer] Agreement**, Glenrock was obligated to maintain full and complete records relating to the investments into Glenrock's managed and advised funds and accounts by investors introduced to Glenrock by de Malmanche, and the fees earned thereon, and to provide de Malmanche full and complete access to such records as reasonably requested." Complaint ¶ 41 (emphasis added). Accordingly, because Plaintiff has not pled – and cannot plead – that the contractual relationship between the parties rose to the level of a fiduciary relationship and any obligations allegedly owed by Defendants arose out of the Introducer Agreement, Plaintiff's claim for an accounting must be dismissed. *See Dayan Enters. Corp. v. Nautica Apparel, Inc.*, 2003 U.S. Dist. LEXIS 21344, *2-3 (S.D.N.Y. Nov. 26, 2003) (dismissing defendants'

accounting counterclaim where parties' relationship arose out of licensing agreement and was purely contractual in nature); *S.O. Textiles*, 18 F. Supp. 2d at 242 (dismissing plaintiff's accounting claim where parties' relationship was purely commercial in nature).

### V. THE COURT SHOULD STAY DISCOVERY PENDING THE RESOLUTION OF DEFENDANTS' DISPOSITIVE MOTION TO DISMISS THE COMPLAINT

Pursuant to Federal Rule of Civil Procedure 26(c), this Court may stay discovery upon "good cause shown." *Spencer Track Software & Info Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (noting that "[g]ood cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay"). As grounds for the stay, a court may consider the strength of Defendants' dispositive motion. *Id.* Courts have traditionally granted a stay of discovery when a Defendant seeks to stay or dismiss a claim pending resolution of an alternative dispute mechanism pursuant to a contract. *Ross v. Bank of Am.*, 2006 U.S. Dist. LEXIS 208, at *1 (S.D.N.Y. 2006). Here, Defendants have shown good cause. First, Defendants' motion is dispositive, as it will dismiss, or in the alternative, stay Plaintiff's breach of contract claim pending referral to the funds' administrator. Second, the motion will summarily dismiss Plaintiff's two remaining claims—unjust enrichment and an accounting. Further, Plaintiff will not be prejudiced by the stay since Defendants have already produced over 3,000 pages of documents to Plaintiff, including files showing the investment activity of every investor in the Glenrock funds since inception. Finally, of the mere seven outstanding document requests as of the filing of this motion, Defendants have already produced responsive documents to six of these requests, and forcing Defendants to continue mining their files for responsive documents pending the outcome of this motion will only serve to "unnecessarily drain the parties'

resources." *Spencer Track Software & Info Servs.*, 206 F.R.D. at 368. Accordingly, the Court should stay discovery pending the outcome of Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion (1) for judgment on the pleadings (a) by dismissing Plaintiff's complaint in its entirety, or in the alternative, staying the action until Plaintiff has exhausted her contractually agreed upon remedy; (b) by dismissing Plaintiff's claims to the extent Plaintiff seeks damages for investments introduced by other third-party marketers, including Fortune; (c) by dismissing Plaintiff's cause of action for unjust enrichment; (d) by dismissing Plaintiff's cause of action for an accounting; (2) staying discovery and (3) by granting such other relief as the Court deems just and proper.

New York, New York
June 23, 2008

                                              Respectfully submitted,

                                              SEWARD & KISSEL LLP

                                              By:  /s/ Mark J. Hyland
                                                       Mark J. Hyland (MH 5872)
                                                       Thomas Ross Hooper (TH 4554)
                                                       One Battery Park Plaza
                                                       New York, New York 10004
                                                       Telephone: (212) 574-1541
                                                       Facsimile: (212) 480-8421

                                              *Attorneys for Defendants Glenrock Asset*
                                              *Management Associates, L.P., Glenrock, Inc.,*
                                              *and Reynard Asset Management, Inc.*

SK 01828 0009 882861 v2