UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIBI DE MALMANCHE,<br><br>       Plaintiff,<br><br><br>     v.<br><br>GLENROCK ASSET MANAGEMENT<br>ASSOCIATES, L.P., GLENROCK, INC., and<br>REYNARD ASSET MANAGEMENT, INC.,<br><br>       Defendants. | Case No.: 07-cv-10940 (KNF)<br><br>**NOTICE OF MOTION<br>FOR LEAVE TO FILE<br>AMENDED COMPLAINT** |

PLEASE TAKE NOTICE that at a date and time to be determined by the Court, attorneys for Plaintiff Bibi de Malmanche, shall move, before the Honorable Kevin N. Fox, United States Magistrate Judge, United States Courthouse, 500 Pearl Street, New York, New York, 10007, for the entry of an Order, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, granting Plaintiff leave to file an amended complaint.

PLEASE TAKE FURTHER NOTICE that in support of this motion, Plaintiff shall rely upon this Notice of Motion, the Memorandum of Law in Support of Notice of Motion for Leave to File Amended Complaint, and the Declaration of Jeanette Rodriguez-Morick submitted herewith.

Dated: New York, New York
      July 14, 2008

Respectfully submitted,

THOMPSON HINE LLP
*Attorneys for Plaintiff Bibi de Malmanche*

By: _____
     Jeanette Rodriguez-Morick
     335 Madison Avenue, 12th Floor
     New York, New York 10017
     212.908.3900

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Motion for Leave to Amend the Complaint was served electronically through the Court's ECF System on the following Defendants' counsel on this 14th day of July 2008:

> Mark J. Hyland
> Seward and Kissel LLP
> One Battery Park Plaza
> New York, NY 10004

_One of Attorneys for Plaintiff Bibi de Malmanch_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIBI DE MALMANCHE,

        Plaintiff,

    v.

GLENROCK ASSET MANAGEMENT
ASSOCIATES, L.P., GLENROCK, INC., and
REYNARD ASSET MANAGEMENT, INC.,

        Defendants.

Case No.: 07-cv-10940 (KNF)

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF BIBI DE MALMANCHE'S
## <u>MOTION FOR LEAVE TO AMEND THE COMPLAINT</u>

Douglas E. Grover
Jeanette Rodriguez-Morick
Lauren McEvoy
THOMPSON HINE LLP
335 Madison Avenue 12th Fl
New York, NY 10017
Tel. 212.908.3900
Fax 212.344.6101

*Attorneys for Plaintiff,*
*Bibi de Malmanche*

July 14, 2008

## Summary

Plaintiff Bibi de Malmanche ("de Malmanche" or "Plaintiff") moves this Court for the entry of an Order, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, granting Plaintiff leave to file an amended complaint to add a new cause of action, breach of the implied covenant of good faith and fair dealing, and to conform other allegations in the Complaint to the evidence developed to date in this case.

## Background

Since 1999, pursuant to an oral introducer agreement between Plaintiff and Defendants, Glenrock Asset Management Associates, L.P., Glenrock, Inc., and Reynard Asset Management, Inc. (collectively "Glenrock" or "Defendants"), de Malmanche had marketed Defendants' offshore hedge funds to potential investors and/or agents acting on behalf of investors. (Rodriguez-Morick Decl. ¶ 3.)[1]  The agreement between the Parties was oral until the Parties memorialized and executed the agreement on November 24, 2003 (the "Agreement"). (Proposed Amended Complaint, Ex. A.)[2]

Pursuant to the Agreement, Glenrock was to pay commissions to de Malmanche for any investor or agent acting on behalf of an investor who was introduced by de Malmanche if that investor subsequently invested in Glenrock's funds or its managed accounts. (*Id.* at ¶ 4.1.) De Malmanche's marketing efforts were directed to both investors and agents acting on behalf of investors, e.g., financial advisors.  Given the number of individuals, organizations, and institutions to whom and to which de Malmanche marketed the Glenrock funds, and given the manner in which investors and/or their agents made investments, de Malmanche was forced to rely upon Glenrock to disclose the investors, investments, and fees to which she was entitled as a

---

[1] "Rodriguez-Morick Decl." refers to the accompanying declaration of Jeanette Rodriguez-Morick, dated July 14, 2008, offered in support of the instant motion.

[2] The Proposed Amended Complaint is annexed to the Rodriguez-Morick Decl. as Exhibit 1.

result of her marketing efforts. Eventually, disputes between the Parties arose regarding the amount of fees owed to de Malmanche in connection with particular investors. (Rodriguez-Morick Decl. ¶ 5.)

According to the terms of the Agreement, Glenrock had the right to terminate the appointment of de Malmanche as an introducer by giving not less than three months notice in writing, at the end of which period the termination would become effective. (Id. at ¶ 7.1.1.) However, in the event of such termination, pursuant to clauses 7.5.1 and 7.5.2 of the Agreement, de Malmanche was entitled to continue to be paid commissions for all the investments from existing introduced investors (until such time as they redeemed their investments), as well as for all new investments from introduced investors made in the twelve month period following the effective date of termination. In effect, this created a fifteen month period from the date of notice, during which time de Malmanche would still be entitled to commissions from new introduced investors and investments.

By letter dated December 27, 2004, Glenrock gave notice of termination of the Agreement without cause to de Malmanche, triggering operation of the provisions set forth in clauses 7.5.1 and 7.5.2 of the Agreement. De Malmanche acknowledged receipt of the notice on January 2, 2005.

Through discovery obtained in connection with the instant litigation, Plaintiff has uncovered Glenrock email correspondence and memo entries in its contact business software system clearly indicating that particular investors and investment advisors, such as GFA/Fortune and Erwin Brunner, had invested in the Glenrock funds as a result of de Malmanche's marketing efforts. (Rodriguez-Morick Decl. ¶ 8.) Plaintiff alleges that Glenrock failed to pay the appropriate commissions on these and other investments.

3

Additional discovery has also revealed that Glenrock may have sought to delay an investment made by Dexia, another entity introduced by de Malmanche. The date of the subscription agreement as well as email correspondence between Dexia and Glenrock suggests that Glenrock sought to delay the Dexia investment in an effort to place this investment beyond the post-termination period during which de Malmanche would have been entitled to fees on this investment. (*Id.* at ¶ 9.)

Based on the discovery thus far, Plaintiff moves this Court for the entry of an Order, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, granting Plaintiff leave to file an amended complaint to add another cause of action, breach of the implied covenant of good faith and fair dealing, and to conform the complaint to the evidence developed thus far.

The governing Rule 16(b) scheduling order expressly contemplates that the parties may amend their pleadings by May 15, 2008. Defendants Glenrock Asset Management Associates, L.P., Glenrock, Inc., and Reynard Asset Management, Inc. (collectively, "Glenrock" or "Defendants") have agreed to extend the deadline to Amend the pleadings, to May 30, 2008.

### Argument

Leave to amend should be "freely give[n]." Fed. R. Civ. P. 15(a)(2); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should not deny a timely motion to amend unless there is evidence of undue delay, undue prejudice to the defendant, bad faith, or the futility proposed amendment. *Foman,* 371 U.S. at 182; *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

Here, the proposed amendment is not untimely nor unduly delayed because the Defendants agreed to extend the deadline in the scheduling order to the May 30th, 2008 and the Court has subsequently agreed to Plaintiff's request for an extension to July 14, 2008,

4

necessitated by Defendants' dilatory conduct. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (A motion filed in compliance with a scheduling order deadline is "on its face" timely.)   Furthermore, a six-month gap between the filing of the suit and the filing of the first amended complaint is not an "undue delay." *Middle Atlantic Utilities Co. v. S. M. W. Development Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (three-year delay from the filing of the initial complaint was inadequate basis for denying a motion to amend).

Also, the proposed amendment does not unduly prejudice the Defendants, because the new allegations in the amended complaint arise directly from the facts and claims asserted in the original complaint. *United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir.1989) (proposed amendment was not unduly prejudicial when opposing party had notice of the potential claim at the outset of litigation); *Tomlinson v. St. Paul Reins. Mgmt. Corp.*, 1998 U.S. Dist. LEXIS 1728, 1998 WL 65996 (S.D.N.Y. Feb. 17, 1998) (proposed amendment was not unduly prejudicial due to party's incurrence of additional expenses by reopening discovery, because "[a]lthough, an amendment to the Complaint will more than likely subject defendant to some additional burden, courts have held that such a burden does not constitute impermissible prejudice.").

Here, de Malmanche's proposed amended complaint adds a cause of action for breach of the implied covenant of good faith and fair dealing.   The original complaint asserted breach of contract and unjust enrichment claims based on Glenrock's failure to maintain relevant investment records, provide de Malmanche with complete access to relevant investment records, and pay all of the commissions due to de Malmanche arising from de Malmanche's introductions, and the investments flowing therefrom, as provided for under the terms of the Introducer Agreement, dated November 24, 2003.   Since filing the complaint, de Malmanche's  has learned

5

through discovery exchanges that Defendants delayed an investment in an effort to avoid paying de Malmanche commissions owed for that introduced investor. Thus, the breach of the covenant of good faith and fair dealing claim added by the amended complaint relates directly to the conduct alleged in the original complaint.

Finally, the proposed amendments to the complaint are being made in good faith and the proposed amendments are not futile. The standard for assessing futility is that of a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Chan v. Reno,* 916 F. Supp. 1289 (S.D.N.Y. 1996). Here, viewed in the light most favorable to de Malmanche, the short and plain statement of the facts contained in the proposed amended complaint reveals that Glenrock's failure to maintain relevant investment records, provide de Malmanche with complete access to relevant investment records, and pay all of the commissions due to de Malmanche arising from de Malmanche's introductions, and purposely delayed investments, support a cause of action for breach of the covenant of good faith and fair dealing. *See Tractebel Energy Marketing v. Aep Power Marketing,* 487 F.3d 89 (2nd Cir., 2007)("Under New York law, a covenant of good faith and fair dealing is implicit in all contracts during the course of contract performance.... The covenant "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.... In some cases, the covenant may even require "affirmative steps to cooperate in achieving" the contract's objective.") (internal citation omitted); *State Street Bank v. Inversiones Errazuriz,* 374 F.3d 158 (2nd Cir., 2004); *P.T.& L. Contr. Corp. v. Trataros Constr., Inc.,* 29 A.D.3d 763, (2d Dep't 2006) (stating that the implied covenant of good faith and fair dealing is breached "when a party to a contract acts in a manner that, although not expressly forbidden by any contractual

6

provision, would deprive the other party of the right to receive the benefits under their agreement.").

It follows that, the court should grant de Malmanche's timely motion to file the amended complaint.

## Conclusion

For the foregoing reasons, Plaintiff should be granted leave to amend the complaint to add a new cause of action and to conform other allegations in the Complaint to the evidence developed to date in this case.

Dated: New York, New York
      July 14, 2008

Respectfully submitted,

THOMPSON HINE LLP
*Attorneys for Plaintiff Bibi de Malmanche*

By: _____
    Douglas E. Grover
    Jeanette Rodriguez-Morick
    Lauren McEvoy
    335 Madison Avenue, 12th Floor
    New York, New York 10017
    Tel. 212.908.3900
    Fax 212.344.6101

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Memorandum in Support of Plaintiff Bibi de Malmanche's Motion for Leave to Amend the Complaint was served electronically through the Court's ECF System on the following Defendants' counsel on this 14th day of July 2008:

Mark J. Hyland
Seward and Kissel LLP
One Battery Park Plaza
New York, NY 10004

_One of Attorneys for Plaintiff Bibi de Malmanche._

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIBI DE MALMANCHE,

        Plaintiff,

    v.

GLENROCK ASSET MANAGEMENT
ASSOCIATES, L.P., GLENROCK, INC., and
REYNARD ASSET MANAGEMENT, INC.,

        Defendants.

Case No.:  07-cv-10940 (KNF)

**DECLARATION OF
<u>JEANETTE RODRIGUEZ-MORICK</u>**

Pursuant to 28 U.S.C. § 1746, I, Jeanette Rodriguez-Morick, declare as follows:

1.      I am a associated with the law firm of Thompson Hine LLP, counsel for Plaintiff, Bibi de Malmanche, in the above-captioned action.  I am fully familiar with the matters discussed in this declaration from the testimony of witnesses, discussions with our client, a review of Plaintiff's documents, and a review of other documents that have been produced to us during the course of this litigation.  I offer this declaration in support of Plaintiff's Motion for Leave to Amend the Complaint.

2.      Annexed hereto as Exhibit 1 is Plaintiff's Proposed Amended Complaint.

3.      Since 1999, pursuant to an oral introducer agreement between Plaintiff and Defendants, Glenrock Asset Management Associates, L.P., Glenrock, Inc., and Reynard Asset Management, Inc. (collectively "Glenrock" or "Defendants"), de Malmanche had marketed Defendants' offshore hedge funds to potential investors and/or agents acting on behalf of investors.

3.      The Parties memorialized and executed the agreement on November 24, 2003 (the "Agreement").

4.      Pursuant to the Agreement, Glenrock was to pay commissions to de Malmanche for any investor or agent acting on behalf of an investor who was introduced by de Malmanche if that investor subsequently invested in Glenrock's funds or its managed accounts.

5.      De Malmanche's marketing efforts were directed to both investors and agents acting on behalf of investors, e.g., financial advisors.  Given the number of individuals, organizations, and institutions to whom and to which de Malmanche marketed the Glenrock funds, and given the manner in which investors and/or their agents made investments, de Malmanche was forced to rely upon Glenrock to disclose the investors, investments, and fees to which she was entitled as a result of her marketing efforts.  Eventually, disputes between the Parties arose regarding the amount of fees owed to de Malmanche in connection with particular investors.

6.      According to the terms of the Agreement, Glenrock had the right to terminate the appointment of de Malmanche as an introducer by giving not less than three months notice in writing, at the end of which period the termination would become effective.  (Id. at ¶ 7.1.1.)  However, in the event of such termination, pursuant to clauses 7.5.1 and 7.5.2 of the Agreement, de Malmanche was entitled to continue to be paid commissions for all the investments from existing introduced investors (until such time as they redeemed their investments), as well as for all new investments from introduced investors made in the twelve month period following the effective date of termination.  In effect, this created a fifteen month period from the date of notice, during which time de Malmanche would still be entitled to commissions from new introduced investors and investments.

7.    By letter dated December 27, 2004, Glenrock gave notice of termination of the Agreement without cause to de Malmanche, triggering operation of the provisions set forth in clauses 7.5.1 and 7.5.2 of the Agreement. De Malmanche acknowledged receipt of the notice on January 2, 2005.

8.    Through discovery obtained in connection with the instant litigation, Plaintiff has uncovered Glenrock email correspondence and memo entries in its contact business software system clearly indicating that particular investors and investment advisors, such as GFA/Fortune and Erwin Brunner, had invested in the Glenrock funds as a result of de Malmanche's marketing efforts. Plaintiff alleges that Glenrock failed to pay the appropriate commissions on these and other investments.

9.    Additional discovery has also revealed that Glenrock may have sought to delay an investment made by Dexia, another entity introduced by de Malmanche. The date of the subscription agreement as well as email correspondence between Dexia and Glenrock suggests that Glenrock sought to delay the Dexia investment in an effort to place this investment beyond the post-termination period during which de Malmanche would have been entitled to fees on this investment.

10.    For the foregoing reasons, Plaintiff should be granted leave to amend the complaint to add a new cause of action and to conform other allegations in the Complaint to the evidence developed to date in this case.

Dated: New York, New York
       July 14, 2008

Jeanette Rodriguez-Morick

3

Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIBI DE MALMANCHE, | Case No.: 07 cv 10940 (KNF) |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| GLENROCK ASSET MANAGEMENT ASSOCIATES, L.P., GLENROCK, INC., and REYNARD ASSET MANAGEMENT, INC., | |
| Defendants. | |

As and for its complaint against Defendants Glenrock Asset Management Associates, L.P., Glenrock Inc. and Reynard Asset Management, Inc., Plaintiff Bibi de Malmanche ("de Malmanche" or "Plaintiff"), alleges, through her counsel, Thompson Hine LLP, as follows:

**The Parties**

1.    Plaintiff Bibi de Malmanche is an individual who is a citizen of New Zealand, with a principal residence in London, England.

2.    Upon information and belief, defendant Glenrock Asset Management Associates, L.P. ("Glenrock Asset") is a limited partnership organized and existing under the laws of the State of Delaware, with its principal offices located at 623 Fifth Avenue, 31st Floor, New York, New York 10022.

3.    Upon information and belief, defendant Glenrock, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal offices located at 623 Fifth Avenue, 31st Floor, New York, New York 10022.

4.    Upon information and belief, defendant Reynard Asset Management, Inc. ("Reynard"), is a corporation organized and existing under the laws of the State of Delaware, with its principal offices located at 623 Fifth Avenue, 31st Floor, New York, New York 10022.

5.    Defendants Glenrock Asset, Glenrock, Inc. and Reynard are referred to collectively herein as "Glenrock" or "Defendant." Glenrock manages seven investment funds from its offices in New York: a) Reynard American Partners, Glenrock Global Partners, Q.P., Glenrock Global Partners, A.I., and Nippon Renewal Partners, L.P. (the "onshore funds"); and b) Reynard International Partners, Glenrock Global Partner, B.V.I. and Nippon renewal Partners, Ltd. (the "offshore funds").

## Jurisdiction and Venue

6.    This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000 and complete diversity of citizenship exists between the Plaintiff and Defendants.

7.    This Court has personal jurisdiction over Defendants. Defendants, individually and collectively, acting alone and in concert, do continuous and systematic business in this District, are registered to do business in the State of New York, have made false material statements and misrepresentations to Plaintiff in this District, and have sufficient minimum contacts with this District.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the injury took place in this District.

### The Agreement

9.      Plaintiff de Malmanche and defendants entered into an Introducer Agreement (the "Agreement"), dated November 24, 2003. Pursuant to the Agreement, de Malmanche was to "introduce" potential investors or their agents to defendants with the ultimate aim that those potential investors would invest in funds or accounts managed or advised by defendants. A copy of the Agreement is annexed hereto as Exhibit A.

10.      Prior to entering into a written agreement, sometime in 1999, the parties had been operating under an oral agreement whereby de Malmanche had acted as an introducer and Glenrock paid her fees.    The Agreement attempted to memorialize the parties' prior understanding and course of conduct.

11.      Thereafter, de Malmanche continued to make introductions of potential investors, either directly or through their agents, to Glenrock.

12.      De Malmanche's marketing efforts were directed to both investors and agents acting on behalf of investors, e.g., financial advisors.    Given the number of individuals, organizations, and institutions to whom and to which de Malmanche marketed the Glenrock funds, and given the manner in which investors and/or their agents made investments, de Malmanche was forced to rely upon Glenrock to disclose the investors, investments, and fees to which she was entitled as a result of her marketing efforts.

13.      Pursuant to the Agreement, Glenrock was to pay commissions to de Malmanche for any investor or agent acting on behalf of an investor who was introduced by de Malmanche if that investor subsequently invested in Glenrock's funds or managed accounts.    Specifically, under clause 4.1 of the Agreement, Glenrock was obligated to pay de Malmanche 33 1/3% of any investment management and performance fees received by defendants in connection with

3

investments of these investors. However, "if the aggregate net assets of either of the two Glenrock Funds or the two Reynard funds exceeded $100 million," the percentage paid for subsequent contributions by introduced investors would only be 20%.

14.    Clause 4.3 of the Agreement required that all commissions be paid to de Malmanche "without any withholdings, deductions, set-offs or counterclaims of any kind."

15.    Clause 4.4 of the Agreement obligated Glenrock to "keep proper and up to date books of account and records showing the revenues referred to in clause 4.1."

16.    Clause 4.4 also obligated Glenrock to make all records, reports, books of account, returns and other information relating to the revenues referred to in clause 4.1 available to de Malmanche. This would enable de Malmanche to confirm, from time to time, whether and how much introduced investors had invested money with Glenrock, as well as the timing and duration of those investments.

17.    Pursuant to clause 7.2.1 of the Agreement, Glenrock had the right to terminate the appointment of de Malmanche as an introducer by giving "not less than three months notice in writing," at the end of which the termination would become effective. However, in the event of such termination, pursuant to clauses 7.5.1 and 7.5.2 of the Agreement, de Malmanche was entitled to continue to be paid commissions for all the investments from existing introduced investors (until such time as they redeemed their investments), as well as for all new investments from introduced investors made in the twelve month period following the effective date of termination. In effect, this created a fifteen month period from the date of notice, during which time de Malmanche would still be entitled to commissions from new introduced investors and investments.

18.    Eventually, disputes arose between Plaintiff and Defendants regarding the amount of fees owed.  In particular, the Parties disputed the amount of fees owed for investments made by investors and agents of investors such as GFA/Fortune and BrunnerInvest.

19.    By letter dated December 27, 2004, Glenrock gave notice of termination of the Agreement without cause to de Malmanche, triggering operation of the provisions set forth in clauses 7.5.1 and 7.5.2 of the Agreement.  De Malmanche acknowledged receipt of the notice on January 2, 2005.

### Denial of Access to Records and Withholding of Commissions

20.    Immediately upon receipt of notice of termination without cause by Glenrock, de Malmanche requested, pursuant to clause 4.4.2 of the Agreement, that she be given access to documents maintained by Glenrock in order to identify introduced investors and the amounts of their investments.  Her request was ignored.

21.    In 2005–early 2006, de Malmanche continued to be concerned that the names of introduced investors were being withheld from her and that the amount of fees paid by introduced investors, and commissions due to her, were neither being properly disclosed nor paid.

22.    Once again, in accordance with clause 4.4.2 of the Agreement, by letter dated April 5, 2006, from her attorneys, de Malmanche specifically requested access to records reflecting investment activity of introduced investors so that she could determine whether she had received the proper amount in fees.

23.    By letter dated April 19, 2006, Glenrock replied that de Malmanche "is of course welcome to inspect all client documents pertaining to her introductions on the premises of the

5

funds' administrator during regular business hours" (emphasis added). The administrator at the time was located in the Cayman Islands.

24.      Thereafter, Glenrock refused to provide access to such documents maintained by Glenrock in its offices in New York, thereby violating clause 4.4.2 of the Agreement.

25.      At the same time, in violation of clause 4.3 of the Agreement, defendants began to withhold commissions due to de Malmanche, stating that commissions would not be paid unless de Malmanche agreed that the commission calculations performed by defendants were accurate. Having been denied access to the relevant records, de Malmanche refused to do this.

26.      Plaintiff was not given access to defendants' records at Glenrock's offices until May 24, 2007, after legal action to enforce the Agreement was threatened.

27.      Despite allowing de Malmanche's representatives to visit Glenrock's offices on June 1 and June 8, 2007, defendants failed to provide full and complete access to their records, and they continued to withhold information from de Malmanche, in violation of clause 4.4.2. of the Agreement.

## Defendant's Efforts to Hide Investments by Introduced Investors

28.      In an effort to ascertain which introduced investors subsequently invested in the Glenrock managed funds, in early 2006 de Malmanche provided Glenrock with a list of individuals and/or entities whom she had introduced.

29.      Thereafter, in an effort to prevent de Malmanche from ascertaining the true number of introduced investors who had invested in the Glenrock managed funds, Glenrock, by letter dated April 19, 2006, falsely stated that several listed investors or entities had not been introduced to any of the funds. A copy of this letter is annexed hereto as Exhibit B.

30. Among other things, the April 19, 2006, letter stated, with respect to CSPB (Credit Suisse Private Bank), "we do not know them." In reality, Glenrock records turned over during the course of the instant litigation reflect several investments by and communications with Credit Suisse Private Bank.

31. With respect to an entity known as Fortune, Glenrock indicated that "[w]e have an active marketing relationship with them. However, Ms. DeMalmanche [sic] had no role in it." In reality, Glenrock records reflect a memo entry regarding de Malmanche, dated May 22, 2003, which states: "We had a discussion about the GFA/Fortune situation. I AGREED TO PAY HER THE DIFFERENCE BETWEEN 25% and 33 1/3% ON ANY MONEY COMING FROM FORTUNE FUNDS (not 3-rd party marketing clients) AND FOR THE DURATION, NOT ONLY UNTIL WE REACH $100." An email, dated approximately August 2003, from Glenrock to de Malmanche, included the statement: "I do agree that you should be paid on GFA funds, and of course you need not 'defend your introduction.'" The same email refers to Fortune and GFA interchangeably.

32. With respect to an entity known as Lyxor, Glenrock indicated the following: "Invested 5/03. Redeemed in full 11/05. Ms. DeMalmanche was paid fees on this investment." However, Lyxor subsequently made substantial investments in Glenrock funds. These are investments for which de Malmanche should have been paid but was not.

33. Additionally, regarding another introduced investor, Dexia, Glenrock attempted to delay Dexia's investment until after the 12 month period following the effective date of termination had run in order to avoid paying de Malmanche the fees to which she was entitled.

34. De Malmanche believes that the amount of commissions that have been wrongfully withheld may greatly exceed the amounts uncovered to date, and that by access to all

records which were maintained, or which should have been maintained by the defendants, she will uncover further sums that have been and continue to be withheld.

## FIRST CAUSE OF ACTION

### Breach of Contract

35.     De Malmanche repeats and realleges each and every allegation contained in paragraphs 1 through 33 above as if fully rewritten here.

36.     Defendants entered into an Agreement with de Malmanche that, according to its express terms, obligated defendants to, *inter alia*: a) maintain accurate records of investments made by introduced investors, b) provide de Malmanche full and complete access to records relating to such investments, and c) pay commissions on such investments.

37.     De Malmanche performed her obligations under the Agreement by introducing the numerous investors to defendants.

38.     Defendant, through its course of conduct, accepted each one of these introductions, as required under the agreement.

39.     Many of the introduced investors did in fact invest in funds and accounts managed by the defendants.

40.     As a result of the introductions by de Malmanche and the subsequent investments by introduced investors in funds and accounts managed by Glenrock, Glenrock received commissions and management fees from investors, and was obligated to pay de Malmanche commissions for investments made by each one of the introduced investors.

41.     Glenrock breached the Agreement by:

    a.     failing to disclose and/or affirmatively covering up the existence of investments by introduced investors;

8

     b.     failing to pay all of the commissions due to de Malmanche under the Agreement for introduced investors;

     c.     failing to maintain full and complete records of investments from introduced investors; and

     d.     denying access to complete records of investments.

42.     De Malmanche has attempted to ascertain the timing and amount of investments made by introduced investors into the funds managed by the defendants. Due to the lack of documentation, the total amount has not yet been determined. However, analysis thus far has established that de Malmanche has been damaged and is owed greater $1,000,000.00 as a consequence of the breaches referenced above.

## SECOND CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

43.     De Malmanche repeats and realleges each and every allegation contained in paragraphs 1 through 33 above as if fully rewritten here.

44.     Under the Agreement, Glenrock had an implied duty to act in good faith and deal fairly with de Malmanche. This included an obligation to maintain accurate records, provide de Malmanche full and complete access to such records, pay commissions on investments, and abide by the terms of the Agreement..

45.     Glenrock allowed de Malmanche to introduce individuals and investment advisors to its funds, and it acknowledged each of these introductions through its course of conduct by, among other things, attending meetings or agreeing that the investor had been introduced.

46.     Thereafter, Glenrock breached its implied covenant of good faith and fair dealing by engaging in a course of conduct which included:

a.   failing to maintain accurate records;

b.   failing to provide what records it did maintain, or disclose the investments
     of introduced investors who subsequently invested in funds it managed;

c.   actively delaying investments by introduced investors in an effort to avoid
     having to pay de Malmanche the fees to which she is entitled under the
     Agreement.

d.   providing false and misleading information to de Malmanche regarding
     such investments, and

e.   willfully failing to pay commissions which it knew were due and owing
     under the Agreement.

47.     As a consequence of the breaches referenced above, de Malmanche has been
damaged in an amount greater than $1,000,000.

### THIRD CAUSE OF ACTION

#### Unjust Enrichment

48.     De Malmanche repeats and realleges each and every allegation contained in
paragraphs 1 through 33 above as if fully rewritten here.

49.     In accordance with the Agreement, de Malmanche provided value to defendants
by introducing potential investors in the Glenrock-managed funds who were acknowledged,
through its course of conduct, as such.

50.     These introduced investors subsequently placed investments with the Glenrock-
managed funds.  Glenrock accepted these introductions and the subsequent investments, and
thereafter earned fees and commissions on these investments.

51.    Glenrock failed to pay de Malmanche a portion of commissions due as a result of these investments, resulting in a substantial and unmerited windfall profit to Glenrock.

52.    As a result, Glenrock has been unjustly enriched at the expense of de Malmanche, and it has deprived de Malmanche of a large portion of the benefit of the bargain provided for in the Agreement.

53.    As a consequence of Glenrock's unjust conduct, de Malmanche has been damaged in an amount greater than $1,000,000.

**AS AND FOR A**
**THIRD CAUSE OF ACTION**
**Accounting**

54.    De Malmanche repeats and realleges each and every allegation contained in paragraphs 1 through 33 above as if fully rewritten here.

55.    In connection with the Agreement, Glenrock was obligated to maintain and provide full and complete records relating to investments made by introduced investors into funds and accounts managed by Glenrock.

56.    On information and belief, defendants failed to maintain accurate records, and further failed to provide access to de Malmanche as required by the Agreement.  As a result, de Malmanche has been unable to accurately determine which introduced investors invested in the funds, how much they invested, and for what period of time.

57.    Over the course of the contract, Glenrock collected fees from introduced investors and had a fiduciary duty to hold a portion of those fees on behalf of de Malmanche.

58.    As a result of Glenrock's failure to maintain proper records, disclose records to Malmanche, and honestly hold funds for dissemination to de Malmanche, a full accounting is needed to ascertain the timing and measure of the investments in defendants' funds and accounts

generated as a result of de Malmanche's introductions, and to assess the monies due to de Malmanche.

WHEREFORE, plaintiff respectfully requests that this Court:

A.    Enter judgment against the defendants, on the first three causes of action, for damages in an amount to be determined at trial, but not less than $1,000,000.00;

B.    Order the defendants to provide plaintiff with full access to all records relating to, and an accounting of, the investments into any and all funds or accounts managed or advised by defendants by any and all individuals and/or entities introduced to the defendants by plaintiff;

D.    Award plaintiff all costs and expenses incurred in connection with this action, including reasonable attorneys' fees;

E.    Award plaintiff pre- and post-judgment interest on each component of a judgment against defendants; and

F.    Grant plaintiff such other and further relief as the Court deems just and equitable.

Dated: New York, New York
      July 14, 2008

Respectfully submitted,

THOMPSON HINE LLP
*Attorneys for Plaintiff Bibi de Malmanche*

By: _____
     Douglas E. Grover
     Jeanette Rodriguez- Morick
335 Madison Avenue, 12th Floor
New York, New York 10017
(212) 344-5680

Exhibit B

## GLENROCK ASSET MANAGEMENT ASSOCIATES, L.P.

623 FIFTH AVENUE ▪ SUITE 3101 ▪ NEW YORK ▪ NEW YORK 10022
TEL:  (212)  808-7373  ▪  FACSIMILE:  (212)  808-7372

April 19, 2006

*By Facsimile and First-Class Mail*

Mr. Douglas E. Grover
Thompson Hine LLP
One Chase Manhattan Plaza
58th Floor
New York, New York 10005-1401
Fax: 212.809.6890

Dear Mr. Grover,

Receipt of your letter of April 5 is hereby acknowledged. Your statement that we have denied or ignored any of Ms. DeMalmanche's demands is completely incorrect. Our Administrative Director, Emily Wilt, has provided her with detailed accountings on many occasions, most recently March 6, 2006.

Regarding the "List of Introduced Investors," please see our attached comments. We have to the best of our knowledge reported and compensated Ms. DeMalmanche for all legitimate introductions of clients.

Beyond the above, Ms. DeMalmanche is of course welcome to inspect all client documents pertaining to her introductions on the premises of the funds' Administrator during regular business hours.

Please let me know if you have any questions or require further information.

Regards,

Michael Katz

cc: J. Rigney, Seward & Kissel LLP

BD00129

## List of Introduced Investors
### Bibi DeMalmanche

| Firm | Notes |
|---|---|
| ABN Amro | No investment, nothing to document. |
| AGF | No investment, nothing to document. |
| Aida Capital | No investment, nothing to document. |
| Albourne | No investment, nothing to document. |
| Allianz | No investment, nothing to document. |
| Alpha Funds | No investment, nothing to document. |
| American Express Bk. | No investment, nothing to document. |
| Atlas Capital | No investment, nothing to document. |
| Bank Audi | We do not even know them. |
| Bank Austria | Nothing in our records indicates we know Bank Austria through Ms. DeMalmanche, besides no investment, nothing to document. |
| Banque Franck | No investment, nothing to document. |
| Banque National Cana | No investment, nothing to document. |
| Banque Syz 3A | No investment, nothing to document. |
| CSPB | We do not know them. |
| Delman/Mestral | No investment, nothing to document. |
| Dexia | Invested in Glenrock BVI for 1/1/06 after contract with Ms. DeMalmanche expired. |
| EDF Man-RMF | No investment, nothing to document. |
| EIM | No investment, nothing to document. |
| Erste Bank | No investment, nothing to document. |

BD00130

| | |
|---|---|
| Fauchier Partners | No investment, nothing to document. |
| FIM | No investment, nothing to document. |
| Finaltis | No investment, nothing to document. |
| Fortune | We have an active marketing relationship with them. However, Ms. DeMalmanche had no role in it. MK met Mr. Simon Hopkins at a conference in Cannes in 2002, *not* through Ms. DeMalmanche. |
| Forvest | No investment, nothing to document. |
| FRM | No investment, nothing to document. |
| Fund Advisors | No investment, nothing to document. |
| GAM | No investment, nothing to document. |
| Gotttex | We did not meet Gottex through Ms. DeMalmanche, besides no investment, nothing to document. |
| Harcourt | No investment, nothing to document. |
| HDF | We did not meet HDF through Ms. DeMalmanche, besides no investment, nothing to document. |
| HSBC Geneva | No investment, nothing to document. However, HSBC New York became an investor in Glenrock in 2005, through Francois van der Merwe; no connection with Ms. DeMalmanche. |
| IV Capital | No investment, nothing to document. |
| LCFR | No investment, nothing to document. |
| LGT | No investment, nothing to document. |
| Liberty Ermitage | No investment, nothing to document. |
| Lyxor | Invested 5/03. Redeemed in full 11/1/05. Ms. DeMalmanche was paid fees on this investment. |
| Octogone | No investment, nothing to document. |

BD00131

Opportunite                No investment, nothing to document.

Partners Advisers          No investment, nothing to document.

Pioneer/ex Momentum No investment, nothing to document.

Schroder                   No investment, nothing to document.

Societe Generale Priva No investment, nothing to document.

Stenham                    Glenrock BVI clients, introduced by Fortune.

Swiss Capital              Glenrock BVI investors through Ms. DeMalmanche.
                           We pay her fees on this.

The Dubai Group            We do not know them, besides no investment,
                           nothing to document.

The Family Office Gen No investment, nothing to document.

Tremont Advisors           No record to indicate Ms. DeMalmanche introduced them,
                           besides no investment, nothing to document.

UBP                        No investment, nothing to document.

Unigestion                 No investment, nothing to document.

Yankee Advisors            Glenrock LP investors through Goldman Sachs,
                           not Ms. DeMalmanche.

BD00132

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Declaration in Support of Plaintiff Bibi de Malmanche's Motion for Leave to Amend the Complaint was served electronically through the Court's ECF System on the following Defendants' counsel on this 14th day of July 2008:

Mark J. Hyland
Seward and Kissel LLP
One Battery Park Plaza
New York, NY 10004

_One of Attorneys for Plaintiff Bibi de Malmanche._

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIBI DE MALMANCHE,                                    Case No.:  07-cv-10940 (KNF)

            Plaintiff,

      v.

GLENROCK ASSET MANAGEMENT
ASSOCIATES, L.P., GLENROCK, INC., and
REYNARD ASSET MANAGEMENT, INC.,

            Defendants.


## [PROPOSED] ORDER ON NOTICE OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT


The Court having carefully reviewed the submissions of the parties pertaining to the

Notice of Motion for Leave to File an Amended Complaint, it is hereby ORDERED that

Plaintiffs' motion be granted.  Plaintiffs are granted leave to file the amended complaint annexed

hereto.


Dated: New York, New York
            July___, 2008                              So Ordered,



                                                       _____
                                                       Hon. Kevin N. Fox
                                                       United States Magistrate Judge