UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIBI DE MALMANCHE,

      Plaintiff,

v.

GLENROCK ASSET MANAGEMENT
ASSOCIATES, L.P., GLENROCK, INC., and
REYNARD ASSET MANAGEMENT, INC.,

      Defendants.

Case No.: 07-cv-10940 (KNF)

# MEMORANDUM IN SUPPORT OF PLAINTIFF BIBI DE MALMANCHE'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

Douglas E. Grover
Jeanette Rodriguez-Morick
Lauren McEvoy
THOMPSON HINE LLP
335 Madison Avenue 12th Fl
New York, NY 10017
Tel. 212.908.3900
Fax 212.344.6101

*Attorneys for Plaintiff,*
*Bibi de Malmanche*

July 14, 2008

## Summary

Plaintiff Bibi de Malmanche ("de Malmanche" or "Plaintiff") moves this Court for the entry of an Order, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, granting Plaintiff leave to file an amended complaint to add a new cause of action, breach of the implied covenant of good faith and fair dealing, and to conform other allegations in the Complaint to the evidence developed to date in this case.

## Background

Since 1999, pursuant to an oral introducer agreement between Plaintiff and Defendants, Glenrock Asset Management Associates, L.P., Glenrock, Inc., and Reynard Asset Management, Inc. (collectively "Glenrock" or "Defendants"), de Malmanche had marketed Defendants' offshore hedge funds to potential investors and/or agents acting on behalf of investors. (Rodriguez-Morick Decl. ¶ 3.)[1]  The agreement between the Parties was oral until the Parties memorialized and executed the agreement on November 24, 2003 (the "Agreement").  (Proposed Amended Complaint, Ex. A.)[2]

Pursuant to the Agreement, Glenrock was to pay commissions to de Malmanche for any investor or agent acting on behalf of an investor who was introduced by de Malmanche if that investor subsequently invested in Glenrock's funds or its managed accounts.  (*Id.* at ¶ 4.1.) De Malmanche's marketing efforts were directed to both investors and agents acting on behalf of investors, e.g., financial advisors.  Given the number of individuals, organizations, and institutions to whom and to which de Malmanche marketed the Glenrock funds, and given the manner in which investors and/or their agents made investments, de Malmanche was forced to rely upon Glenrock to disclose the investors, investments, and fees to which she was entitled as a

---

[1] "Rodriguez-Morick Decl." refers to the accompanying declaration of Jeanette Rodriguez-Morick, dated July 14, 2008, offered in support of the instant motion.
[2] The Proposed Amended Complaint is annexed to the Rodriguez-Morick Decl. as Exhibit 1.

result of her marketing efforts. Eventually, disputes between the Parties arose regarding the amount of fees owed to de Malmanche in connection with particular investors. (Rodriguez-Morick Decl. ¶ 5.)

According to the terms of the Agreement, Glenrock had the right to terminate the appointment of de Malmanche as an introducer by giving not less than three months notice in writing, at the end of which period the termination would become effective. (Id. at ¶ 7.1.1.) However, in the event of such termination, pursuant to clauses 7.5.1 and 7.5.2 of the Agreement, de Malmanche was entitled to continue to be paid commissions for all the investments from existing introduced investors (until such time as they redeemed their investments), as well as for all new investments from introduced investors made in the twelve month period following the effective date of termination. In effect, this created a fifteen month period from the date of notice, during which time de Malmanche would still be entitled to commissions from new introduced investors and investments.

By letter dated December 27, 2004, Glenrock gave notice of termination of the Agreement without cause to de Malmanche, triggering operation of the provisions set forth in clauses 7.5.1 and 7.5.2 of the Agreement. De Malmanche acknowledged receipt of the notice on January 2, 2005.

Through discovery obtained in connection with the instant litigation, Plaintiff has uncovered Glenrock email correspondence and memo entries in its contact business software system clearly indicating that particular investors and investment advisors, such as GFA/Fortune and Erwin Brunner, had invested in the Glenrock funds as a result of de Malmanche's marketing efforts. (Rodriguez-Morick Decl. ¶ 8.) Plaintiff alleges that Glenrock failed to pay the appropriate commissions on these and other investments.

3

Additional discovery has also revealed that Glenrock may have sought to delay an investment made by Dexia, another entity introduced by de Malmanche. The date of the subscription agreement as well as email correspondence between Dexia and Glenrock suggests that Glenrock sought to delay the Dexia investment in an effort to place this investment beyond the post-termination period during which de Malmanche would have been entitled to fees on this investment. (*Id.* at ¶ 9.)

Based on the discovery thus far, Plaintiff moves this Court for the entry of an Order, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, granting Plaintiff leave to file an amended complaint to add another cause of action, breach of the implied covenant of good faith and fair dealing, and to conform the complaint to the evidence developed thus far.

The governing Rule 16(b) scheduling order expressly contemplates that the parties may amend their pleadings by May 15, 2008. Defendants Glenrock Asset Management Associates, L.P., Glenrock, Inc., and Reynard Asset Management, Inc. (collectively, "Glenrock" or "Defendants") have agreed to extend the deadline to Amend the pleadings, to May 30, 2008.

### Argument

Leave to amend should be "freely give[n]." Fed. R. Civ. P. 15(a)(2); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should not deny a timely motion to amend unless there is evidence of undue delay, undue prejudice to the defendant, bad faith, or the futility proposed amendment. *Foman*, 371 U.S. at 182; *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

Here, the proposed amendment is not untimely nor unduly delayed because the Defendants agreed to extend the deadline in the scheduling order to the May 30th, 2008 and the Court has subsequently agreed to Plaintiff's request for an extension to July 14, 2008,

necessitated by Defendants' dilatory conduct. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (A motion filed in compliance with a scheduling order deadline is "on its face" timely.) Furthermore, a six-month gap between the filing of the suit and the filing of the first amended complaint is not an "undue delay." *Middle Atlantic Utilities Co. v. S. M. W. Development Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (three-year delay from the filing of the initial complaint was inadequate basis for denying a motion to amend).

Also, the proposed amendment does not unduly prejudice the Defendants, because the new allegations in the amended complaint arise directly from the facts and claims asserted in the original complaint. *United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir.1989) (proposed amendment was not unduly prejudicial when opposing party had notice of the potential claim at the outset of litigation); *Tomlinson v. St. Paul Reins. Mgmt. Corp.*, 1998 U.S. Dist. LEXIS 1728, 1998 WL 65996 (S.D.N.Y. Feb. 17, 1998) (proposed amendment was not unduly prejudicial due to party's incurrence of additional expenses by reopening discovery, because "[a]lthough, an amendment to the Complaint will more than likely subject defendant to some additional burden, courts have held that such a burden does not constitute impermissible prejudice.").

Here, de Malmanche's proposed amended complaint adds a cause of action for breach of the implied covenant of good faith and fair dealing. The original complaint asserted breach of contract and unjust enrichment claims based on Glenrock's failure to maintain relevant investment records, provide de Malmanche with complete access to relevant investment records, and pay all of the commissions due to de Malmanche arising from de Malmanche's introductions, and the investments flowing therefrom, as provided for under the terms of the Introducer Agreement, dated November 24, 2003. Since filing the complaint, de Malmanche's has learned

through discovery exchanges that Defendants delayed an investment in an effort to avoid paying de Malmanche commissions owed for that introduced investor. Thus, the breach of the covenant of good faith and fair dealing claim added by the amended complaint relates directly to the conduct alleged in the original complaint.

Finally, the proposed amendments to the complaint are being made in good faith and the proposed amendments are not futile. The standard for assessing futility is that of a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Chan v. Reno*, 916 F. Supp. 1289 (S.D.N.Y. 1996). Here, viewed in the light most favorable to de Malmanche, the short and plain statement of the facts contained in the proposed amended complaint reveals that Glenrock's failure to maintain relevant investment records, provide de Malmanche with complete access to relevant investment records, and pay all of the commissions due to de Malmanche arising from de Malmanche's introductions, and purposely delayed investments, support a cause of action for breach of the covenant of good faith and fair dealing. *See Tractebel Energy Marketing v. Aep Power Marketing*, 487 F.3d 89 (2nd Cir., 2007)("Under New York law, a covenant of good faith and fair dealing is implicit in all contracts during the course of contract performance.... The covenant "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.... In some cases, the covenant may even require "affirmative steps to cooperate in achieving" the contract's objective.") (internal citation omitted); *State Street Bank v. Inversiones Errazuriz*, 374 F.3d 158 (2nd Cir., 2004); *P.T.& L. Contr. Corp. v. Trataros Constr., Inc.*, 29 A.D.3d 763, (2d Dep't 2006) (stating that the implied covenant of good faith and fair dealing is breached "when a party to a contract acts in a manner that, although not expressly forbidden by any contractual

provision, would deprive the other party of the right to receive the benefits under their agreement.").

It follows that, the court should grant de Malmanche's timely motion to file the amended complaint.

## Conclusion

For the foregoing reasons, Plaintiff should be granted leave to amend the complaint to add a new cause of action and to conform other allegations in the Complaint to the evidence developed to date in this case.

Dated: New York, New York
       July 14, 2008

Respectfully submitted,

THOMPSON HINE LLP
*Attorneys for Plaintiff Bibi de Malmanche*

By: _____
    Douglas E. Grover
    Jeanette Rodriguez-Morick
    Lauren McEvoy
    335 Madison Avenue, 12th Floor
    New York, New York 10017
    Tel. 212.908.3900
    Fax 212.344.6101

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Support of Plaintiff Bibi de Malmanche's Motion for Leave to Amend the Complaint was served electronically through the Court's ECF System on the following Defendants' counsel on this 14th day of July 2008:

> Mark J. Hyland
> Seward and Kissel LLP
> One Battery Park Plaza
> New York, NY 10004

_____
*One of Attorneys for Plaintiff Bibi de Malmanche.*