UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIBI DE MALMANCHE,

                              Plaintiff,

            -against-

GLENROCK ASSET MANAGEMENT
ASSOCIATES, L.P., GLENROCK, INC. and
REYNARD ASSET MANAGEMENT, INC.,
                              Defendants.

07-CV-10940 (KNF)

**AFFIDAVIT OF
MARK J. HYLAND
IN SUPPORT OF
DEFENDANTS' MOTION
FOR JUDGMENT ON THE
PLEADINGS**

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK)

        MARK J. HYLAND, being duly sworn, deposes and says:

        1.      I am a member of the firm of Seward & Kissel LLP, One Battery Park Plaza,

New York, New York 10004, attorneys for defendants Glenrock Asset Management Associates,

L.P., Glenrock, Inc. and Reynard Asset Management, Inc. (collectively, "Defendants").  I am

familiar with the facts set forth herein, and I make this affidavit in support of Defendants' motion

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings.

        2.      Attached hereto as Exhibit A is a copy of the Introducer Agreement by and among

Plaintiff Bibi DeMalmanche and Glenrock Global Partners, dated as of November 23, 2003 (the

"Introducer Agreement") (also attached as Exhibit A to the Amended Complaint).

        3.      In the Introducer Agreement, the parties expressly agreed to a dispute resolution

procedure.  Specifically, Paragraph 9.1 of the Introducer Agreement sets forth the following

procedure: "Any dispute or difference as to the fees payable hereunder shall be referred to the

Administrator."  To Defendants' knowledge, Plaintiff has not complied with Paragraph 9.1.

4.      In the investment management field, an administrator performs administrative services and acts as a registrar and a transfer agent for investment funds pursuant to administration agreements between the funds and the administrator.  Duties of an administrator vary depending on the specifics of the administration agreement, but typically include (a) maintaining the register of the investors of the investment fund; (b) performing all actions related to the issuance, transfer and redemption of shares in the investment fund; (c) reviewing subscriptions for investments in the investment fund and receiving payment for those investments; (d) publishing and calculating the net asset value of the investment fund; (e) keeping the accounts and financial books and records of the investment fund; and (f) preparing and furnishing annual financial statements and monthly estimates regarding the investment fund's performance.

5.      Attached hereto as Exhibit B is a copy of excerpts from the transcript of Plaintiff Bibi DeMalmanche's deposition taken on April 11, 2008, evidencing her admission that she did not follow the dispute resolution procedures set forth in the Introducer Agreement.

6.      Attached hereto as Exhibit C is a copy of Plaintiff Bibi DeMalmanche's Response to Defendants First Set of Interrogatories, dated August 8, 2008, served August 13, 2008, evidencing Plaintiff's intent to "claim[] damages for investors introduced to Glenrock by financial advisors, nominees, and custodians who were themselves introduced by de Malmanche."

_____
Mark J. Hyland

Sworn to before me
August 15, 2008

_____
Notary Public

DARBY J GREEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GR6139906
Qualified in Nassau County
My Commission Expires January 17, 2010

SK 01828 0009 908886

2

Exhibit A

<u>Private and Confidential</u>

Dated **Nov. 24** ................................ 2003

Glenrock Asset Management Associates, L.P., Glenrock Inc., Reynard Asset Management, Inc.

and

INTRODUCER AGREEMENT

## Contents

| Clause | | Page |
|---|---|---|
| 1 | Definitions and Interpretations | 3 |
| 2 | Appointment | 4 |
| 3 | Duties as Introducer | 5 |
| 4 | Fees and Commissions | 6 |
| 5 | Restriction on Delegation | 7 |
| 6 | Indemnities | 7 |
| 7 | Termination | 7 |
| 8 | Disclosure and Non-Solicitation | 9 |
| 9 | Dispute, Complaints and Compensation | 10 |
| 10 | Entire Agreement | 10 |
| 11 | Variation of the Agreement in Writing | 10 |
| 12 | Miscellaneous | 10 |
| 13 | Notices | 11 |
| 14 | Counterparts | 11 |
| 15 | Governing Law and Jurisdiction | 11 |

IMA350/324354602UN~1.DOC

THIS AGREEMENT is made on __Nov. 24__, 2003

BETWEEN:

(1)    Glenrock Asset Management Associates, L.P., Glenrock Inc. and Reynard Asset
       Management, Inc. of 237 Park Avenue, 8th Floor, New York, NY 10017, USA
       (collectively referred to as "Glenrock").

(2)    Bibi de Malmanche (the "Introducer").

WHEREAS:

(A)    The Introducer is an independent intermediary regulated in the conduct of its
       investment business by the Financial Services Authority (the "FSA") who wishes
       to introduce companies or persons which are potential investors to Glenrock for
       the purpose of investing in any fund or managed account managed or advised by
       Glenrock or its principal, Michael Katz (collectively, such funds and managed
       accounts shall be referred to as the "Glenrock Funds"). Glenrock is engaged in
       the business of discretionary investment management portfolio services.

(B)    Glenrock wishes to appoint the Introducer on a non-exclusive basis to introduce
       Investors to the Glenrock Funds.

(C)    The Introducer wishes to introduce to Glenrock suitable investors to invest in the
       Glenrock Funds.

NOW IT IS HEREBY AGREED as follows:

1      **Definitions and Interpretations**

1.1    In this Agreement (which includes the Recitals) unless the context otherwise
       requires the following expressions have the following meanings:

       "Agreement" means this Agreement;

       "Appointment" means the appointment of the introducer under clause 2;

       "Administrators" means the administrators for the time being of the Glenrock
       Funds;

       "Introduced Investors" means any investors exclusively introduced by the
       Introducer as prospective investors in the Glenrock Funds, and who purchase
       shares or interests in the Glenrock Funds or enter into managed account or
       advisory agreements with Glenrock prior to this Agreement being terminated, and
       who have been agreed by Glenrock prior to the introduction to be introduced

investors which shall include investors acting/investing through a trustee and/or custodian;

"Laws" means all laws and regulations applicable to the activities of the Glenrock Funds, Glenrock and the Introducer pursuant hereto;

"Management Agreements" means (i) the relevant management agreements between Glenrock and the Glenrock Funds, as amended from time to time and (ii) any managed account or advisory agreement between Glenrock and an Introduced Investor, as amended from time to time;

"Termination" means the termination of the appointment of the Introducer pursuant to this Agreement;

Any reference to Glenrock or the Introducer, or their assigns, includes a reference to its, his or their duly authorised agents or their delegates.

1.2. The headings to clauses are for convenience and shall have no legal effect.

1.3 Reference to clauses are reference to clauses in this Agreement unless otherwise stated or the context otherwise requires.

1.4 Unless the context otherwise requires, reference to any statute shall include any statutory modification or re-enactment thereof for the time being in force (and to any orders, regulations instruments or subordinate legislation made under the relevant statute or statutory provision).

## 2  Appointment

2.1 Glenrock hereby appoints the Introducer to introduce investors to the Glenrock Funds on and subject to the terms herein contained until the Appointment shall be terminated as hereinafter provided. The Introducer hereby accepts such Appointment and agrees to provide the services set forth herein.

2.2 The Introducer hereby represents to Glenrock that:

2.2.1 the Introducer has full capacity and authority to enter into and implement the terms of this Agreement;

2.2.2 the Introducer acknowledges that certain interests in the Glenrock Funds have not been registered under the Securities Act of 1933, as amended (the "Act"), and it is intended that such interests shall not be required to be registered under the Act by virtue of the exemption afforded by Regulation D thereof;

IMA350/32435/6024IN-1.DOC

2.2.3   the Introducer will comply with the applicable requirements of the Act, including Regulation D promulgated thereunder, and of the Securities and Exchange Act of 1934, as amended (including all regulations, rules and releases under either statute), with the state securities laws of the state or jurisdiction in which such sale is made and with all applicable rules and regulations of the NASD or any securities exchange in which you are a member;

2.2.4   the Introducer will comply with such procedures and employ such questionnaires as may be prepared by Glenrock for prospective investors and their investor representatives, if any, as may be necessary in order that no act or omission to act by the Introducer in connection with Glenrock's offerings shall cause the exemptions from registration under the Act provided by Rule 506 of Regulation D thereunder to become unavailable;

2.2.5   the Introducer will solicit subscriptions only of Investors who have received a copy of the relevant offering materials of the Glenrock Funds and will not give any information or make any representation other than those contained in the relevant offering materials of the Glenrock Funds, or to offer an investment in the Glenrock Funds to any potential investor or to the public through any advertisement, article, notice or communication published in any newspaper, magazine or similar media or broadcast over television or radio, or any meeting or seminars (except for meetings with individual investors) which, in each case, has not been authorized by Glenrock;

2.2.6   the Introducer has all necessary licenses, registrations and permits to act as the Introducer hereunder in all applicable jurisdictions (including registration as a broker-dealer or equivalent qualification); and

2.2.7   the execution and delivery of, and the performance by the Introducer of its obligations under, this Agreement will not result in a breach of any contract or order, judgement or decree of any court or governmental agency to which the Introducer is a party or by which the Introducer is bound, or any statutes, laws, rules of regulations of any country, state, governmental agency or self-regulatory agency applicable to the Introducer or its business.

## 3     Duties as Introducer

3.1   Glenrock appoints the Introducer on a non-exclusive basis to introduce investors to Glenrock, who are suitable investors or clients for Glenrock Funds.

3.2   The Introducer shall only introduce to Glenrock investors to whom an investment in or managed account client relationship with Glenrock Funds can be made consistent with the law of the jurisdiction in which the investor resides and with

the law of the jurisdiction in which the Glenrock Funds are domiciled or listed and with all laws and regulations of the United States. Introducer shall make such inquiries to each prospective Introduced Investor as are necessary to determine such prospective Introduced Investors suitability.

3.3     In connection with its introduction activities on behalf of Glenrock, Introducer shall use only offering and disclosure documents prepared by Glenrock or the Glenrock Funds and such other materials as are approved in writing by Glenrock.

3.4     The Introducer agrees (i) to keep confidential the identity of investors in the Glenrock Funds and all personal information relating to investors in the Glenrock Funds; (ii) that all materials provided to the Introducer for due diligence and marketing purposes pertaining to the Glenrock Funds, including, but not limited to, descriptions of investments sample investor correspondence and status reports, and financial statements of the Glenrock Funds will be held by the Introducer in confidence for use only for the purpose of evaluating investments in the Glenrock Funds and will not be provided to any other persons or entities without the prior written approval of Glenrock.

3.5     Introducer agrees that it will not, without the prior consent of Glenrock, solicit business from any of Glenrock's (or its affiliates') investors whom Introducer did not previously know and of whom obtains knowledge as a result of such investor's participation as a subscriber in the Glenrock Funds.

4       **Fees and Commissions**

4.1     Glenrock shall pay to the Introducer:

        33 1/3% of investment management and performance fees from time to time received by Glenrock from the Glenrock Funds only in respect of shares or interests owned by each Introduced Investor in any Glenrock Funds or account managed for any Introduced Investor by Glenrock (together, the "Fees"), such fees to be accrued monthly and paid in arrears on a quarterly basis, within 10 days of their receipt by Glenrock, which amount shall be paid during the term of this Agreement and until the first to occur of the following: (i) the applicable Introduced Investor is no longer a Glenrock Fund investor or managed account client provided that if the aggregate net assets of either of the two Glenrock funds or the two Reynard funds, as the case may be, exceed $100 million, the percentage paid to Introducer for subsequent contributions by Introduced Investors of the applicable funds shall be reduced to 20%.

4.2     Notwithstanding the terms of Section 4.1, fees shall cease to be payable with respect to any Introduced Investor if the Management Agreement between Glenrock and the Glenrock Fund in which such Introduced Investor invested or through which such Introduced Investor's account is managed is terminated, save that any fees accrued prior to such termination shall remain payable.

4.3     The Fees shall be payable without any withholdings, deductions, set offs or counter-claims of any kind. If any withholding or deduction shall nevertheless be required by law, Glenrock shall take all necessary steps within its power to release the full amount of the Fees to the Introducer, and if Glenrock does not take such steps within its power then the Fees shall be increased by an amount which, after any such legally required withholding or deduction, shall be equal to the Fees otherwise payable.

4.4     Glenrock agrees with the Introducer throughout the term of this Agreement:

    4.4.1     to keep proper and up to date books of account and records showing the revenues referred to in clause 4.1 above; and

    4.4.2     to make available to the Introducer on request any books of account, records, reports, returns and other information relating to the revenues referred to in clause 4.1 above as the Introducer may reasonably require, and to allow the authorised officers and employees of the Introducer to have access to such information and to take copies of such documents as required.

## 5     Restriction on Delegation

The Introducer shall not have power to delegate the whole or any part of his functions hereunder to any person without the prior written consent of Glenrock.

## 6     Indemnities

6.1     Each party agrees to indemnify and hold the other party harmless from any loss, damage, liability or expense, including reasonable attorneys' fees and other legal expenses, to which the other party may become subject arising out of or relating to any act or omission by the indemnifying party (or any person connected or associated with the indemnifying party) which is or is alleged to be violation of any applicable statutes, laws or regulations or arising from the negligence or willful misconduct of the indemnifying party.

## 7     Termination

7.1     <u>Subject to clause 7.4, 7.5 and 7.6</u> the Introducer shall be entitled to resign the Appointment hereunder:

    7.1.1     by giving not less than three months' notice in writing to Glenrock;

    7.1.2     at any time on giving written notice to Glenrock if Glenrock shall go into liquidation (except a voluntary liquidation for the purposes of reconstruction or amalgamation upon terms previously approved in writing by the Introducer, such approval not to be unreasonably withheld

or delayed) or commit any other act of bankruptcy under the relevant legislation or if a receiver is appointed over any assets owned by Glenrock;

7.1.3　at any time on giving written notice to Glenrock if the Glenrock Funds shall go into liquidation (except a voluntary liquidation for the purposes of reconstruction or amalgamation upon terms previously approved in writing by the Introducer (such approval not to be unreasonably withheld or delayed) or commit any other act of bankruptcy under the relevant legislation or if a receiver is appointed for any of the assets of the Glenrock Funds; or

7.1.4　at any time on giving written notice to Glenrock if Glenrock shall commit any material breach of its obligations under this Agreement and (if such breach shall be capable of remedy) shall fail within 30 days of receipt of notice served by the Introducer requiring it so to do to make good such breach.

7.2　Subject to clause 7.4 Glenrock may terminate the Appointment of the Introducer hereunder without liability:

7.2.1　by giving not less than three months' notice in writing to the Introducer;

7.2.2　at any time by immediate notice on giving written notice to the Introducer if the Introducer shall go into liquidation (except a voluntary liquidation for the purposes of reconstruction or amalgamation upon terms previously approved in writing by Glenrock, such approval not to be unreasonably withheld or delayed) or commit any other act of bankruptcy under the relevant legislation or if a receiver is appointed over any assets owned by the Introducer;

7.2.3　the Introducer ceases or fails to hold any license, permit or authorisation required by him to perform his duties hereunder;

7.2.4　at any time on giving written notice to the Introducer if the Introducer shall commit any material breach of its obligations under this Agreement and (if such breach shall be capable of remedy) shall fail within 30 days of receipt of notice served by Glenrock requiring him so to do to make good such breach.

7.3　Subject to clause 7.4, 7.5 and 7.6, Glenrock may terminate its participation in this Agreement immediately without liability upon the Management Agreements for the Glenrock Funds terminating or being terminated.

7.4　Any Termination of this Agreement shall be without prejudice to any claim by any party against the other party for any breach of the terms hereof committed

prior to such Termination or any other rights which have accrued hereunder to either party.

7.5 In the event of Termination other than in relation to Termination resulting from the liquidation of Glenrock or the Glenrock Funds, the Introducer shall be entitled to be paid:

7.5.1 Fees resulting from all existing investments from Introduced Investors at the date of Termination for the duration of such investment; and

7.5.2 Fees resulting from any investments made by Introduced Investors during and for a period of 12 months from the date of Termination.

7.6 In the event that the Management Agreements or any of them are to be varied in whole or in part, Glenrock shall immediately following such variation agree to variations (if required) to this Agreement with a view to maintaining the relative commercial position between Glenrock and the Introducer reflected in this Agreement based on the existing Management Agreements.

**8    Disclosure and Non-Solicitation**

8.1 No party hereto shall during the continuance of this Agreement or after its termination disclose to any person, firm, company, institution or other third party except with the authority of the other party or as otherwise required by the Laws) or use for its own benefit or for the benefit of any third party, other than in furtherance of its obligations hereunder, any information relating to the business, investments, finances or other matters of a confidential nature of any other party of which it may in the course of its duties hereunder or otherwise become possessed and each shall use all reasonable endeavors to prevent any such disclosure as aforesaid. This paragraph shall survive the termination of this Agreement.

8.2 Introducer agrees and covenants that during the term of this Agreement and for a period of twenty-four twelve (12) months thereafter, irrespective of whether the term of this Agreement was ended by Introducer or Glenrock, Introducer will not, directly or indirectly, solicit any person who is or has been an employee of Glenrock or any affiliate of Glenrock at the end of the term or within the twelve (12) months preceding such date, to become an employee of Introducer or of any person or entity associated or affiliated with Introducer, or to be engaged on a contractor basis by Introducer or any person or entity associated or affiliated with Introducer. This paragraph shall survive the termination of this Agreement.

**9    Dispute, Complaints and Compensation**

9.1 Any dispute or difference as to the fees payable hereunder shall be referred to the Administrator.

9.2    In relation to any dispute or difference, the Administrator shall be deemed to be acting as experts and not as arbitrators and their determination as to the amount of such fees shall be final and binding on the parties.

9.3    Any payment required to be made by either party in consequence of such determination shall be made within 14 days thereof, or as soon thereafter as possible.

**10    Entire Agreement**

10.1    The Appointment shall be on the terms of this Agreement which said terms shall be in substitution for all other terms.

10.2    This Agreement sets forth the entire agreement and understanding between the parties in connection with the management arrangements described herein and neither party has relied on any warranty or representation of the other party except as expressly stated or referred to in this Agreement.

**11    Variation of the Agreement in Writing**

Save as otherwise expressly provided herein, no variation or addition to this Agreement shall be valid unless made in writing and signed by both parties.

**12    Miscellaneous**

12.1    No failure on the part of any party hereto to exercise, and no delay on its part in exercising, any right or remedy under this Agreement will operate as a waiver thereof nor will any single or partial exercise of any right or remedy preclude any other or further exercise thereof or the exercise of any other right or remedy. The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights or remedies provided by law.

12.2    The Introducer may not assign any of its rights or obligations hereunder without the prior written consent of Glenrock.

12.3    The illegality, invalidity or unenforceability of any provision of this Agreement under the law of any jurisdiction shall not affect its legality, validity or enforceability under the law of any other jurisdiction nor the legality, validity or enforceability of any other provision.

**13    Notices**

13.1    Any notice or other document to be given under this Agreement shall be in writing and shall be deemed duly given if left at or sent by first class post or other fast postal service or delivered by internationally recognized courier with a

written confirmation sent by one of the aforementioned methods to the respective addresses shown on the face hereof or other of the respective registered offices or principal places of business for the time being of the parties and shall be deemed to have been received when in the ordinary course of the means of transmission it would first be received by the addressee in normal business hours.

13.2    In providing the giving of a notice it shall be sufficient to prove that the notice was left, that the envelope containing such notice was properly addressed and posted, that the notice was sent by courier and either delivered or delivery was refused, and the written confirmation left, posted properly or delivered.

14      **Counterparts**

This Agreement may be entered into in any number of counterparts and by the parties hereto on separate counterparts, each of which when so executed and delivered shall be an original, but all the counterparts shall together constitute one and the same instrument.

15      **Governing Law and Jurisdiction**

15.1    This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

15.2    Both parties hereby irrevocably submit to the jurisdiction of the courts of the State of New York but this Agreement may be enforced in any court of competent jurisdiction.

IN WITNESS WHEREOF, this Agreement has been executed by or on behalf of the parties hereto on the day and year first above written.

SIGNED BY
for and on behalf of
Glenrock Global Partners _____ (Michael Katz)
Director

SIGNED BY
for and on behalf of bibi de Malmanche

_____
Director

01828.0005 #389669

JMA350/32435/60241N~1.DOC

Exhibit B

COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.:  07-CV-10940(CM)(KNF)

---------------------------------------x
BIBI DE MALMANCHE,

                        Plaintiff,

        -against-

GLENROCK ASSET MANAGEMENT
ASSOCIATES, L.P., GLENROCK, INC.,
and REYNARD ASSET MANAGEMENT, INC.,

                        Defendants.
---------------------------------------x

                        April 11, 2008
                        9:34 a.m.

        Deposition of BIBI de MALMANCHE taken

by attorneys for Defendants, pursuant to Notice,

held at the offices of Seward & Kissel, LLP,

One Battery Park Plaza, New York, New York,

10004, New York 10038, before Janet Hamilton,

RPR, (1991), and Notary Public.

|           | 1  | (De Malmanche, 4/11/08) |
|-----------|----|-------------------------|

17:11:13  2  to the amount of fees in dispute between you and

17:11:17  3  Glenrock?

17:11:18  4        A.    I read the contract and that

17:11:26  5  particular document. So -- yes. The answer is

17:11:29  6  yes.

17:11:30  7        Q.    But prior to engaging counsel -- I

17:11:32  8  understand you didn't contact the administrator.

17:11:35  9  Did you take any efforts to refer the dispute to

17:11:38  10  the fund administrator?

17:11:40  11        A.    I did not.

17:11:41  12        Q.    You knew who the fund

17:11:42  13  administrator was at that time?

17:11:46  14        A.    At what time?

17:11:47  15        Q.    Well, at the time --

17:11:50  16        A.    When I was working for Mr. Katz I

17:11:53  17  knew who the administrator was.

17:11:55  18        Q.    Yes.

17:11:56  19        A.    When I finished working for

17:11:57  20  Mr. Katz I probably did not know who the

17:11:59  21  administrator was. But I did understand they

17:12:02  22  had changed administrators, to the best of my

17:12:06  23  knowledge.

17:12:06  24        Q.    Did you make any effort to

17:12:07  25  determine whether or not the administrator had

|          | 1  | (De Malmanche, 4/11/08) |
| 17:12:10 | 2  | changed? |
| 17:12:10 | 3  | A.    I may have done.  Because I would |
| 17:12:13 | 4  | have seen Mr. Katz's results.  And that would |
| 17:12:18 | 5  | include the administrator's name. |
| 17:12:23 | 6  | Q.    Did you make any effort to refer |
| 17:12:26 | 7  | your dispute over the fees to the administrator |
| 17:12:33 | 8  | once you had seen the administrator's name and |
| 17:12:37 | 9  | Mr. Katz's results? |
| 17:12:39 | 10 | A.    I did not. |
| 17:13:06 | 11 | Q.    Sitting here today -- we looked at |
| 17:13:12 | 12 | your list of introduced investors previously. |
| 17:13:16 | 13 | Sitting here today do you have an understanding, |
| 17:13:19 | 14 | personal understanding separate from documents, |
| 17:13:23 | 15 | as to the amount of damages you're claiming for |
| 17:13:26 | 16 | those individual investors? |
| 17:13:28 | 17 | A.    I do not. |
| 17:13:30 | 18 | Q.    And you don't know -- strike that. |
| 17:13:37 | 19 | Do you have any understanding as |
| 17:13:38 | 20 | to whether those investors have been contacted |
| 17:13:41 | 21 | by other marketers regarding the Glenrock funds |
| 17:13:46 | 22 | since the termination of your relationship with |
| 17:13:49 | 23 | Glenrock? |
| 17:13:50 | 24 | A.    Specifically which investors? |
| 17:13:53 | 25 | Q.    Well, the investors on your list |

|          |    |                                                    |
|----------|----|----------------------------------------------------|
|          | 1  | (De Malmanche, 4/11/08)                            |
| 17:29:49 | 2  | not a custodian to Mr. Katz.  Fortune invested,    |
| 17:29:53 | 3  | or GFA invested, or the entity invested.  I have   |
| 17:29:58 | 4  | not said that they're a custodian.  And so I       |
| 17:29:59 | 5  | don't see how that relates to your question.       |
| 17:30:00 | 6  | Q.    Well, Fortune is a marketer of               |
| 17:30:03 | 7  | hedge funds, isn't it?                             |
| 17:30:05 | 8  | A.    But they're not a custodian.  And            |
| 17:30:07 | 9  | I think your question was regarding custodians     |
| 17:30:07 | 10 | and nominees.                                      |
| 17:30:08 | 11 | Q.    Well, I was.  But I was responding           |
| 17:30:10 | 12 | to your answer regarding the fairness of the       |
| 17:30:13 | 13 | claim.                                             |
| 17:30:14 | 14 | Is it a fact that you're now                       |
| 17:30:16 | 15 | claiming a share of management and incentive       |
| 17:30:20 | 16 | fees for the investments by investors with whom    |
| 17:30:26 | 17 | you have had no contact?                           |
| 17:30:28 | 18 | A.    I'm referring that to counsel.               |
| 17:30:30 | 19 | Because it is not an answer that is relevant in    |
| 17:30:34 | 20 | all cases.  Specifically in some cases, yes.       |
| 17:30:37 | 21 | And in other cases, no.  It will depend upon       |
| 17:30:40 | 22 | which investor they are referring to.              |
| 17:30:43 | 23 | Q.    Do you intend to identify those              |
| 17:30:44 | 24 | investors in this litigation?                      |
| 17:30:47 | 25 | A.    Absolutely.                                  |

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIBI DE MALMANCHE,

　　　　　　Plaintiff,

　　v.

GLENROCK ASSET MANAGEMENT
ASSOCIATES, L.P., GLENROCK, INC., and
REYNARD ASSET MANAGEMENT, INC.,

　　　　　　Defendants.

Case No.: 07-cv-10940 (KNF)

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' FIRST SET
OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Bibi de Malmanche ("plaintiff") hereby responds and objects to defendants', Glenrock Asset Management Associates, L.P., Glenrock, Inc., and Reynard Asset Management, Inc. (collectively "Glenrock" or "defendants"), First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated into each specific response as if fully set forth therein.

1.　　Plaintiff objects to each and every Definition, Instruction and Interrogatory to the extent that it:　(a) is improper; (b) is overly broad as to time and content; (c) is unduly burdensome or oppressive; (d) is vague or ambiguous; (e) is unreasonably cumulative or duplicative; or (f) seeks documents that are not relevant to the claim or defense of any party, are immaterial, or are otherwise not reasonably calculated to lead to the discovery of admissible evidence.

166265.3

2.      Plaintiff objects to each and every Definition, Instruction and Interrogatory to the extent it seeks information that is privileged or otherwise exempt or immune from discovery because it was prepared in anticipation of litigation or for trial, or because it is subject to the attorney-client privilege, the work product doctrine, any common interest privilege or any other applicable privilege, exception or immunity.  In responding to these Interrogatories, plaintiff does not intend to waive, and shall not be construed as having waived, any privilege or protection, including but not limited to, the attorney-client and work product privileges.  Plaintiff objects to each and every Definition, Instruction and Interrogatory to the extent that it contains undefined or other terminology that is vague, ambiguous or colloquial, insofar as such terminology does not permit plaintiff to ascertain the content of the Interrogatory, rendering the Interrogatory unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each and every Definition, Instruction and Interrogatory to the extend that it would impose obligations beyond those imposed by applicable provisions of the Federal Rules of Civil Procedure, the Rules of this Court, or the case law interpreting each of them.

4.      Plaintiff objects to each and every Definition, Instruction and Interrogatory to the extent that the information sought contains confidential, personal or private, proprietary, or sensitive business information, or information protected from disclosure by law, including, but not limited to federal securities laws, court order, or any agreement with respect to confidentiality or nondisclosure.

2

5.      Plaintiff objects to each and every Definition, Instruction and Interrogatory to the extent that it calls for information not related to the subject matter of this litigation.

6.      Plaintiff objects to each and every Definition, Instruction and Interrogatory to the extent it is not reasonably calculated to lead to the discovery or admissible evidence, or otherwise seeks information that is beyond the scope of discovery in this action.

7.      Plaintiff objects to each and every Definition, Instruction and Interrogatory to the extent it call for the production of information outside plaintiff's possession, custody or control.

8.      Plaintiff objects to each and every Definition, Instruction and Interrogatory to the extent it calls for the production of information already in the defendants' possession, custody or control.

9.      Plaintiff objects to each and every Definition, Instruction and Interrogatory to the extent that it is not narrowly tailored to call for production of information likely to be in plaintiff's custody or control, but rather seeks information likely to be in the possession of defendants or non-parties to this action.

10.     Plaintiff objects to each and every Definition, Instruction and Interrogatory to the extent it calls for the production of information readily available through public sources, from sources that are more convenient, less burdensome or less expensive, or from sources that are more readily available to the defendants than to plaintiff.

11.     Plaintiff objects to each and every Definition, Instruction and Interrogatory to the extent it calls for a response that may depend in whole or in part on expert testimony, since expert discovery has not even begun.  Plaintiff will disclose opinion testimony on the schedule

3

set by the parties. Such expert disclosures may include information responsive to one or more of the interrogatories below which information, upon such disclosure, will have "otherwise been made known" (as that phrase is used in Fed.R.Civ.P.26(e)) to the defendants.

12.    Plaintiff's responses and objections to the Interrogatories are not intended to be, and shall not be construed as, an agreement or concurrence by plaintiff with the defendants' characterization of any facts, circumstances, and/or legal obligations. Plaintiff also reserves the right to contest any such characterizations as inaccurate. Plaintiff further objects to each and every Definition, Instruction and Interrogatory to the extent it contains express or implied assumptions of fact or law with respect to matters at issue in this case.

13.    Plaintiff provides these Responses and Objections subject to further discovery in this action and further verification and research. The information provided herein is based on plaintiff's present knowledge, information and belief. Plaintiff reserves the right to supplement, amend, modify or correct all or any parts of any response provided herein, and reserves the right to object to the admissibility of all of any part of the responses provided herein and any information contained herein.

14.    Plaintiff's responses are not intended to, and shall not, be construed as an admission that the information is relevant, material, admissible in evidence or reasonably calculated to lead to the discovery of admissible evidence, or as a waiver of any applicable privilege.

15.    The fact that plaintiff has responded to a particular Interrogatory shall not be interpreted as acknowledging the propriety of the Interrogatory.

4

### INTERROGATORY RESPONSES

The General Objections are incorporated into each specific interrogatory response.

     *1.     Identify each and every investor in any of the Glenrock Funds for which Plaintiff is claiming damages in the complaint.*

RESPONSE: Plaintiff objects to this interrogatory upon the grounds that it calls for production of information likely to be in defendants' custody or control.  Plaintiff is unable to respond accurately to this interrogatory, at this time, without further discovery and additional time to review the discovery only recently received from defendants; Plaintiff has requested that defendants produce other relevant information and documents including, for example, administrative fee sheets, and is still waiting for full documentation.  Additionally, plaintiff objects to defendants' characterization that plaintiff is limited to claiming damages solely on identifiable investors in the Glenrock Funds.  Plaintiff is also claiming damages for investors introduced to Glenrock by financial advisors, nominees, and custodians who were themselves introduced by de Malmanche.  Subject to these objections and the General Objections set forth above, plaintiff has identified the following investors, financial advisors, custodians, and/or nominees for which she is claiming damages: ABN Amro; Aetna Partners Diversified Funds; AGF; Agora Capital Management; Aida Capital; Albourne; Allen Perkins Group; Allianz; Alpha Funds; Altas Capital; American Express; Anchor Asset Management; Asset Alliance; Athena Alternative Investment (known as AGF and now merged with Allianz); Aurelia (Hermes Fund); Baltic Asset Management; AXA Alternative Advisors; Banco Portugues de Investimento; Banco Santander (now known as Optimal); Bank Audi; Bank Austria; Bank Vontobel; Banque Edouard Constant; Banque Franck; Banque Privee Edmond de Rothschild, Luxembourg; Banque Syz 3A; Banque Thaler; BBV Privanza; BrunnerInvest; Bucephale; Capital Z/Highstar Capital; Cazenove; CBG Compagnie Bancaire Geneva (now known as Societe Generale Private Bank);

5

Ciran; CITCO Finance; CITCO Lyxor; Citi; Concerto Capital; Coronation; Credit Suisse London Nominees; Credit Suisse Private Banking; CSPB; Dawnay Day; Delman/Mestral; Deutsche Bank; Dexia; Discount Bank; Dresdner KW; EDF Man-RMF; EIM; EFG; Erste Bank; Fauchier Partners; FDS Gestion; FiberTel; Field Nominees; FIM; Finaltis; Fix Asset; Fortune/GFA; Fondvest; Fortis; Forvest; FRM; Fund Advisors; GAM; GLG Partners; Gottex; Guernroy; Harcourt; HDF; HSBC; IAM; IHT; IV Capital; Julius Baer; Kairos Partners; Kingston Fund; Kuwait Investment Office; LCFR; LGT; Liberty Ermitage; Lloyds Bank Geneva; Lyxor; Mees Pierson; Mitsubishi Corp; Mitsui & Co Investment Products; NLI Research Institute; Nomura Asset Management; Notz Stucki & Cie; Octogone; OFIVALMO; Old Mutual; Olympia Paris; Opportunite; Partners Advisers; Pictet; Pioneer/ex Momentum; Powers and Dubin; Profunda; RAB Capital; Rothschild, Paris; Russell Investment Group; Schroder; Seedman; Search Group; Societe Generale Private Bank; Soprigest; Stenham; Swiss Capital; Terges; The Family Office; Tremont Advisors and/or Tremont TASS; UBP; Unigestion; Union Bancaire Privee; Von Graffenried Olympia Capital; VZG; Winterthur Life; Yankee Advisors; and ZCM/Stillwater. Subject to these objections and the General Objections set forth above, plaintiff has identified the following individuals with whom plaintiff may have introduced regarding the investors, financial advisors, custodians, and/or nominees for which she is claiming damages, but more records are needed from defendants: Bank of Bermuda; CITI Bank Private; Cross Border; Emerging Manager Program Limited; Group AMA Paris; Guernsey; SCS Alliance; The Select Fund; Shoval; Shoval Consistent Performance Fund; Thames River Multi-Strategy Fund; The Dubai Group; and Union Alternative Strategies.

6

     2.     *For each and every investor identified in response to Interrogatory Number 1,*
*identify the person or persons with whom Plaintiff had communications regarding the Glenrock*
*Funds.*

RESPONSE: Plaintiff objects to this interrogatory upon the grounds that it calls for production of
information likely to be in defendants' custody or control.  Plaintiff is unable to respond
accurately to this interrogatory, at this time, without further discovery and additional time to
review the discovery only recently received from defendants; Plaintiff has requested that
defendants produce other relevant information and documents including, for example,
administrative fee sheets, and is still waiting for full documentation.  Additionally, plaintiff
objects to defendants' implication that plaintiff may only recover if plaintiff can provide
information for her contacts relating to each investor.  Plaintiff also objects to defendants'
characterization limiting plaintiff's potential recovery to identifiable investors in the Glenrock
Funds.  Plaintiff is also claiming damages for investors introduced to Glenrock by financial
advisors, nominees, and custodians who were themselves introduced by de Malmanche.  Subject
to these objections and the General Objections set forth above, plaintiff has identified the
following individuals with whom plaintiff has communicated regarding the investors, financial
advisors, custodians, and/or nominees for which she is claiming damages: ABN Amro (Jonathan
Howard, Alex Da Costa); Aetna Partners Diversified Funds; AGF (Inge Peeters, Karim
Vallmamode); Agora Capital Management (Umberto Boccarto); Aida Capital (Nick Oppenheim,
Anthony Culligan, Hugh Warrender); Albourne (Su Yin Mustier); Allen Perkins Group
(Geoffrey Lam); Allianz (Benjamin Happ, Anthony Zanolla, Evelyn Dravis); Alpha Funds
(David U., Simon); Altas Capital (Shinji Miyabe, Meena Lakshmanan, Schweta Ahluwalia, Alex
Da Costa, Tarik Onac, Torvill, Alice Bordini, Mark Smith); American Express (Arnaud

7

Heymann, Stephane Varin); Anchor Asset Management (Basil Mavrollian); Asset Alliance (Michael Azien, Daniel Axmer, Simon Fentham); Athena Alternative Investment (Karim Valimamode); Aurelia, Hermes Fund (Joel Johnson); AXA Alternative Advisors (Barry Seeman); Baltic Asset Management (Michael Goddard, Damian Brannan); Banco Portugues de Investimento (Sandra Catarino); Banco Santander (Mr. Notz, Edouard D'Assche, Manuel Escheverria Falla, Caron Bastainpillal); Bank Audi (Theresa Kienler, John Barclay); Bank Austria (Christian Rakos, Peter Katletz); Bank Vontobel (Daniel Brian); Banque Edouard Constant (Stephane Pizzo); Banque Franck (Ross Evans); Banque Privee Edmond de Rothschild, Luxembourg; Banque Syz 3A (Masha Johnson, Cedric Van Rijckevorsel); Banque Thaler (Theresa Kienler); BBV Privanza (Rudolfo Ibanez); BrunnerInvest (Erwin Brunner); Bucephale (Stephen Ruffino, Steve Rossini); Capital Z/Highstar Capital (Elizabeth Fisser, Sharissa Jones); Cazenove (Angus Gordon Lennox); CBG Compagnie Bancaire Geneva (Laurence Winkler, Albert Touboul); Ciran (Erwin Brunner); CITCO Finance (Giancarlo Cioffi, Yvan Clement); CITCO Lyxor (Yves Lehman, Nathanael Benzaken, Lionel Erdely, Guillaume Wilmet, Joris Bastien, Youssef Azami, Alexandre Labbe, Didier Imbert); Citi (JS Gadd); Concerto Capital (Andrew Baker, Arnoud de Villegas, Phillip Hadley); Coronation (Stuart Davies); Credit Suisse London Nominees (Marlen Engeler, Christopher Hill, Christine Rossier); Credit Suisse Private Banking (Marlen Engeler, Christopher Hill, Christine Rossier); Cross Border; CSPB (Marko Sobic); Dawnay Day (Ian Morley); Delman/Mestral (Stephane Marie, Marc-Ettianne Rouge, Francois Gillieron, David Sokoloff, Alfia Cannavo); Deutsche Bank (Steve Kennedy); Dexia (Kris de Souter, Jean-Sebastien Debusschere); Discount Bank (Mr. Charrey); Dresdner KW (Andrew Panteli, Mehraj Mattoo); EDF Man-RMF (Nick Cavalla, Coen Weddepohl); EIM (Richard Blake, Sue Mustier, Aamer Zaid); EFG (Jerome Schonbachler); Erste Bank (Chrisophe

Kampigsche, Bernard Reisecker, Richard Wilkinson, Dr. Alexander Zwirchmayr); Fauchier Partners (Gerry Ifill-Williams); FDS Gestion (Flavio da Silveira); FiberTel (Ed Bunge); Field Nominees; FIM (Michael Ezra); Finaltis (Pierre Gia-Levra, Denis Beaudoin, Jean Julien Goettmann, Christophe Olivier); Fix Asset (Marianna Fix Cambanis, Ayca Isik Pars, John Embiricos, Terry); Fortune/GFA (Rick Tarver, Owen Brolley, David Moore, Sanjay Tikku, Amy); Fondvest (Roland Spoetler, Markus Winkler); Fortis (Tristan Gervais, Mo Zayan); Forvest (Jan Buess); FRM (Ingrid Neitsch, Bruce Lockwood, Grainne McAnallen); Fund Advisors (John Baker, Diego von Busch); GAM (Kier Boley, Nicolas Saint-Denis, David Smith); GLG Partners (Paul Harvey, Jonathan Howard); Gottex (Peter Bennett); Guernroy Swiss Capital (Christopher Merlini); Harcourt (Christophe Gruenig); HDF (Christophe Jaubert); HSBC (Roxanne Bayandori, Ferdinand von Galen, Annie Brunschwig, Peter Rigg, Gerald Messier, Alexandre Reisch); IAM (Peter Rose); IHT (Sarah Macinnes); IV Capital (Zakhia Mehdi, Michael Bull, Ian Deacon); Julius Baer (Jeffrey Haindl); Kairos Partners (Michel Gesauldi, Stephano Prosperi); Kingston Fund (Henry Mulherin); Kuwait Investment Office (Salah al Muraikhi); LCFR (Bernard Aybram, Roger Carmignani, Rick Sopher, Brad Aimee, A. Kalis); LGT (Peter Pfister, Viktor Ula, Bruno Hibder, Daniel Giger Vontobel, Stephan Arnold, Ivo Winstoefer); Liberty Ermitage (David Penhale, Darren Witton, Ian Cadby); Lloyds Bank Geneva (Michael Fergusen); Lyxor (Yves Lehman, Nathanael Benzaken, Lionel Erdely, Guillaume Wilmet, Joris Bastien, Youssef Azami, Alexandre Labbe, Didier Imbert, Antione Broquereau); Mees Pierson (Lynda Stoelker); Nomura Asset Management (Yuko Matsuoke, Yuhki King, Laura Palomino, Trevor Langford); Mitsubishi Corp (Kazuhito Arakawa); Mitsui & Co Investment Products (Akira Fujiyama); NLI Research Institute (Fumio Nakakubo); Notz Stucki & Cie (James McPherson, John Hockin, Mr. Notz, Edouard D'Assche, Manuel Escheverria Falla,

Caron Bastainpillal); Octogone (Hilmi Unver); OFIVALMO (Guirrati, Ameur Kaffel); Old Mutual (Ross Jones, Kelly Simon, Tamara); Olympia Paris (Nicolas Britten, Cedric Fontanille); Opportunite (Nadine Guillemet); Partners Advisers (Jerome Muller, Lucas Estennet); Pictet Henry Van Sway); Pioneer/ex Momentum (Alice Healy, Michael Goldman, Mark Barker); Powers and Dubin (Mark Powers, Mike Dubin); Profunda (Schilter); RAB Capital (David Hince); Rothschild, Paris (Bernard Aybran); Russell Investment Group (Paul Lavin, A. Sakata for the Nippon Fund); Schroder (John Parkin, Nicos Latsis); Search Group (James Fong, Leo Lee, Julius Wang); Seedman (David Sternberg); Societe Generale Private Bank (Yves Lehmann, Antione Broquereau); Soprigest (Stephane Gosteli, Guido Sessa, Laurent Pribet); Stenham (Lynda Stoekler, Javier); Swiss Capital (Christopher Merlini, Rebekka Benesch); Terges (Edwige Stiefel); The Family Office (Christian Brustlein, Laurent, Gabriel); Tremont Advisors and/or Tremont TASS (Elisa Mailman, Tony Daly); UBP (Celine Pairault, Joseph Hainen, Laurent Rice, Reza); Unigestion (Roshanak Malek, Giacomo Bruzzo); Union Bancaire Privee (Joseph Hanein, Reza Vahabzadeh); Von Graffenried Olympia Capital (Georg Stucki); VZG (Markus Winkler, Roland Spoetel); Winterthur Life (Armin Vogel); Yankee Advisors (Chris Umscheid); ZCM/Stillwater (Marianna Fix Cambanis, Ayca Isik Pars, John Embiricos, Terry).

3.    *Identify each and every prospective or potential investor in the Glenrock Funds who, pursuant to Section 1.1 of the Agreement, were agreed by Defendants, prior to the introduction by Plaintiff, to be introduced investors.*

RESPONSE: Plaintiff objects to this interrogatory upon the grounds that it calls for production of information likely to be in defendants' custody or control. Plaintiff is unable to respond accurately to this interrogatory, at this time, without further discovery and additional time to review the discovery only recently received from defendants and have requested that defendants

10

produce other relevant information and documents.  Additionally, plaintiff objects to defendants'
implication that plaintiff may only recover for those investors for which plaintiff can show
defendants' prior agreement.  Plaintiff also objects to defendants' characterization limiting
plaintiff's potential recovery to identifiable investors in the Glenrock Funds.  Plaintiff is also
claiming damages for investors introduced to Glenrock by financial advisors, nominees, and
custodians who were themselves introduced by de Malmanche.  Subject to these objections and
the General Objections set forth above, plaintiff refers defendants to the list in Response to
Interrogatory No. 1 above.

     *4.     Identify each and every prospective or potential investor in the Glenrock Funds
who, pursuant to Section 1.1 of the Agreement, Plaintiff claims to have "exclusively introduced"
as prospective investors in the Glenrock Funds.*

RESPONSE: Plaintiff objects to this interrogatory upon the grounds that it calls for production of
information likely to be in defendants' custody or control.  Plaintiff is unable to respond
accurately to this interrogatory, at this time, without further discovery and additional time to
review the discovery only recently received from defendants and have requested that defendants
produce other relevant information and documents.  Additionally, plaintiff objects to defendants'
implication that plaintiff may only recover for those investors for which plaintiff can show
defendants' prior agreement.  Plaintiff also objects to defendants' characterization limiting
plaintiff's potential recovery to identifiable investors in the Glenrock Funds.  Plaintiff is also
claiming damages for investors introduced to Glenrock by financial advisors, nominees, and
custodians who were themselves introduced by de Malmanche.  Subject to these objections and
the General Objections set forth above, plaintiff refers defendants to the list in Response to
Interrogatory No. 1 above.

the General Objections set forth above, plaintiff refers defendants to the list in Response to

Interrogatory No. 1 above.

London, England
August ~~22~~, 2008

By: _____
     Bibi de Malmanche
     *Plaintiff*

12