UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIBI DE MALMANCHE,<br><br>          Plaintiff,<br><br>  -against-<br><br>GLENROCK ASSET MANAGEMENT ASSOCIATES, L.P., GLENROCK, INC. and REYNARD ASSET MANAGEMENT, INC.,<br><br>          Defendants. | 07-CV-10940 (KNF) |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION
FOR JUDGMENT ON THE PLEADINGS**

## TABLE OF CONTENTS

Table of Authorities ............................................................................................................ ii

Preliminary Statement......................................................................................................... 1

Argument ............................................................................................................................ 4

    I.   DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFF HAS FAILED SUBMIT ANY DISPUTE UNDER THE INTRODUCER AGREEMENT TO THE FUNDS' ADMINSTRATOR........................... 5

    II.  DEFENDANTS ARE ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS TO THE EXTENT PLAINTIFF SEEKS DAMAGES FOR INVESTMENTS INTRODUCED BY OTHER THIRD-PARTY MARKETERS ............. 7

    III. DEFENDANTS ARE ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFF'S BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IS DUPLICATIVE OF PLAINTIFF'S BREACH OF CONTRACT CLAIM ............................................................ 9

    IV. DEFENDANTS ARE ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS DUPLICATIVE OF PLAINTIFF'S BREACH OF CONTRACT CLAIM....................... 10

    V.  DEFENDANTS ARE ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFF HAS FAILED TO PLEAD A FIDUCIARY RELATIONSHIP GIVING RISE TO A CLAIM FOR AN ACCOUNTING ............................................................................................................ 11

Conclusion ........................................................................................................................ 13

# TABLE OF AUTHORITIES

## Federal Cases

*Advanced Mktg. Group, Inc. v. Bus. Payment Sys., LLC*, 481 F. Supp. 2d 319
   (S.D.N.Y. 2007) ........................................................................................................... 5

*Allman v. Sony BMG Music Entm't*, 2008 U.S. Dist. LEXIS 47612 (S.D.N.Y.
   June 18, 2008) ......................................................................................................... 7, 8

*BAE Automated Systems, Inc. v. Morse Diesel Int'l Inc.*, 2001 U.S. Dist. LEXIS
   6682 (S.D.N.Y. May 22, 2001) .................................................................................... 6

*Camp Summit of Summitville, Inc. v. Visinski*, 2007 U.S. Dist. LEXIS 28496
   (S.D.N.Y. Apr. 16, 2007) ............................................................................................. 9

*CB Richard Ellis, Inc. v. American Envt'l Waste Mgmt.*, 1998 U.S. Dist. LEXIS
   20064 (S.D.N.Y. Dec. 4, 1998) .................................................................................... 6

*CBS Broadcasting, Inc. v. Jones*, 460 F. Supp. 2d 500 (S.D.N.Y. 2006) ............................. 10, 11

*Compagnia Importazioni Esportazioni Rapresentanze v. L-3 Commc'ns Corp.*,
   2007 U.S. Dist. LEXIS 57870 (S.D.N.Y. July 31, 2007) ............................................. 9

*Cue Fashions, Inc. v. LJS Distribution, Inc.*, 807 F. Supp. 334 (S.D.N.Y. 1992) ................ 7, 8

*Dayan Enters. Corp. v. Nautica Apparel, Inc.*, 2003 U.S. Dist. LEXIS 21344
   (S.D.N.Y. Nov. 26, 2003) .......................................................................................... 12

*Deutsche Lufthansa AG v. The Boeing Co.*, 2007 U.S. Dist. LEXIS 9519
   (S.D.N.Y. Feb. 2, 2007) ............................................................................................... 7

*Dyncorp v. GTE Corp.*, 215 F. Supp. 2d 308 (S.D.N.Y. 2002) ............................................... 7

*Fasolino Foods Co., Inc. v. Banco Nazionale del Lavoro*, 961 F.2d 1052 (2d. Cir.
   1992) ............................................................................................................................ 9

*Goldman v. Belden*, 754 F.2d 1059 (2d Cir. 1985) ................................................................. 5

*Great White Bear, LLC v. Mervyns, LLC*, 2007 U.S. Dist. LEXIS 31224
   (S.D.N.Y. Apr. 26, 2007) ............................................................................................. 9

*Harris v. Provident Life and Acc. Ins. Co.*, 310 F.3d 73 (2d Cir. 2002) ................................. 9

*LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195 (2d Cir.
   2005) ............................................................................................................................ 6

*Ohio Players, Inc. v. Polygram Records, Inc.*, 2000 U.S. Dist. LEXIS 15710
    (S.D.N.Y. Oct. 27, 2000) ................................................................................................10, 11

*R.H. Damon & Co. v. Softkey Software Products*, 811 F. Supp. 986 (S.D.N.Y.
    1996) ..............................................................................................................................5

*S.O. Textiles Co. v. A & E Prods. Group*, 18 F. Supp. 2d 232 (E.D.N.Y. 1998)....................4, 5, 12

*Sheppard v. Beerman*, 18 F.3d 147 (2d Cir. 1987) ..........................................................................4

*United States* ex rel. *Mathusek Inc. v. J. Kokolakis Contracting, Inc.*, 2007 U.S.
    Dist. LEXIS 44567 (S.D.N.Y. June 19, 2007)...............................................................6

**State Cases**

*Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.*, 70 N.Y.2d 382 (1987) .............................11

*Olympia & York OLP Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 214
    A.D.2d 509 (1st Dep't 1995) .........................................................................................6

**Other Sources**

The American Heritage Dictionary of the English Language (4th ed. 2004)..................................8

2A Moore's Federal Practice ¶ 8.17[7] (2d ed. 1992) .....................................................................5

iii

Defendants Glenrock Asset Management Associates, L.P., Glenrock, Inc. and Reynard Asset Management, Inc. (collectively, "Defendants") respectfully submit this Memorandum of Law in Support of their Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This case arises out of a marketing relationship with Plaintiff, pursuant to which Plaintiff – a third-party marketer of hedge funds – agreed to market investment funds managed by Defendant Glenrock, Inc. (the "Funds") on a non-exclusive basis to potential investors. In return, Plaintiff received compensation based on the management and incentive fees paid to Defendants in connection with investments made by investors in the Funds who were "exclusively introduced" to the Funds by Plaintiff. The parties memorialized their relationship in an Introducer Agreement dated November 24, 2003 (the "Introducer Agreement").[1]

The parties expressly agreed to a dispute resolution procedure in the Introducer Agreement. Specifically, paragraph 9.1 of the Introducer Agreement provides that "[a]ny dispute or difference as to the fees payable hereunder shall be referred to the Administrator." (Introducer Agreement § 9.1).[2] Here, Plaintiff purports to bring claims for amounts owed to Plaintiff arising out of the parties' contractual relationship and now claims, in part, that

---

[1] The Introducer Agreement is attached as Exhibit A to the accompanying Affidavit of Mark J. Hyland dated August 15, 2008 ("Hyland Aff.") as well as Exhibit A to the Amended Complaint.

[2] The "Administrator" is defined by the Introducer Agreement as "the administrators for the time being of the Glenrock Funds." (*See* Introducer Agreement § 1.1). The Funds' administrator is an independent entity retained by the Funds to perform administrative services on behalf of the Funds – including maintaining of the Fund's books and records, keeping the accounts of the Funds and calculating the Funds' net asset value and fees owed to the Fund by investors -- and to act as a registrar and transfer agent for the Funds. *See* Hyland Aff. ¶ 2. Fund managers typically are compensated by receiving a management fee and an incentive fee. A management fee is a flat fee derived as a percentage of total assets under management; an incentive fee is a fee based on the investment performance of the funds managed by the investment manager. Under the Introducer Agreement, Plaintiff was entitled to receive 33 1/3% of the management and incentive fees attributable to investors exclusively introduced by Plaintiff, which was reduced to 20% upon the Funds reaching certain thresholds regarding assets under management by Defendants. (*See* Introducer Agreement § 4.1).

Defendants failed to remunerate her in full for the investments she introduced to the Funds pursuant to the Introducer Agreement.  Defendants contend that Plaintiff has been paid in full for those amounts properly owed to Plaintiff pursuant to the Introducer Agreement.  Notably, Plaintiff has failed to identify in the Amended Complaint the investors for which she is now claiming damages of over one million dollars, despite receiving all pertinent documents prior to filing this action and the Amended Complaint.

This dispute regarding amounts allegedly owed to Plaintiff under the terms of the Introducer Agreement is directly covered by paragraph 9.1 of the Introducer Agreement.  Yet, despite having the opportunity to correct the deficiencies in her pleadings, nowhere in Plaintiff's Amended Complaint does she allege compliance with the agreed-upon dispute resolution procedure or that she made any effort to refer the instant dispute to the administrator of the Funds.  Instead, as Plaintiff acknowledged at her deposition, no such effort was made.  *See* Hyland Aff. Ex. B, at 324-25 (DeMalmanche April 11, 2008 Dep. Tr.).  Rather than exhaust the procedures set forth in the Introducer Agreement, Plaintiff has attempted to bypass performance of her own obligations by bringing the instant action.  Accordingly, given Plaintiff's failure to submit this dispute to the Administrator, the Amended Complaint should be dismissed, or in the alternative, the proceedings should be stayed until Plaintiff has first performed her obligations under the Introducer Agreement.

In addition, Plaintiff's failure to plead specific investments for which she is seeking damages has raised the specter that Plaintiff seeks damages for investments for which she is not entitled to compensation as a matter of law.  The parties' relationship deteriorated after Plaintiff's marketing efforts began to fail.  As was their indisputable right, Defendants engaged another third-party marketer – Fortune Asset Management ("Fortune") – to market the Funds.

With the assistance of Fortune, Defendants were able to increase dramatically the capital under management by the Funds. Plaintiff subsequently claimed that Fortune itself was introduced by Plaintiff to the Funds, and Plaintiff's deposition testimony and interrogatory answers (Hyland Aff. Exs. B and C, respectively) make clear that she seeks compensation in respect of investors introduced to the Funds by Fortune, not by her. Notably, Defendants entered into an introducer agreement with Fortune *before* entering the Introducer Agreement with Plaintiff. Defendants had contracts with Fortune and Plaintiff at the same time and for the same introduction services. Fortune was paid under its agreement and Plaintiff was paid in respect of investors she "exclusively introduced" to Defendants as required under the Introducer Agreement.

       In that regard, Plaintiff has indicated that she is seeking remuneration for investments made by investors with whom she had no contact. *See*, *e.g.*, Hyland Aff. Ex. B, at 340 ("Q. Is it a fact that you're now claiming a share of management and incentive fees for the investments by investors with whom you have had no contact? A. I'm referring that to counsel. Because it is not an answer that is relevant in all cases. Specifically in some cases, yes. And in other cases, no."). Pursuant to the express terms of the Introducer Agreement, however, Plaintiff is entitled to remuneration only for those investors "exclusively introduced" by Plaintiff. (*See* Introducer Agreement § 1.1). In addition, in her Interrogatory Answers dated August 8, 2008, served August 13, 2008, Plaintiff states "Plaintiff is also claiming damages for investors introduced to Glenrock by financial advisors, nominees, and custodians who were themselves introduced by de Malmanche." Hyland Aff. Ex. C, at 5. As a matter of law, Plaintiff is not entitled to remuneration in respect of investors who were not introduced to the Funds by Plaintiff, but instead were introduced by a person who themselves were allegedly introduced to the Funds by Plaintiff. That is to say, Plaintiff is not entitled to a "daisy chain" reading of the

3

Introducer Agreement. Defendants therefore bring the instant motion for partial judgment on the pleadings to the extent Plaintiff seeks recovery for investments introduced by other third-party marketers which were not introduced directly by Plaintiff.

Defendants further bring the instant motion for judgment on the pleadings to dismiss as a matter of law Plaintiff's breach of the implied covenant of good faith and fair dealing, unjust enrichment and accounting claims. Plaintiff's breach of the implied covenant of good faith and fair dealing and unjust enrichment claims are barred because they are wholly duplicative of Plaintiff's breach of contract claims. Plaintiff's accounting claim is likewise without merit because Plaintiff has failed to plead that the relationship between the parties was anything more than a purely contractual one. In the absence of any allegations that Defendants owed Plaintiff a fiduciary duty, Plaintiff's accounting claim must be dismissed.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(c), a party may make a motion for judgment on the pleadings after pleadings are closed based on the plaintiff's failure to state a claim upon which relief may be granted. Fed. R. Civ. Proc. 12(c). The standard of review for a 12(c) motion is the same as that of a motion under Rule 12(b)(6). *S.O. Textiles Co. v. A & E Prods. Group*, 18 F. Supp. 2d 232, 238 (E.D.N.Y. 1998) (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1987)). Under this standard, "'a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [plaintiff's] claim that would entitle [it] to relief.'" *Id.* (quoting *Sheppard*, 18 F.3d at 150). In deciding a motion for judgment on the pleadings, the court may ordinarily consider the complaint and documents such as the Introducer Agreement which have been

4

attached to the complaint by Plaintiff. *See R.H. Damon & Co. v. Softkey Software Products*, 811 F. Supp. 986, 989 (S.D.N.Y. 1996); *Goldman v. Belden*, 754 F.2d 1059, 1065-66 (2d Cir. 1985).

I.  **DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFF HAS FAILED SUBMIT ANY DISPUTE UNDER THE INTRODUCER AGREEMENT TO THE FUNDS' ADMINSTRATOR**

To state a claim for breach of contract under New York law, a plaintiff must allege a valid contract, performance of the contract by the plaintiff, breach of the contract by the defendant, and damages flowing as a result of the breach. *R.H. Damon & Co.*, 811 F. Supp. at 991; *see also S.O. Textiles Co.*, 18 F. Supp. 2d at 238. Although a plaintiff need not "specifically state each element individually," in a claim for breach of an express contract, "the complaint must contain some allegation that the plaintiff[] actually performed [her] obligations under the contract." *R.H. Damon & Co.*, 811 F. Supp. at 991 (citing 2A Moore's Federal Practice ¶ 8.17[7] (2d ed. 1992)); *see also Advanced Mktg. Group, Inc. v. Bus. Payment Sys., LLC*, 481 F. Supp. 2d 319, 323 (S.D.N.Y. 2007).

Plaintiff has failed to allege, however, her own performance of the parties' express agreement before bringing the instant action. Plaintiff has not made, and as made clear by Plaintiff's failure to address this allegation in her Amended Complaint, cannot make any allegation that she has fully performed her obligations under the Introducer Agreement, particularly with respect to paragraph 9.1, which provides that "[a]ny dispute or difference as to the fees payable hereunder shall be referred to the Administrator." (Introducer Agreement § 9.1). The amount of fees payable to Plaintiff under the contract, if any, is precisely the subject matter of this action, and the Administrator is the very entity responsible for calculating those fees. Thus, it is apparent that the dispute before this Court is within the confines of paragraph 9.1. And as Plaintiff herself has acknowledged for the first time at her deposition, Plaintiff has

5

not made any effort to refer any aspect of this dispute to the Administrator.  Hyland Aff. Ex. B, at 324-25.

By ignoring her obligations to refer disputes to the Administrator and instead opting to raise the dispute before this Court, Plaintiff attempts to render meaningless paragraph 9.1.  *See*, *e.g.*, *United States* ex rel. *Mathusek Inc. v. J. Kokolakis Contracting, Inc.*, 2007 U.S. Dist. LEXIS 44567, at *11 (S.D.N.Y. June 19, 2007) (stating that "[i]n interpreting a contract under New York law, 'words and phrases . . . should be given their plain meaning,' and the contract 'should be construed so as to give full meaning and effect to all of its provisions'") (quoting *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 206 (2d Cir. 2005)) (internal quotation marks and citations omitted).  Where, as here, a party who contractually agreed to an alternative dispute resolution clause files a court action within the scope of the clause, the action must be dismissed or stayed pending exhaustion of the agreed-upon contractual remedy.  *See*, *e.g.*, *BAE Automated Systems, Inc. v. Morse Diesel Int'l Inc.*, 2001 U.S. Dist. LEXIS 6682, at *16 (S.D.N.Y. May 22, 2001) (staying federal court proceedings pending plaintiff's compliance with the alternative dispute resolution procedure set forth in the parties' contract); *CB Richard Ellis, Inc. v. American Envt'l Waste Mgmt.*, 1998 U.S. Dist. LEXIS 20064, at *8-10 (S.D.N.Y. Dec. 4, 1998) (enforcing pre-litigation mediation provision where plaintiff's allegations "touch[ed] matters" covered by the parties' agreement); *Olympia & York OLP Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 214 A.D.2d 509, 511-12 (1st Dep't 1995) ("[a] party to a dispute governed by an arbitration agreement may not unilaterally evade the stipulated forum and litigate the controversy").

Accordingly, unless and until Plaintiff exhausts her contractually agreed upon avenue of relief, she cannot be heard to complain, in a court of law, that she has not been paid in

6

full under the Introducer Agreement; and this Court should dismiss Plaintiff's Amended Complaint or, in the alternative, stay this action pending a resolution of the parties' dispute pursuant to the terms set forth in the Introducer Agreement.

## II. DEFENDANTS ARE ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS TO THE EXTENT PLAINTIFF SEEKS DAMAGES FOR INVESTMENTS INTRODUCED BY OTHER THIRD-PARTY MARKETERS

Defendants further move for partial judgment on the pleadings to the extent Plaintiff seeks damages for Defendants' alleged breach of contract which are excluded as a matter of law by the express terms of the Introducer Agreement. Where a contract contains plain and unambiguous language precluding a plaintiff from recovering damages for claims relating to the contract, judgment on the pleadings dismissing such claims is appropriate. *See*, *e.g.*, *Cue Fashions, Inc. v. LJS Distribution, Inc.*, 807 F. Supp. 334, 336 (S.D.N.Y. 1992) (granting defendant's 12(c) motion when "the pertinent clause of the [contract] is unambiguous and its plain language precludes recovery for the type of damage plaintiff alleges"). Under New York law, interpretation of an unambiguous contract is a question of law, to be decided by the Court. *See, e.g.*, *Allman v. Sony BMG Music Entm't*, 2008 U.S. Dist. LEXIS 47612, at *4 (S.D.N.Y. June 18, 2008) (noting that "interpretation of an unambiguous written contract presents a question of law for the Court to resolve"); *see also Cue Fashions, Inc.*, 807 F. Supp. at 336 (same). Furthermore, it is within the Court's discretion to grant Defendants partial judgment on the pleadings, and thus, limit Plaintiff's claim to only those damages recoverable under the plain meaning of the contract. *See Deutsche Lufthansa AG v. The Boeing Co.*, 2007 U.S. Dist. LEXIS 9519, at *12 (S.D.N.Y. Feb. 2, 2007) (dismissing portions of a breach of contract claim to the extent it sought "damages in excess of those allowed by the [contract]"); *see also Dyncorp v. GTE Corp.*, 215 F. Supp. 2d 308, 315 (S.D.N.Y. 2002) (dismissing complaint "based on a

7

contract if the contract unambiguously shows that the plaintiff is not entitled to the requested relief").

As noted above, the Introducer Agreement provides that "Introduced Investors" for which Plaintiff is entitled to receive remuneration are those investors "**exclusively introduced** by [Plaintiff] as prospective investors in the [Funds]." (*See* Introducer Agreement § 1.1 (emphasis added)). "Exclusive" is unambiguously defined as "[n]ot divided or shared with others," "[n]ot accompanied by others; single or sole," and "[c]omplete; undivided." The American Heritage Dictionary of the English Language (4th ed. 2004). Here, Plaintiff seeks compensation far beyond that which is called for in the Introducer Agreement. She has asserted at her deposition and in her Interrogatory Answers that she seeks recovery in respect of "investors introduced to Glenrock by financial advisors, nominees, and custodians who were themselves introduced by de Malmanche." Hyland Aff. Ex. C, at 5. Thus, applying the plain meaning of the terms set forth in the Introducer Agreement as this Court must do, Plaintiff's claims for remuneration in respect of investments referred to the Funds by other third-party marketers – even if those third-party marketers were introduced by Plaintiff (they were not) – must be dismissed. *See*, *e.g.*, *Cue Fashions, Inc.*, 807 F. Supp. at 336. Those claims simply are not contemplated by or allowed under the Introducer Agreement. *See Allman*, 2008 U.S. Dist. LEXIS 47612, at *6-7 (granting defendant's motion to dismiss under the plain meaning of the contract, and noting that plaintiffs cannot "rewrite the terms of the contracts in order to secure a more favorable, or what they consider to be more equitable, royalty formula"). Accordingly, this Court should grant Defendants partial judgment on the pleadings to the extent Plaintiff purports to state a breach of contract claim for damages arising out of investments introduced or referred to the Funds by other third-party marketers.

### III. DEFENDANTS ARE ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFF'S BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IS DUPLICATIVE OF PLAINTIFF'S BREACH OF CONTRACT CLAIM

Plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing should be dismissed because it is duplicative of Plaintiff's breach of contract claim. Under New York law, "parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." *Compagnia Importazioni Esportazioni Rapresentanze v. L-3 Commc'ns Corp.*, 2007 U.S. Dist. LEXIS 57870, at *22 (S.D.N.Y. July 31, 2007) (quoting *Harris v. Provident Life and Acc. Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002) (citing *Fasolino Foods Co., Inc. v. Banco Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d. Cir. 1992)). Moreover, "[i]f the allegations [of a claim for breach of the implied covenant of good faith and fair dealing] do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Great White Bear, LLC v. Mervyns, LLC*, 2007 U.S. Dist. LEXIS 31224, at *10 (S.D.N.Y. Apr. 26, 2007) (citations omitted); *see also Camp Summit of Summitville, Inc. v. Visinski*, 2007 U.S. Dist. LEXIS 28496, at *7 (S.D.N.Y. Apr. 16, 2007) ("It is axiomatic that '[a] contract claim for alleged breach of the implied covenant of good faith and fair dealing is duplicative of a claim for breach of contract and should be dismissed'").

Here, Plaintiff bases her claim for breach of the implied covenant of good faith and fair dealing on the same facts as her breach of contract claim, seeks the same damages, and in doing so, attempts to transform Defendants' express obligations into implied ones. For example, in paragraph 44 of the Amended Complaint, Plaintiff pleads that Defendants "had an

9

implied duty to act in good faith and deal fairly with [Plaintiff which] included an obligation to maintain accurate records, provide [Plaintiff] full and complete access to such records, pay commissions on investments, and abide by the terms of the Agreement." *See* Amended Complaint ¶ 44.  Each of these obligations – which Plaintiff alleges are encompassed within Defendants' implied covenant of good faith and fair dealing – is expressly laid out in the Introducer Agreement, and thus, any breach of these obligations is a simple breach of contract claim.  *See, e.g.*, Introducer Agreement §§ 4.1 (duty to pay fees); 4.4.1 (duty to maintain records); 4.4.2 (duty to provide access to such records).  Plaintiff's attempt to elaborate further on the alleged breaches of these duties in paragraph 46 of the Amended Complaint does nothing more than parrot the same alleged acts by Defendants which make up the purported breach of contract claim.  *Cf.* Amended Complaint ¶ 46, *with* Amended Complaint ¶ 41.  Even assuming the truth of each and every one of these allegations, Plaintiff is entitled to no additional relief as she would be under the breach of contract claim, and thus, this claim is superfluous.  Accordingly, this Court should dismiss Plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing.

IV. **DEFENDANTS ARE ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS DUPLICATIVE OF PLAINTIFF'S BREACH OF CONTRACT CLAIM**

Plaintiff's third cause of action for unjust enrichment should be dismissed because it is duplicative of Plaintiff's breach of contract claim.  It is well-settled New York law that an unjust enrichment claim will not lie where the subject matter of the unjust enrichment claim is covered by a written contract.  *See*, *e.g.*, *CBS Broadcasting, Inc. v. Jones*, 460 F. Supp. 2d 500, 506 (S.D.N.Y. 2006) (granting Rule 12(c) motion to dismiss unjust enrichment claim where subject matter of unjust enrichment claim was covered by a contract); *Ohio Players, Inc. v.*

*Polygram Records, Inc.*, 2000 U.S. Dist. LEXIS 15710, at *9 (S.D.N.Y. Oct. 27, 2000) (same); *Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.*, 70 N.Y.2d 382, 388 (1987) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.") (citations omitted).

Notably, here Plaintiff expressly alleges that the value allegedly received by Defendants was transferred by Plaintiff "[i]n accordance with the [Introducer] Agreement" and that Plaintiff was deprived of the "benefit of the bargain provided for in the [Introducer] Agreement." Amended Complaint ¶¶ 49, 52. Plaintiff confirms the duplication of her unjust enrichment and breach of contract claims by seeking the exact same damages – $1,000,000 – for each of the two causes of action. *Compare* Amended Complaint ¶ 42 *with* Amended Complaint ¶ 53. Accordingly, this Court should dismiss Plaintiff's unjust enrichment claim because it is duplicative of her breach of contract claim. *See CBS Broadcasting*, 460 F. Supp. 2d at 506; *Ohio Players*, 2000 U.S. Dist. LEXIS 15710, at *9; *Clark-Fitzpatrick*, 70 N.Y.2d at 388.

## V. DEFENDANTS ARE ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFF HAS FAILED TO PLEAD A FIDUCIARY RELATIONSHIP GIVING RISE TO A CLAIM FOR AN ACCOUNTING

Plaintiff's fourth cause of action for an accounting must be dismissed because Plaintiff has failed to plead a *bona fide* fiduciary relationship between the parties giving rise to a cause of action for an accounting. Although Plaintiff purports to allege a fiduciary duty as a result of the Introducer Agreement (Amended Complaint ¶ 57), Plaintiff acknowledges in her Amended Complaint that any obligations allegedly owed to Plaintiff on the part of Defendants arose out of the Introducer Agreement and were not fiduciary in nature. Indeed, Plaintiff alleges that "**[i]n connection with the [Introducer] Agreement**, Glenrock was obligated to maintain

11

and provide full and complete records relating to investments made by introduced investors into funds and accounts managed by Glenrock." Amended Complaint ¶ 55 (emphasis added). Accordingly, because Plaintiff has not adequately pled – and cannot plead – that the contractual relationship between the parties created a fiduciary relationship, and any obligations allegedly owed by Defendants arose out of the Introducer Agreement, Plaintiff's claim for an accounting must be dismissed. *See Dayan Enters. Corp. v. Nautica Apparel, Inc.*, 2003 U.S. Dist. LEXIS 21344, at *2-3 (S.D.N.Y. Nov. 26, 2003) (dismissing defendants' accounting counterclaim where parties' relationship arose out of licensing agreement and was purely contractual in nature); *S.O. Textiles*, 18 F. Supp. 2d at 242 (dismissing plaintiff's accounting claim where parties' relationship was purely commercial in nature).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion (1) for judgment on the pleadings (a) by dismissing Plaintiff's Amended Complaint in its entirety, or in the alternative, staying the action until Plaintiff has exhausted her contractually agreed upon remedy; (b) by dismissing Plaintiff's claims to the extent Plaintiff seeks damages for investments introduced by other third-party marketers, including Fortune; (c) by dismissing Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing; (d) by dismissing Plaintiff's cause of action for unjust enrichment; (e) by dismissing Plaintiff's cause of action for an accounting; and (2) by granting such other relief as the Court deems just and proper.

New York, New York
August 18, 2008

                                                    Respectfully submitted,

                                                    SEWARD & KISSEL LLP

                                                    By:   /s/ Mark J. Hyland
                                                            Mark J. Hyland (MH 5872)
                                                            Thomas Ross Hooper (TH 4554)
                                                            One Battery Park Plaza
                                                           New York, New York 10004
                                                           Telephone:  (212) 574-1541
                                                           Facsimile:  (212) 480-8421

                                                *Attorneys for Defendants Glenrock Asset*
                                                *Management Associates, L.P., Glenrock, Inc.,*
                                                *and Reynard Asset Management, Inc.*

SK 01828 0009 908890 v2