UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIBI DE MALMANCHE,<br><br>                                    Plaintiff,<br><br>             -against-<br><br>GLENROCK ASSET MANAGEMENT<br>ASSOCIATES, L.P., GLENROCK, INC. and<br>REYNARD ASSET MANAGEMENT, INC.,<br><br>                                    Defendants. | 07-CV-10940 (KNF)<br><br>**DEFENDANTS' ANSWER<br>TO PLAINTIFF'S FIRST<br><u>AMENDED COMPLAINT</u>** |

Defendants Glenrock Asset Management Associates, L.P., Glenrock, Inc. and

Reynard Asset Management, Inc. (collectively, "Defendants") for their answer to Plaintiff Bibi

de Malmanche's ("Plaintiff" or "de Malmanche") First Amended Complaint:

1.      Deny knowledge or information sufficient to form a belief as to the truth

of the averments of paragraph 1.

2.      Admit the averments of paragraph 2.

3.      Admit the averments of paragraph 3.

4.      Admit the averments of paragraph 4.

5.      Deny the averments of paragraph 5, except state that Defendant Glenrock,

Inc. manages investment funds and has offices in New York, NY and that Plaintiff defines the

parties as set forth therein.

6.      Deny the averments of paragraph 6, except state that Plaintiff purports to

assert jurisdiction and state a claim in excess of $75,000 exclusive of interest and costs.

7.      Deny the averments of paragraph 7, except state that Defendants have

offices located at 623 Fifth Avenue, 31st Floor, New York, New York 10022, Defendants

Glenrock, Inc. and Reynard Asset Management, Inc. are registered to do business in the state of New York, and none of the Defendants contest personal jurisdiction.

8.     Deny the averments of paragraph 8, except state that Plaintiff purports to base venue as set forth therein.

9.     Deny the averments of paragraph 9, except state that Plaintiff and Glenrock Global Partners signed an Introducer Agreement, dated November 24, 2003 (the "Agreement"), and further refer the Court to the Agreement for the contents thereof.

10.     Deny the averments of paragraph 10, except admit that Plaintiff and Defendants operated under an oral agreement prior to the execution of the Agreement.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph 12, and deny the remaining averments of paragraph 12.

13.     Deny the averments of paragraph 13, except refer the Court to the Agreement for the contents thereof, and further state that, pursuant to Clause 1.1, Plaintiff was to be paid only on potential investors she "exclusively" introduced "who purchase shares or interests in the Glenrock Funds or enter into managed account or advisory agreements with Glenrock prior to this Agreement being terminated, and who have been agreed by Glenrock prior to the introduction to be introduced," and, pursuant to Clause 4.1, her fees were to be reduced to 20%  "if the aggregate net assets of either of the two Glenrock funds or the two Reynard funds, as the case may be, exceed $100 million."

14.     Deny the averments of paragraph 14, except refer the Court to Clause 4.3 of the Agreement for the contents thereof.

15.     Deny the averments of paragraph 15, except refer the Court to Clause 4.4 of the Agreement for the contents thereof.

16.     Deny the averments of paragraph 16, except refer the Court to Clause 4.4 of the Agreement for the contents thereof.

17.     Deny the averments of paragraph 17, except refer the Court to the Agreement for the contents thereof.

18.     Deny the averments of paragraph 18, except admit that Plaintiff claimed to be owed fees in addition to those already paid to her by Defendants and that Defendants disputed that such fees were owed to Plaintiff.

19.     Deny the averments of paragraph 19, except refer the Court to Defendants' notice of termination of the Agreement for cause and Plaintiff's acknowledgement of the same for the contents thereof, copies of which are annexed as Exhibits 1 and 2, respectively, and refer the Court to the Agreement for the contents thereof.

20.     Deny the averments of paragraph 20, except refer the Court to Plaintiff's acknowledgement of Defendants' notice of termination for the contents thereof (Exhibit 2).

21.     Deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21.

22.     Deny the averments of paragraph 22, except state that by letter dated April 5, 2006, counsel for Plaintiff requested access to investment records concerning the investment activity of more than 50 different alleged investors in Defendants' funds, and further refer the Court to such letter for the contents thereof, a copy of which is annexed as Exhibit 3.

23.     Admit the averments of paragraph 23, and further refer the Court to a letter dated April 19, 2006 from Michael Katz ("Katz"), President and Senior Portfolio Manager of Glenrock, Inc. for the contents thereof, a copy of which is annexed as Exhibit 4.

24.     Deny the averments of paragraph 24, and further state that by letter dated June 12, 2006, counsel for Plaintiff advised Katz that "Ms. Malmanche [sic] and I would like to inspect all relevant documents, including the documents identified in our April 5th letter to you, on August 10th and/or August 11th *at the premises of the funds' Administrator*." (emphasis added). A copy of the letter dated June 12, 2006 is annexed as Exhibit 5.

25.     Deny the averments of paragraph 25 and refer the Court to the Agreement for the contents thereof.

26.     Deny the averments of paragraph 26, and further state that by email dated April 25, 2007 from Katz to Plaintiff, Katz stated "[w]e invited you to come in and inspect whatever it is that we can practically gather for you in New York, given that the records are on the Cayman Islands, and legally provide you. However, you did not show up." A copy of the email dated April 25, 2007 is annexed as Exhibit 6.

27.     Deny the averments of paragraph 27, except admit that Plaintiff's representatives visited Defendants' offices on or about June 1 and June 8, 2007 and refer the Court to the Agreement for the contents thereof.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28, except state that by letter dated April 5, 2006, counsel for Plaintiff requested access to investment records concerning the investment activity of more than 50 different alleged investors in Defendants' funds, many of whom never invested in Defendants' funds, and further refer the Court to such letter for the contents thereof (Ex. 3).

29.     Deny the averments of paragraph 29.

30.     Deny the averments of paragraph 30, except refer the Court to Defendants' letter dated April 19, 2006 for the contents thereof (Ex. 4).  Defendants further refer the Court to an email to Plaintiff's attorneys dated November 21, 2007, clarifying Defendants' letter dated April 19, 2006, a copy of which is annexed as Exhibit 7.

31.     Deny the averments of paragraph 31, except refer the Court to Defendants' letter dated April 19, 2006 for the contents thereof, refer the Court to the Agreement for the terms of the parties' agreement, and state that Glenrock entered an agreement with Fortune for the provision of introduction services that predated the Agreement with Plaintiff.

32.     Deny the averments of paragraph 32, except refer the Court to Defendants' letter dated April 19, 2006 for the contents thereof.

33.     Deny the averments of paragraph 33.

34.     Deny the averments of paragraph 34, and state that Plaintiff has received access to the relevant records as set forth in the Agreement.

35.     With respect to paragraph 35, Defendants incorporate their responses to paragraphs 1-34 hereof.

36.     Deny the averments of paragraph 36, except refer the Court to the Agreement for the contents thereof.

37.     Deny the averments of paragraph 37, except state that Plaintiff has been paid with respect to investors she exclusively introduced, refer the Court to the Agreement for the contents thereof, and deny Plaintiff is owed anything.

38.     Deny the averments of paragraph 38.

39.     Deny the averments of paragraph 39, except admit that certain investors and/or entities that Plaintiff purported to introduce did in fact invest in funds managed by Defendants.

40.     Deny the averments of paragraph 40, except state that Plaintiff has been paid with respect to investors she exclusively introduced, refer the Court to the Agreement for the contents thereof, and deny Plaintiff is owed anything.

41.     Deny the averments of paragraph 41.

42.     Deny knowledge and information sufficient to form a belief as to the truth of the averments of the first two sentences of paragraph 42 and deny the remaining averments of paragraph 42.

43.     With respect to paragraph 43, Defendants incorporate their responses to paragraphs 1-42 hereof.

44.     State that the averments of paragraph 44 assert a legal conclusion as to which a response is not required.

45.     Deny the averments of paragraph 45, except admit that Plaintiff participated in the introduction of certain individuals and investment advisors to Defendants.

46.     Deny the averments of paragraph 46.

47.     Deny the averments of paragraph 47.

48.     With respect to paragraph 48, Defendants incorporate their responses to paragraphs 1-47 hereof.

49.     Deny the averments of paragraph 49, except state that Plaintiff was paid with respect to investors she exclusively introduced and who otherwise were covered under the Agreement.

50.     Deny the averments of paragraph 50, except admit that Defendants earned fees on actual investments in their funds.

51.     Deny the averments of paragraph 51.

52.     Deny the averments of paragraph 52.

53.     Deny the averments of paragraph 53.

54.     With respect to paragraph 54, Defendants incorporate their responses to paragraphs 1-53 hereof.

55.     Deny the averments of paragraph 55, refer the Court to the Agreement for the contents thereof, and further state that records were monitored and provided to Plaintiff.

56.     Deny the averments of paragraph 56.

57.     Deny the averments of paragraph 57, and specifically deny that the Agreement created any fiduciary duty between Plaintiff and Defendants.

58.     Deny the averments of paragraph 58.

## FIRST DEFENSE

59.     None of the named Defendants in this action are signatories to the Agreement.

60.     By reason of the foregoing, the complaint has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

61.     Defendants repeat and restate paragraphs 59 and 60 herein.

62.     Pursuant to clause 9.1 of the Agreement, "[a]ny dispute or difference as to the fees payable hereunder shall be referred to the Administrator."  The Agreement (§ 1.1) defines the Administrator as "the administrators for the time being of the Glenrock Funds."

63.     Plaintiff has made no effort to refer any aspect of this dispute to the Administrator at any time prior to or during this litigation.

64.     Accordingly, Plaintiff has failed to fully perform her obligations under the Agreement.

65.     By reason of the foregoing, the complaint has failed to state a claim on which relief can be granted.

### THIRD DEFENSE

66.     Defendants repeat and restate paragraphs 59 through 65 herein.

67.     Plaintiff has received payment on a quarterly basis in accordance with the Agreement.

68.     Prior to receiving each payment, Plaintiff received a complete statement for her review and approval.

69.     On May 15, 2007, Plaintiff and Defendants entered into a Confidentiality Agreement, after the execution of which Defendants sent Plaintiff subscription agreements and capital statements for all investors in Defendants' funds that Plaintiff had requested in her letter dated April 5, 2006, not just those introduced to the funds by Plaintiff.

70.     In addition, throughout the course of this litigation, Plaintiff has received, in both hard copy and electronic form, the capital flows for Defendants' funds and fee allocation spreadsheets for every single investor in Defendants' funds since inception.  This includes information on investors and investments to which Plaintiff has made no claim.

71.     Plaintiff currently has in her possession all records to which she is entitled under the Agreement in addition to records to which she is not entitled to under the Agreement.

72.     Because Plaintiff has a record of all investors in Defendants' funds, when they invested, and when they may have redeemed their investment, she is able to identify specific investments on which she is entitled to fees and in what amount.

73.     Plaintiff has failed to identify all of the investments for which she claims she is entitled to, but has not received, payment.

74.     By reason of the foregoing, Plaintiff's first cause of action for breach of contract has failed to state a claim on which relief can be granted.

## FOURTH DEFENSE

75.     Defendants repeat and restate paragraphs 59 through 74 herein.

76.     By virtue of Plaintiff's conduct, Plaintiff agreed to the basis for which she would be paid by Defendants on investments exclusively introduced by Plaintiff and accepted payments for those investments without objection.

77.     By reason of the foregoing, Plaintiff has waived any claim arising out of, and has acquiesced to, the fees paid by Defendants to Plaintiff on investments which the parties agree were exclusively introduced by Plaintiff.

## FIFTH DEFENSE

78.     Defendants repeat and restate paragraphs 59 through 77 herein.

79.     Plaintiff's claim for breach of the covenant of good faith and fair dealing seeks damages identical to Plaintiff's breach of contract claim and is based on the same alleged conduct.

80.     By reason of the foregoing, Plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing is duplicative of Plaintiff's breach of contract claim and thus fails to state a claim on which relief can be granted.

## SIXTH DEFENSE

81.    Defendants repeat and restate paragraphs 59 through 80 herein.

82.    The Agreement sets forth the rights of the parties.

83.    By reason of the foregoing, Plaintiff's third cause of action for unjust enrichment is duplicative and thus fails to state a claim on which relief can be granted.

## SEVENTH DEFENSE

84.    Defendants repeat and restate paragraphs 59 through 83 herein.

85.    The Agreement did not create a fiduciary relationship.

86.    A fiduciary relationship is required under New York law to support an action for an accounting.

87.    By reason of the foregoing, Plaintiff's fourth cause of action for an accounting fails to state a claim on which relief can be granted.

WHEREFORE, Defendants respectfully request that the Court dismiss the complaint and award them their costs and expenses in connection with this action, including their reasonable attorneys' fees.

New York, New York
August 18, 2008

SEWARD & KISSEL LLP

By:    /s/ Mark J. Hyland
        Mark J. Hyland (MH 5872)
        Thomas Ross Hooper (TH 4554)
        One Battery Park Plaza
        New York, New York 10004
        Telephone:  (212) 574-1541
        Facsimile:  (212) 480-8421

*Attorneys for Defendants Glenrock Asset Management Associates, L.P., Glenrock, Inc., and Reynard Asset Management, Inc.*

SK 01828 0009 905700

10

Exhibit 1

**GLENROCK ASSET MANAGEMENT ASSOCIATES, L.P.**

December 27, 2004
237 PARK AVENUE • 9ᵀᴴ FLOOR • NEW YORK • NEW YORK 10017
TEL:    (212)    808-7373    •    FACSIMILE:    (212)    808-7372

Bibi De Malmanche
Alternative Capital Sources Ltd
22 Jermyn Street
St. James
London, SW1Y6HL
United Kingdom

Re:  Canceling Introducer Agreement

Dear Bibi:

Please accept my cordial greetings for the holidays.

I regret having to write this letter, as I was very much hoping to hear back from you and reach a reasonable agreement. The (as it seems to me, unreasonable) tone and content of your emails has me deeply concerned about our working relationship. Meanwhile, as you yourself said, you have not really been doing any active marketing for us in a long time, except perhaps in a few cases. This has also been clear given the near-absence of results, i.e., Bibi-related flows into our funds, even though overall we have seen strong inflows overall. Therefore, I am following up in form on the already long-established facts on the ground; this letter represents the official cancellation of our agreement dated November 24, 2003, on behalf of Glenrock, Reynard, and Nippon.

Please note that this is nothing personal, and that our disagreement notwithstanding, I will continue to think of you as an old friend and ally. I would like to emphasize that I am writing this letter merely in order to clarify the situation and to prevent confusion in the future. I remain open to a case-by-case working relationship with you, where we pre-clear marketing prospects for reasonably limited periods of time, to be agreed upon.

With cordial regards and best wishes for the holidays and the New Year,

Sincerely,

Michael Katz
MK/na

Cc:  Mr. Jack Rigney, Seward & Kissel

By Federal Express

Exhibit 2



**Alternative Capital Sources**

Authorised and regulated by the Financial Services Authority

Alternative Capital Sources Ltd
22 Jermyn Street
St James's
London SW1Y 6HL

Mr Michael Katz
Glenrock Asset Management Associates L.P.
237 Park Avenue # 9/F
New York
NY 10017
USA

Tel: + 44 (0) 20 7828 0154
Fax: + 44 (0) 20 7630 6377

2005-01-02                      By email and Fedex

Dear Michael,

I acknowledge receipt of your letter dated December 27, 2004, and I hereby accept the cancellation of my company's Introducer Agreement with your company.

In accordance with the terms of that agreement, I wish to draw your attention to the following clauses:

4.4.2    I request that you open your books so that it may be confirmed that fees have been paid on all introductions made by me, to include subsequent investments on original amounts. To include those introductions as a consequence of:

- Meetings that you have attended arranged by me
- Meetings at your premises arranged by me
- Conference Calls arranged by me
- Clients with whom I have been working and who will confirm to you in writing that this is the case.

7.1.1    I accept the terms of the agreement with respect to the notice period of three months, from the date of receipt, December 31, 2004.

7.5.1. Fees are to be paid to my company on any new investments into the Glenrock Group within a 12 month period, commencing as of December 31, 2004, from clients introduced to your funds by me. This also applies to existing investors for the term of their investment, and for any subsequent investment made by existing investors.

Alternative Capital Sources Ltd is
Registered in England
Company Number 4669013
Registered Office: 25 Harley Street



Alternative Capital Sources Ltd
22 Jermyn Street
St James's
London SW1Y 6HL

Tel:  + 44 (0) 20 7828 0154
Fax:  + 44 (0) 20 7630 6377

There are a number of reasons why our business relationship has broken down which I do not intend to re-iterate, since we have discussed them at length in the last months. However, I do wish to say that I regret that we were unable to resolve them in a manner satisfactory to us both. I will say that any new contract into which I enter with other groups will have very clear and precise marketing definitions, so as to avoid the situation that has arisen between us.

Your suggestion of an ongoing business relationship between our companies may be of interest, although it gives you the opportunity, in effect, of re-writing our contract. Nevertheless, please let me know the terms under which you will agree to work with my company on a case-by-case basis.

With cordial regards and best wishes for 2005,

Yours sincerely,

Bibi de Malmanche
Alternative Capital Sources

c.c. Eric Gummers - Howard Kennedy, Solicitors

Alternative Capital Sources Ltd is
Registered in England
Company Number 4669013
Registered Office: 25 Harley Street

Exhibit 3



**THOMPSON HINE**    ATLANTA    CINCINNATI    COLUMBUS    NEW YORK

BRUSSELS    CLEVELAND    DAYTON    WASHINGTON, D.C.

April 5, 2006

*By Facsimile and First-Class Mail*

Mr. Michael Katz
Glenrock Asset Management Associates, L.P.
623 Fifth Avenue
New York, NY 10022

RE: Introducer Agreement between Glenrock Asset Management Associates, L.P.,
Glenrock Inc., Reynard Asset Management, Inc., and bibi de Malmanche

Dear Mr. Katz:

We write to you on behalf of bibi de Malmanche in connection with the above-reference
agreement (the "Agreement"). As you know, Ms. Malmanche has on multiple occasions
requested that all documentation related to the Agreement be made available to her. She is
entitled to access to such documentation under Section 4.4 of the Agreement. However, to date,
Ms. Malmanche's requests have been either denied or ignored.

On behalf of Ms. Malmanche, we hereby formally demand that all documentation relating to the
Agreement, including any and all documents relating to any of the entities listed on the annexed
List of Introduced Investors (as that term is defined in the Agreement), be made available to Ms.
Malmanche immediately.

Ms. Malmanche hereby expressly reserves all of her rights and remedies, at law or in equity,
available to her under the Agreement or otherwise.

Please contact the undersigned if you wish to discuss this matter in greater detail.

Very truly yours,

Douglas E. Grover

Enclosure

Douglas.Grover@ThompsonHine.com   Phone 212.908.3920   Fax 212.809.6890                    jbk 140151.1

THOMPSON HINE LLP        One Chase Manhattan Plaza        www.ThompsonHine.com
ATTORNEYS AT LAW         58th Floor                       Phone 212.344.5680
                         New York, New York 10005-1401    Fax 212.809.6890

# List of Introduced Investors

ABN Amro
AGF
Aida Capital
Albourne
Allianz
Alpha Funds
American Express Bank
Atlas Capital
Bank Audi
Bank Austria
Banque Franck
Banque National Canada
Banque Syz 3A
CSPB
Delman/Mestral
Dexia
EDF Man-RMF
EIM
Erste Bank
Fauchier Partners
FIM
Finaltis
Fortune /GFA
Forvest
FRM
Fund Advisors

GAM
Gottex
Harcourt
HDF
HSBC Geneva
IV Capital
LCFR
LCFR Rothchild
LGT
Liberty Ermitage
Lyxor
Octogone
Opportunite
Partners Advisors
Pioneer/ex Momentum
Schroder
Societe Generale Private Bank Geneva
Stenham Gestion
Swiss Capital
The Dubai Group  Investment Office
The Family Office Geneva
Tremont Advisors
UBP
Unigestion
Yankee Advisors

Exhibit 4

# GLENROCK ASSET MANAGEMENT ASSOCIATES, L.P.

623 FIFTH AVENUE • SUITE 3101 • NEW YORK • NEW YORK 10022
TEL:  (212)   808-7373   •   FACSIMILE:   (212)   808-7372

April 19, 2006

*By Facsimile and First-Class Mail*

Mr. Douglas E. Grover
Thompson Hine LLP
One Chase Manhattan Plaza
58th Floor
New York, New York  10005-1401
Fax: 212.809.6890

Dear Mr. Grover,

Receipt of your letter of April 5 is hereby acknowledged.  Your statement that we have denied or ignored any of Ms. DeMalmanche's demands is completely incorrect.  Our Administrative Director, Emily Wilt, has provided her with detailed accountings on many occasions, most recently March 6, 2006.

Regarding the "List of Introduced Investors," please see our attached comments. We have to the best of our knowledge reported and compensated Ms. DeMalmanche for all legitimate introductions of clients.

Beyond the above, Ms. DeMalmanche is of course welcome to inspect all client documents pertaining to her introductions on the premises of the funds' Administrator during regular business hours.

Please let me know if you have any questions or require further information.

Regards,

Michael Katz

cc:  J. Rigney, Seward & Kissel LLP

BD00129

## List of Introduced Investors
### *Bibi DeMalmanche*

| Firm | Notes |
|---|---|
| ABN Amro | No investment, nothing to document. |
| AGF | No investment, nothing to document. |
| Aida Capital | No investment, nothing to document. |
| Albourne | No investment, nothing to document. |
| Allianz | No investment, nothing to document. |
| Alpha Funds | No investment, nothing to document. |
| American Express Bk. | No investment, nothing to document. |
| Atlas Capital | No investment, nothing to document. |
| Bank Audi | We do not even know them. |
| Bank Austria | Nothing in our records indicates we know Bank Austria through Ms. DeMalmanche, besides no investment, nothing to document. |
| Banque Franck | No investment, nothing to document. |
| Banque National Cana | No investment, nothing to document. |
| Banque Syz 3A | No investment, nothing to document. |
| CSPB | We do not know them. |
| Delman/Mestral | No investment, nothing to document. |
| Dexia | Invested in Glenrock BVI for 1/1/06 after contract with Ms. DeMalmanche expired. |
| EDF Man-RMF | No investment, nothing to document. |
| EIM | No investment, nothing to document. |
| Erste Bank | No investment, nothing to document. |

| | |
|---|---|
| Fauchier Partners | No investment, nothing to document. |
| FIM | No investment, nothing to document. |
| Finaltis | No investment, nothing to document. |
| Fortune | We have an active marketing relationship with them.  However, Ms. DeMalmanche had no role in it. MK met Mr. Simon Hopkins at a conference in Cannes in 2002, *not* through Ms. DeMalmanche. |
| Forvest | No investment, nothing to document. |
| FRM | No investment, nothing to document. |
| Fund Advisors | No investment, nothing to document. |
| GAM | No investment, nothing to document. |
| Gotttex | We did not meet Gottex through Ms. DeMalmanche, besides no investment, nothing to document. |
| Harcourt | No investment, nothing to document. |
| HDF | We did not meet HDF through Ms. DeMalmanche, besides no investment, nothing to document. |
| HSBC Geneva | No investment, nothing to document.  However, HSBC New York became an investor in Glenrock in 2005, through Francois van der Merwe; no connection with Ms. DeMalmanche. |
| IV Capital | No investment, nothing to document. |
| LCFR | No investment, nothing to document. |
| LGT | No investment, nothing to document. |
| Liberty Ermitage | No investment, nothing to document. |
| Lyxor | Invested 5/03.  Redeemed in full 11/1/05. Ms. DeMalmanche was paid fees on this investment. |
| Octogone | No investment, nothing to document. |

BD00131

| | |
|---|---|
| Opportunite | No investment, nothing to document. |
| Partners Advisers | No investment, nothing to document. |
| Pioneer/ex Momentum | No investment, nothing to document. |
| Schroder | No investment, nothing to document. |
| Societe Generale Priva | No investment, nothing to document. |
| Stenham | Glenrock BVI clients, introduced by Fortune. |
| Swiss Capital | Glenrock BVI investors through Ms. DeMalmanche. We pay her fees on this. |
| The Dubai Group | We do not know them, besides no investment, nothing to document. |
| The Family Office Gen | No investment, nothing to document. |
| Tremont Advisors | No record to indicate Ms. DeMalmanche introduced them, besides no investment, nothing to document. |
| UBP | No investment, nothing to document. |
| Unigestion | No investment, nothing to document. |
| Yankee Advisors | Glenrock LP investors through Goldman Sachs, not Ms. DeMalmanche. |

BD00132

Exhibit 5

# THOMPSON HINE

| | | | |
|---|---|---|---|
| ATLANTA | CINCINNATI | COLUMBUS | NEW YORK |
| BRUSSELS | CLEVELAND | DAYTON | WASHINGTON, D.C. |

June 12, 2006

*By Facsimile and First-Class Mail*

Mr. Michael Katz
Glenrock Asset Management Associates, L.P.
623 Fifth Avenue
Suite 3101
New York, NY  10022

RE:  Introducer Agreement between Glenrock Asset Management Associates, L.P.,
     Glenrock Inc., Reynard Asset Management, Inc., and bibi de Malmanche (the "Agreement")

Dear Mr. Katz:

I am writing to you to schedule an inspection of the documents relating to the Agreement.

Ms. Malmanche and I would like to inspect all relevant documents, including the documents identified in our April 5th letter to you, on August 10th and/or August 11th at the premises of the funds' Administrator.

Please advise me, at your earliest convenience, if these dates are acceptable.

If you have any questions concerning the above, please do not hesitate to contact me.

Very truly yours,

Joseph B. Koczko

Joseph B. Koczko

cc:  Ms. bibi de Malmanche

Joseph.Koczko@ThompsonHine.com   Phone 212.908.3923   Fax 212.809.6890                    jbk  142320.1

THOMPSON HINE LLP                335 Madison Avenue          www.ThompsonHine.com
ATTORNEYS AT LAW                 12th Floor                  Phone 212.344.5680
                                 New York, New York 10017-4611   Fax 212.344.6101

Exhibit 6

# Jamie Kessler

| | |
|---|---|
| **From:** | Michael Katz |
| **Sent:** | Wednesday, April 25, 2007 7:50 AM |
| **To:** | BibiDe@aol.com; Jamie Kessler |
| **Cc:** | glenn gans |
| **Subject:** | RE: 1q07 Management fees |

Dear Bibi,

We invited you to come in and inspect whatever it is that we can practically gather for you in New York, given that the records are on the Cayman Islands, and legally provide you.   However, you did not show up.

I strongly disagree with your statement that we "refused" anything.  Meanwhile, pls. state the nature of your disagreement with our accounting so we can address your concerns.

It saddens me that you seem intent to continue in an adversarial way.

Sincerely,

Michael

*Michael Katz*
*President & Senior Portfolio Manager*
*Glenrock Inc.*
*Glenrock Asset Management*
*Glenrock Global Partners*
*Nippon Renewal Partners*
*Reynard Partners*
*623 Fifth Avenue, 31st Floor, New York, NY 10022, USA*
*Ph: 212-808-7376  Fax: 212-808-7372*
*michael.katz@glenrockfunds.com*
*www.glenrockfunds.com*

**From:** BibiDe@aol.com [mailto:BibiDe@aol.com]
**Sent:** Wednesday, April 25, 2007 12:30 AM
**To:** Jamie Kessler
**Cc:** Michael Katz
**Subject:** Re: 1q07 Management fees

Dear Jamie,

Re: 1Q Management Fees

I am not in agreement, and I would further indicate that because Glenrock have refused to provide me with an opportunity to inspect their records, as required by my original introducer agreement, I am now sceptical of anything Glenrock choose to disclose to me.

Sincerely,

*bibi*

bibi de Malmanche
Managing Director
Alternative Capital Sources Ltd
Email: bibi@alternativecapitalsources.com

4/26/2007

Tel: +44 (0)20 7828 0154
Mobile: + 44 (0)780 878 1818
22 Jermyn Street
St James's
London SW1Y 6HL
United Kingdom

*IMPORTANT NOTICE*

*This communication is from Alternative Capital Sources Limited, 22 Jermyn Street, St James's, London, SW1Y 6HL. Alternative Capital Sources Limited is Registered in England, Company Number 4669013, Registered Office: 25 Harley Street, London, W1G 9BR.*

*Alternative Capital Sources Limited is authorised and regulated by the Financial Services Authority to provide marketing services to qualified investors. This email is neither an offer to sell nor a solicitation to invest. Past performance is not indicative of future results. The value of investments and any income generated may go down as well as up and is not guaranteed.*

*This e-mail is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) please note that any form of disclosure, distribution, copying or use of this communication or the information in it or in any attachments is strictly prohibited and may be unlawful.*

*E-mail communications cannot be guaranteed to be secure or error free. This e-mail will have been scanned by our anti-virus software before transmission. We cannot however, warrant that this e-mail is free from viruses. We do not accept liability for the consequences of any viruses that may be inadvertently be attached to this e-mail. Anyone who communicates with us by e-mail is taken to accept the risks in doing so.*

*When addressed to our clients, any opinions or advice contained in this e-mail and any attachments are subject to the terms of business in force between Alternative Capital Sources Limited and the client.*

Exhibit 7

REDACTED:

ATTORNEY WORK PRODUCT

**From:** Michael Katz [mailto:MKatz@glenrockfunds.com]
**Sent:** Wednesday, November 21, 2007 3:53 PM
**To:** Kim, Sunny; Grover, Douglas
**Cc:** Jack Rigney; Jamie Kessler; glenn gans
**Subject:** RE: Bibi de Malmanche

Dear Grover,

thank you for your letter.  There are several several serious misunderstandings.

1.  "CSPB:"  We do not know them and did not understand the reference, as the institution is called CSFB. If it had been properly labelled, e.g. as CSFB Privat Banking, our reply would have been that we indeed have clients referred by Bibi who use CSFB as nominee, and <u>she is being paid on them</u>.   We refer to them by their real identities, not their nominee banks.  Meanwhile, we also have current clients who used CSFB as a nominee who were not referred by Bibi.  The institution itself has no investment with us.
2.  LCF Rothschild:  we do have clients who use them as a nominee, <u>and Bibi is being paid on them</u>.  The institution itself has no investment with us.

I hope this clears it up.  Altogether, I very much think that the approach you proposed on Monday,  to present us with the alleged arithmetic discrepancies and introductions allegedly not credited to Bibi is the most productive way to go about this, and as before we pledge full cooperation as we have nothing to hide.

Happy Thanksgiving,

Sincerely,

3/14/2008

BD00153

Michael Katz

cc: Jack Rigney, Seward & Kissel

Michael Katz
Glenrock Inc.
Glenrock Global Partners
Nippon Renewal Partners
Reynard Partners
623 Fifth Avenue, 31st Fl.
New York, NY 10022
Phone: 212-808-7376
Fax:    212-808-7372
michael.katz@glenrockfunds.com
www.glenrockfunds.com

**REDACTED:**
**ATTORNEY CLIENT PRIVILEGE**

3/14/2008

BD00154