UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIBI DE MALMANCHE,

Plaintiff,

-against-

GLENROCK ASSET MGMT. ASSOCS., ET AL.,

Defendants.

**MEMORANDUM AND ORDER**

07 Civ. 10940 (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## I. INTRODUCTION

In this breach of contract action, brought pursuant to the Court's diversity jurisdiction, the plaintiff, Bibi de Malmanche ("de Malmanche") alleges the defendants breached the parties' Introduction Agreement ("Agreement") by failing to: a) maintain accurate records of investments made by investors introduced to the defendants (hereinafter "Glenrock" or the "defendants")[1] by the plaintiff; b) provide her with "full and complete access" to records related to investments she maintains were made by investors whom she introduced to Glenrock; and c) pay her fees related to investments made by investors she introduced to the defendants. The plaintiff also asserts causes of action for: i) breach of the implied covenant of good faith and fair dealing; and ii) unjust enrichment. In addition, de Malmanche seeks an accounting.[2] Subsequent to filing its answer to the amended complaint, Glenrock moved for judgment on the pleadings, pursuant to

[1]Documents submitted in support of the defendants' answer to the amended complaint indicate the signatory to the Agreement was Michael Katz, who acted in his capacity as a director of Glenrock Global Partners ("GGP"). GGP is not a party to the instant litigation.

[2]The amended complaint designates, erroneously, the request for an accounting as the "Third Cause of Action"; it is the fourth cause of action stated in the amended pleading.

Rule 12(c) of the Federal Rules of Civil Procedure. The plaintiff opposes the motion; it is analyzed below.

## II. BACKGROUND

On November 24, 2003, the parties entered into the Agreement, through which Glenrock appointed the plaintiff, on a non-exclusive basis, to market investment funds managed by Glenrock to prospective investors. Under the terms of the parties' contract, Glenrock agreed, throughout, "the term of [the] Agreement[,] to keep proper and up to date books of account and records showing the revenues referred to in clause 4.1 [of the Agreement]; and to make available to the Introducer[, the plaintiff,] on request any books of account, records, reports, returns and other information relating to the revenues referred to in clause 4.1 [of the Agreement] as the Introducer may reasonably require, and to allow the authorized officers and employees of the Introducer to have access to such information and to take copies of such documents as required."

Pursuant to paragraph 4.1 of the Agreement, de Malmanche was to receive fees from the defendants equal to 33.33% of any Glenrock investment management and performance-based commissions earned from investments made by investors introduced to Glenrock, by the plaintiff exclusively. The parties agreed that de Malmanche's fees would decrease from 33.33% to 20%, in the event that aggregate net assets, under Glenrock's management, exceeded $100 million.

The plaintiff alleges Glenrock breached the Agreement by failing to pay her at least $1,000,000 in fees she earned by introducing investors to Glenrock who deposited investment funds with it, including the following entities: GFA/Fortun; Brunner Invest; Credit Suisse Private Bank; and Dexia. For their part, the defendants contend they have paid de Malmanche the fees to which she is entitled for introducing investors to them exclusively, who, thereafter, invested funds with Glenrock. The defendants allege de Malmanche is attempting, through this action, to obtain fees for investors who came to them from sources other than de Malmanche or investors who were introduced to them, independent of de Malmanche, through investors whom de Malmanche brought to Glenrock.

The Agreement specifies that: (i) "[a]ny dispute or difference as to the fees payable [under the Agreement] shall be referred to the Administrator," who "shall be deemed to be acting as experts (sic) and not as arbitrators (sic) and their (sic) determination as to the amount of such fees shall be final and binding on the parties"; and (2) "the Agreement shall be governed by and construed in accordance with the laws of the State of New York." The Agreement explains that the term "Administrators" "means the administrators for the time being of Glenrock Funds." According to Glenrock, de Malmanche failed to submit the parties' fee dispute to the Administrator(s), prior to commencing this action, and Glenrock maintains de Malmanche's failure to exhaust this contractual alternative dispute resolution remedy bars her from prosecuting this action. The plaintiff does not allege she submitted the fee dispute to the Administrator(s). She contends the Administrator's function is "limited to ministerial calculations," and the Administrator does not serve as "an arbitrator for all factual disputes." Moreover, de Malmanche denies having agreed to the alternative dispute resolution procedure contained in paragraph 9.1 of the Agreement.

## III. DISCUSSION

*Judgment on the Pleadings*

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters Inc., 842 F.2d 639, 642 (2d Cir. 1988) (citation omitted). A court should dispose of the claims on the pleadings "if, from the pleadings, the moving party is entitled to judgment as a matter of law." Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir. 1994) (Fed. R. Civ. P. 12[c]). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006). "In each case,

the court must accept as true the complaint's factual allegations and draw all inferences in the plaintiff's favor." Id.

At the pleading stage, no obligation exists to prove anything, only to set forth "'enough facts to state a claim for relief that is plausible on its face.'" Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).

*Alternative Dispute Resolution ("ADR")*

In New York, ADR procedures are "recognized as an effective and expeditious means of resolving disputes between willing parties desirous of avoiding the expense and delay frequently attendant to the judicial process." Westinghouse Elec. Corp. v. New York City Transit Auth., 82 N.Y.2d 47, 53-54, 603 N.Y.S.2d 404, 407 (1993) (citation omitted). "New York public policy [ ] favors alternative dispute resolution mechanisms that reflect the informed negotiation and endorsement of the parties." VCG Special Opportunities Master Fund v. Citibank, N.A., 594 F. Supp. 2d 334, 343 (S.D.N.Y. 2008) (citations omitted). Where a party "understood the implications of the ADR clause prior to undertaking its business and legal risks under the [ ] agreement, [t]o allow it, after the fact, to secure the assistance and power of the courts to relieve it of a particular procedural provision, while retaining the benefits of the rest of the [ ] contract, is not compelled by our precedents and would have destabilizing commercial law consequences." Westinghouse Elec. Corp., 82 N.Y.2d at 54, 603 N.Y.S.2d at 407.

Glenrock maintains de Malmanche has not, and cannot allege she has complied with paragraph 9.1 of the Agreement, which provides that – "[a]ny dispute or difference as to the fees payable hereunder shall be referred to the Administrator." Glenrock contends de Malmanche has not satisfied her contractual obligations, since she has not exhausted the contractual ADR remedy that remains available to her. As a consequence, according to Glenrock, the Court should either dismiss the complaint or stay all proceedings until de Malmanche exhausts the parties' contractual ADR remedy.

"[A]lternative procedures for resolving disputes are creatures of contract, and while the law favors such alternatives to litigation[], a party will not be denied judicial resolution of a controversy unless it falls within the governing ADR provision." FCI Group, Inc. v. City of New York, 54 A.D.3d 171, 175, 862 N.Y.S.2d 352, 355 (App. Div. 1st Dep't 2008) (citing In re Nationwide Gen. Ins. Co. v. Investors Ins. Co. of Am., 37 N.Y.2d 91, 95, 371 N.Y.S.2d 463, 466 [1975]). "An alternate dispute resolution agreement, like an arbitration agreement, must be clear, explicit and unequivocal and must not depend upon implication or subtlety." Thomas Crimmins Contracting Co. v. City of New York, 74 N.Y.2d 166, 171, 544 N.Y.S.2d 580, 582 (1989) (internal quotation marks and alterations omitted).

"Under New York law, a written contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language they have employed." Terwilliger v. Terwilliger, 206 F.3d 240, 245 (2d Cir. 2000) (citation omitted). "Where a contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence." RJE Corp. v. Northville Indus. Corp., 329 F.3d 310, 314 (2d Cir. 2003) (citation omitted). "In interpreting a contract, words and phrases are given their plain meaning." PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1199 (2d Cir. 1996) (brackets, citation and quotation marks omitted). A reviewing court "must glean the parties' intentions as expressed in the language they used, and not whatever unexpressed views may have existed in their minds." Petereit v. S.B. Thomas, Inc., 63 F.3d 1169, 1178 (2d Cir. 1995), cert. denied, 517 U.S. 1119, 116 S. Ct. 1351 (1996).

In New York, "contract terms are ambiguous if they are capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1192 (2d Cir. 1996) (citation omitted). A court must consider the entire contract, "and all parts of it [should be] reconciled, if possible, in

order to avoid any inconsistency." Cruden v. Bank of New York, 957 F.2d 961, 976 (2d Cir. 1992) (citations omitted). However, when the language used in a contract "has a definite and precise meaning, unattended by danger of [its] misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion," no ambiguity exists. Sayers v. Rochester Tel. Corp., 7 F.3d 1091, 1095 (2d Cir. 1993) (brackets in original, quotations omitted).

In the case at bar, Section 9 of the Agreement provides that "[a]ny dispute or difference as to the fees payable hereunder shall be referred to the Administrator," who, "acting as [an expert]" shall render a "determination as to the amount of such fees, [which] shall be final and binding on the parties." Agreement § 9, ¶¶ 9.1 and 9.2. The above-cited provisions of the parties' Agreement are clear and unambiguous. They are "not made ambiguous simply because the parties urge different interpretations." Seiden Assocs., Inc. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992). "Nor does ambiguity exist where one party's view strain[s] the contract language beyond its reasonable and ordinary meaning." Id. (brackets and quotations omitted). The Court finds, after considering all the terms and conditions of the parties' fully integrated Agreement, they intended fee disputes, of whatever nature, to be submitted to the Administrator, for a binding and final determination of the amount of fees owed by Glenrock to de Malmanche. Inasmuch as the Court finds the parties' ADR contractual provision valid and sustainable, the plaintiff is duty-bound to submit her fee dispute to the Administrator for a binding and final determination.

The Court has considered the plaintiff's remaining claims and find them to be without merit. Therefore, the defendants' motion for judgment on the pleadings, Docket Entry No. 27, is granted; the complaint is dismissed.

Dated: New York, New York
March 30, 2009

SO ORDERED:

Kevin Nathaniel Fox

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE