UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
BIBI DE MALMANCHE,                                    :
                                                      :
                            Plaintiff,                :    **MEMORANDUM AND ORDER**
                                                      :
            -against-                                 :    07 Civ. 10940 (KNF)
                                                      :
GLENROCK ASSET MANAGEMENT                             :
ASSOCIATES, L.P., ET AL.,                             :
                                                      :
                            Defendants.               :
------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## I.  INTRODUCTION

In March 2009, the Court dismissed the plaintiff's amended complaint, finding that, pursuant to Section 9 of the parties' Introduction Agreement ("the Agreement"), the parties "intended [that] fee disputes, of whatever nature, be submitted to the Administrator, for a binding and final determination of the amount of fees owed by [the defendants] to [Bibi] de Malmanche [("de Malmanche" or "the plaintiff")]."  The Court found further that the claims asserted in the amended complaint fell within the province of Section 9 of the Agreement; accordingly, they had to be resolved by "the Administrator."

After judgment was entered, the plaintiff appealed to the United States Court of Appeals for the Second Circuit.  While the appeal was pending, the plaintiff filed a motion, in this court, seeking an order vacating the Court's judgment, pursuant to Federal Rule of Civil Procedure 60(b)(2), (b)(5), and (b)(6).  By an order, dated March 1, 2010, the Second Circuit Court of Appeals dismissed de Malmanche's appeal, without prejudice, and remanded the case to this

court, since a ruling by this court, on the plaintiff's motion to vacate, could obviate the need for the Second Circuit to render a decision on her appeal. The defendants oppose the plaintiff's motion to vacate judgment. The motion is addressed below.

## II. BACKGROUND

On November 24, 2003, de Malmanche and Glenrock Asset Management Associates, L.P., Glenrock, Inc. and Reynard Asset Management, Inc. (collectively "Glenrock" or "the defendants") entered into the Agreement. Under the terms and conditions of the Agreement, de Malmanche would receive commissions, from Glenrock, for any investment management and performance fees the defendants received from investors the plaintiff secured for them. The defendants severed their ties to de Malmanche on December 27, 2004, because her "marketing efforts" failed. The plaintiff asserts that Glenrock breached the parties' contract. According to de Malmanche, Glenrock failed to: (a) maintain investment records related to the plaintiff; (b) provide the plaintiff with an accounting and access to records related to investments referred and secured by her; and (c) pay the plaintiff commissions, for investor referrals she made to Glenrock.

In support of the motion to vacate judgment, the plaintiff submitted a declaration by her attorney, Douglas Grover ("Grover"), attached to which is a copy of the parties' Agreement. Section 9.1 of the Agreement governs "Dispute[s], Complaints and Compensation." It states: "[a]ny dispute or difference as to the fees payable hereunder shall be referred to the Administrator." Section 9.2, of the Agreement, provides: "[i]n relation to any dispute or difference, the Administrator shall be deemed to be acting as experts [sic] and not as arbitrators [sic] and their [sic] determination as to the amount of such fees shall be final and binding on the

parties." Section 1.1 of the Agreement defines the term "Administrators," stating, "'Administrators' means the administrators for the time being of the Glenrock Funds."

Grover submitted the plaintiff's claims to "Northern Trust International Fund Administration Services (Ireland) Limited ("Northern Trust")," after the Court dismissed the plaintiff's amended complaint, in order to comply with Section 9 of the Agreement. In response, Glenrock's attorney, Mark Hyland ("Hyland"), submitted a letter to Northern Trust, describing the procedural history of the action in this court, and stating:

> Ms. de Malmanche's legal position is that her claim should be heard in federal court and not submitted to the Administrator. Were Ms. de Malmanche to succeed in her appeal (i.e. that her dispute must be heard in federal court), any work or determination made by the Administrator would be a nullity and of no legal effect. Accordingly, in order to avoid any risk of unnecessary expense and waste of resources by Northern Trust, Ms. de Malmanche and Glenrock, Glenrock submits that Northern Trust need not and should not take any action with regard to the fee dispute prior to a final adjudication of Ms. de Malmanche's appeal of the Judgment. Glenrock thus respectfully requests that Northern Trust refrain from taking any action in connection with Mr. Grover's April 20, 2009 letter until a final adjudication of Ms. de Malmanche's appeal.

By a letter, dated June 4, 2009, Northern Trust advised the parties that it did "not currently believe that any services it could provide as expert would serve to resolve the dispute that currently exists between [de Malmanche] and Glenrock." A copy of this letter was submitted to the Court, in which the following explanation is proffered:

> Clause 9.2 of the Introducer Agreement between [de Malmanche] and the various Glenrock entities states that the Administrator shall be regarded as an expert and not as an arbitrator for the purposes of resolving any disputes between the parties. It is clear from the correspondence that you have provided and from correspondence we have received from Glenrock in this matter that the basis of the dispute between you is a disagreement over certain factual matters regarding the origin of certain investments into the Glenrock funds and not a dispute regarding the manner in which fees payable to your client under the terms of the Introducer Agreement have been calculated. Accordingly, it appears to us that in order to resolve the current dispute between your client and Glenrock, the parties do not require the services of an expert

> in calculating distribution fees payable (which is within our scope of expertise), rather they require an arbitrator to assist in resolving the factual disputes between your client and Glenrock (which is not within our field of expertise).

Based upon Northern Trust's letter, the plaintiff seeks relief from the judgment entered in this court, since, "[a]s a result of Northern Trust's position, together with the Court's Order, Plaintiff is presently foreclosed from seeking a legal remedy."

In March 2010, Glenrock filed its opposition to the plaintiff's motion to vacate the judgment of dismissal. In support of its position, Glenrock submitted an affidavit by Glenn Gans ("Gans"), Glenrock's chief financial officer. In his affidavit, Gans states that, "[b]y letter dated March 19, 2010, Untracht Early LLC ("Untracht Early"), a third-party accounting and administration firm, has agreed that it is ready, willing and able to provide administration services related to third-party marketers of the investment funds managed by Defendants, including conflict resolution support services." Attached to Gans' affidavit, is a copy of a letter from Untracht Early, specifying the tasks it is willing to perform, and the fee it would charge for its services.

In Glenrock's memorandum of law, submitted in opposition to the plaintiff's motion, Glenrock maintains that the plaintiff "contractually agreed to an alternative dispute resolution procedure," and she "cannot avoid her agreement and her fee dispute may not proceed, if at all, until she has exhausted the procedures set forth in the Introducer Agreement." Glenrock contends the "Plaintiff is not foreclosed from seeking resolution of the parties' fee dispute before an Administrator – indeed, she is invited to do that, there is an Administrator ready, willing and able to perform the services bargained for by the parties." Glenrock's submissions do not make clear whether Untracht Early is "the Administrator," as that term is defined in the Agreement, or

what the relationship between Untracht Early and Glenrock is. However, the Court is mindful that, throughout Glenrock's submissions, when discussing the Agreement, Glenrock refers to "the Administrator," and, when discussing Untracht Early, it refers to this entity as "an Administrator."

In reply to the defendants' opposition, the plaintiff contends that, in proposing that the parties submit their dispute to Untracht Early, Glenrock seeks "to expand the limits of the ADR provision [and] essentially asks this Court to ignore clause[] 1.1 of the introducer agreement, which provides that '"Administrator[s]" means *the* administrator[s] for the time being of the Glenrock Funds,' to allow it to select 'an' administrator to resolve the dispute about introductions." (Emphasis added by the plaintiff). The plaintiff contends that "this is not what the parties contemplated when they entered into the introducer agreement."

### III. DISCUSSION

"Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b) "should be broadly construed to do substantial justice, . . . yet final judgments should not be lightly reopened." Id. (internal quotations marks and citations omitted). "A motion seeking relief pursuant to Rule 60(b) is addressed to the sound discretion of the district court." Devino v. Duncan, 215 F. Supp. 2d 414, 416 (S.D.N.Y. 2002). Pursuant to Fed. R. Civ. P. 60(b), a court:

> may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

>    (5) the judgment has been satisfied, released or discharged; it is based on an
>      earlier judgment that has been reversed or vacated; or applying it
>      prospectively is no longer equitable; or
>    (6) any other reason that justifies relief.

The plaintiff moves for relief pursuant to subsections (b)(2), (b)(5), and (b)(6) of the Rule.[1]

"Generally, [i]t is well established . . . that a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004) (internal quotations and citations omitted) (emphasis in original). "Rule 60(b)(6) 'confers broad discretion on the trial court to grant relief when appropriate to accomplish justice.'" United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009)(quoting Matarese v. LeFevre, 801 F.2d 98, 106 [2d Cir. 1986](internal quotation marks omitted)). The Second Circuit Court of Appeals has "warned . . . that a claim based on legal error alone is 'inadequate'" for Rule 60(b)(6) relief. Id, at 176 (quoting Matarese, 801 F.2d at 107).

In the instant case, the plaintiff seeks relief from the Court's judgment of dismissal, because she attempted to submit her claims to "the Administrator," as required by the parties' Agreement, and Northern Trust, the Administrator, determined that "the parties do not require the services of an expert in calculating distribution fees payable (which is within our scope of expertise)." Accordingly, it declined to resolve the plaintiff's claims, because they did not fall within the scope of work assigned to Northern Trust via Section 9 of the Agreement. Since the arbiter designated by the parties, in the Agreement, maintains it is without the ability to assist them, in resolving their dispute, the plaintiff is free to pursue her claims in this court. See In re

---

[1] Although the plaintiff moves pursuant to, inter alia, Rule 60(b)(2) and (b)(5), analysis under Rule 60(b)(6) provides a sufficient basis for the Court's determination. Therefore, the Court has not analyzed the plaintiff's motion under these alternate provisions.

Salomon Inc. Shareholders' Derivative Litigation, 68 F.3d 554, 561 (2d Cir. 1995) (finding that, where parties agreed to bring any disputes before a designated arbiter, exclusively, and the arbiter declines to arbitrate their dispute, "the entire arbitration provision will fail")(internal quotations and citations omitted); Singleton v. Grade A Market, Inc., 607 F. Supp. 2d 333, 339 (D. Conn. 2009) ("numerous courts, including the Second Circuit, have refused to compel arbitration where the arbitral forum upon which the parties agreed is unavailable to arbitrate the dispute").

At this juncture, based on the combination of the Court's judgment and the Administrator's refusal to consider de Malmanche's claims, it appears that the plaintiff is, effectively, without a forum in which she can litigate her claims. This circumstance works an "extreme hardship" on the plaintiff. See Harris, 367 F.3d at 81. Consequently, relief, pursuant to Rule 60(b)(6), is appropriate. This is particularly so, when one considers that Glenrock maintains that the only place the plaintiff may present her claims against Glenrock is before "the Administrator," but, when the plaintiff submitted her claims to it, Glenrock urged Northern Trust to "refrain from taking any action," "until a final adjudication of Ms. de Malmanche's appeal." Glenrock cannot have it both ways. It cannot demand that the plaintiff seek redress from the Administrator and also demand that the Administrator turn her away.

To the extent Glenrock requests that the Court compel the parties to arbitrate the plaintiff's claims before Untracht Early, which Glenrock identifies as "an Administrator," the Court declines to do so. The Agreement mandates that any dispute regarding fees payable under the Agreement be referred to "the Administrator." The Agreement, "is complete, clear and unambiguous on its face[; therefore,] it must be enforced according to the plain meaning of its terms." Continental Ins. Co. v. Atlantic Casualty Ins. Co., 603 F.3d 169, 180 (2d Cir. 2010)

(citation and internal quotation marks omitted). Glenrock's ability to find an entity, other than the Administrator, willing to hear the parties' dispute, which the Administrator, Northern Trust, declined to hear, is of no import. The Court will not require the plaintiff to present her claims to Untracht Early.

In the circumstance of the instant case, the plaintiff's motion to vacate the judgment, Docket Entry No. 44, is granted.

Dated: New York, New York  
June 22, 2010

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE